IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,<br><br>            Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER, WITH OPPOSED PROVISIONS**

Plaintiff SEVEN Networks, LLC and Defendants Google LLC, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. jointly submit the proposed Protective Order, **with opposed provisions**, attached as Exhibit A. The parties were able to agree on all aspects of the proposed Protective Order except for two issues set forth below.

   1.    **Paragraph 25**

Paragraph 25 deals with the destruction of confidential information at the end of the case. The dispute is as follows:

| Plaintiff's proposal | Defendants' proposal |
|---|---|
| Plaintiff wants to include the language "(ii) the electronic email file kept by outside counsel of record for the Parties in the ordinary course of the case;" and in section (iii), Plaintiff wants to include the words "or work product". | Defendants do not want to include that language |

Below, the parties set forth an explanation of their competing proposals.

**Plaintiff's explanation for its proposal:**

Paragraph 25 deals with the destruction of confidential information at the conclusion of the case. Sections (ii) and (iii) of that paragraphs are exceptions to the destruction requirement. In other words, they are things that do not need to be destroyed.

Both the Proposed Protective Order, and the Sample Protective Order, include an exception for confidential information that is incorporated into "privileged memoranda." The Parties agree with respect to the "privileged memoranda" exception. Plaintiff, however, wants to make sure that certain types of documents that are equivalent to "privileged memoranda" are also included in the exception.

In today's world of email, attorneys seldom use formal "memoranda." Instead, they use email, and email has taken the place of memoranda. The emails—for example, emails amongst counsel discussing and debating the merits of a case—have the same type of analysis and the same privileged or work product status as "memoranda," and should be treated in a similar fashion. In today's world, a lawyer's email file is largely made up of the lawyer's work product—the day-to-day investigation, analysis, and privileged lawyer-to-lawyer communications that the lawyer engages in to prepare the case for trial.

Additionally, given the very large volume of emails being generated in any given case, having every lawyer sift through every single one of his or her emails to determine which ones contain confidential information and which ones don't would be a monumental task. Also, forcing this work product to be deleted would leave the lawyers without the documents they may need to defend against a malpractice lawsuit.

For the above reasons, Plaintiff is proposing to except "(ii) the electronic email file kept by outside counsel of record for the Parties in the ordinary course of the case," and, in section (iii), "work product" from the destruction requirements.

During the meet-and-confer process, Defendants' issue with email exception was the concern that a lawyer would email a bunch of confidential material to himself at the conclusion of the case to avoid the destruction requirement. Setting aside the fact that the Court would likely not sanction such behavior, Plaintiff offered to add the language "in the ordinary course of the case" to make it clear that such end-runs are not allowed.

**Defendants' explanation for their proposal:**

Paragraph 25 of the Protective Order governs the destruction or return of DESIGNATED MATERIALS and documents that contain information derived from those materials at the conclusion of the litigation. Plaintiff seeks to deviate from the Sample Protective Order and keep additional copies of Defendants' confidential information. Defendants have compromised and agreed to discrete exceptions for documents such as expert reports, which may be retained despite the fact that they contain the other party's confidential information provided under the Protective Order. Plaintiff is seeking broad permission to retain "the electronic email file kept by outside counsel of record for the Parties in the ordinary course of the case" and any "work product" that contains another party's confidential information. Defendants oppose Plaintiff's proposal because it effectively vitiates the general rule of "destroy or return" enshrined (and agreed-upon) in Paragraph 25. As a practical matter, allowing an outside counsel to retain email allows for the retention of numerous copies of any documents *attached* to those emails. Such documents will undoubtedly include confidential documents produced in the litigation, confidential discovery responses, expert reports and draft expert reports containing an opposing

party's confidential information, draft pleadings ultimately filed under seal, and deposition transcripts designated under the Protective Order. Allowing outside counsel to retain these documents renders the remainder of Paragraph 25 toothless. It also creates an unwarranted security risk, as these copies may be distributed among many different outside counsel, thus multiplying the risk of inadvertent disclosure substantially. Plaintiff is not prejudiced by this provision, as it only requires destruction of the materials after the litigation is complete. Moreover, this Court's Sample Protective Order's analogous provision (regarding destruction or return of protected materials) contains no such carve out for outside counsel email and work product, thus further supporting exclusion here. Plaintiff's proposal swallows the rule set forth in Paragraph 25 and should be rejected.

### 2. Paragraph 31

Paragraph 31 is a provision added by the Defendants relating to access by one Defendant to the other Defendant's confidential information, and imposing additional obligations on the Plaintiff when serving or filing documents that contain Defendants' confidential information. The dispute is as follows:

| Plaintiff's proposal | Defendants' proposal |
| --- | --- |
| Plaintiff wants to exclude "Court filings" and "oral argument in Court" from this provision. | Defendants want to include "Court filings" and "oral argument in Court" in this provision. |

Below, the parties set forth an explanation of their competing proposals.

**Plaintiff's explanation for its proposal:**

In paragraph 31, Defendants seek to add a provision not otherwise present in the Sample Protective Order for patent cases. The first sentence of Defendants' proposal—that no Defendant is required to produce its Protected Material to another Defendant—is not objectionable. The remainder of Defendants' proposed provision, however, seeks to impose unreasonable limitations on Plaintiff by requiring Plaintiff to give notice to Defendants whenever it uses one Defendant's Protected Material in a document that is served on another Defendant. Although Plaintiff disagrees that this limitation is needed, in the spirit of compromise, Plaintiff is willing to live with it for some documents, such as expert reports and discovery responses. Plaintiff, however, cannot agree to this provision to the extent that it applies to (a) court filings or (b) oral arguments in court.

It is simply impractical to require Plaintiff to give 14 days notice (or even a few days notice) to Defendants whenever documents filed with the Court, or oral arguments held before the Court, include a Defendant's Protected Material. Given expedited briefing schedules and the voluminous number of motions and court filings usually made in a case of this magnitude, adding a requirement of advance notice is unworkable and only prejudices Plaintiff.

In addition, there is no harm in one Defendant's outside counsel seeing the confidential information of another Defendant. This is not an issue of any Defendant itself gaining access to another's confidential information—it is merely an issue of the Defendant's outside counsel gaining access. Counsel for all parties are obligated not to disclose any such information to their clients.

Google and Samsung's arguments that they are competitors misses the point. Both these companies are often in litigation against competitors, and their outside counsel routinely have

access to their competitor's information. The Protective Order ensures that the competitor itself does not receive the confidential information.

**Defendants' explanation for their proposal:**

Rather than propose a blanket bar on Plaintiff's ability to use discovery from one defendant against another defendant, Defendants have collectively proposed a system wherein such materials could be used after reasonable notice is given and confidentiality is maintained. This provision is necessary because, otherwise, one defendant's confidential materials could be used against another defendant, even though the other defendant has never seen such materials. This could occur at any stage of the case, such as raising the document as evidence at a hearing, or including it in support of a motion.  Defendants should not be faced with rebutting the contents of another defendant's materials it has not seen without the ability to investigate and take fact discovery, just as it would be able to do in a standard case.  Defendants' proposal seeks to address these risks by requiring 14 days prior notice both to the defendant that produced the DESIGNATED MATERIAL and the other defendant. This adopts procedures similar to that of a subpoena, without imposing the burden that Plaintiff seeks to avoid of having to serve a subpoena.  That way, the defendant against whom the material will be used will have notice and an opportunity to conduct additional fact discovery regarding those materials.

Plaintiff has generally agreed to the cross-use notice provision supplied by Defendants; however Plaintiff objects to providing notice before it uses a different defendant's confidential information in either a filing or at oral argument.  Plaintiff argues that any notice requirement for these two events would somehow handicap their ability to present their case.  But Plaintiff's argument is wrong and should be rejected for several reasons.  First, Plaintiff provides no reason why the use of another defendant's confidential information in this setting (as opposed to any

other setting) would be less prejudicial.  If anything, the prejudice would be heightened because the party it is being used against would be unable to effectively defend itself.  For example, if Plaintiff raised Samsung's confidential information in a hearing against Google, Plaintiff would effectively be ambushing Google with information they have never before had access to or a chance to investigate.  And Samsung would be prejudiced by having its confidential information disclosed to another defendant without any notice or opportunity to object.  Plaintiff ignores that Google and Samsung are, in several sectors, direct competitors.  Allowing access to confidential information, even just to outside counsel for each defendant, heightens the risk of disclosure in a highly sensitive context.  Thus, Plaintiff's proposal is unworkable and risks great prejudice to both defendants.

During the meet-and-confer process, Plaintiff argued that the lack of advance notice was acceptable given the fact that the cases are consolidated for pre-trial purposes.  But Plaintiff ignores that they are, in fact, two separate cases.  Plaintiff filed two complaints against two sets of defendants and each case presents different issues both procedurally and on the merits.  Under normal circumstances, the only appropriate way to cross-use discovery in one case against a defendant in another case would be to issue a subpoena.  But Defendants, acting in good faith, have to tried to avoid burdening Plaintiff with that procedural hurdle and instead have tried to strike a balance between allowing Plaintiff to cross-use this discovery and protecting Defendants from both ambush and improper disclosure.  Weighing the risk and prejudice to defendants against the reduced burden to Plaintiff here, the Court should adopt Defendants' proposal, which is a good faith effort at compromise.[1]

---

[1] *See e.g., Eolas Technologies, Inc. v. Amazon.com, Inc.*, No. 6:15-cv-01038-RWS, Dkt. No. 98 at ¶ 31 (E.D. Tex. May 5, 2016) (adopting similar proposal).

Dated: October 18, 2017

Respectfully submitted,

*/s/ Max Ciccarelli*

**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Herbert J. Hammond**
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**Adrienne E. Dominguez**
  State Bar No. 00793630
  Adrienne.Dominguez@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia E. Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Matthew Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS, LLC.**

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS, LLC.**

Dated: October 18, 2017

Respectfully submitted,

*/s/ W. Peter Guarnieri w/ permission*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Indranil Mukerji
MA Bar No. 644059
mukerji@fr.com
Stephen A. Marshall
D.C. Bar No. 1012870
smarshall@fr.com
W. Peter Guarnieri
DC Bar No. 1010950
guarnieri@fr.com
**FISH & RICHARDSON P.C.**
The McPherson Building
901 15th Street, NW, Suite 700
Washington, DC  20005
Tel:  202-783-5070
Fax:  202-783-2331

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX  75201
Tel:  214-747-5070
Fax:  214-747-2091

Noah C. Graubart
Georgia Bar No. 141862
graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St., NE, Fl. 21
Atlanta, GA  30309
Tel:  404-892-5005
Fax:  404-892-5002

**COUNSEL FOR SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.**

Dated: October 18, 2017

Respectfully submitted,

*/s/ Miles Freeman w/ permission*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel:  415-875-6600
Fax:  415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Tel:  212-849-7000
Fax:  212-849-7100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX  75702
Tel:  903-597-8311
Fax:  903-593-0846

**ATTORNEYS FOR GOOGLE LLC**

## CERTIFICATE OF SERVICE

I certify that on October 18, 2017, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

*/s/ Nadia E. Haghighatian*
Nadia E. Haghighatian