## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

SEVEN NETWORKS, LLC,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

Civil Action No. 2:17-cv-00442-JRG
(LEAD CASE)

**JURY TRIAL DEMANDED**

### GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTIONS TO DISMISS AND TRANSFER

SEVEN's response confirms that the benefits of a stay far outweigh any hardship or prejudice to SEVEN.  This is especially true in light of Hon. Ron Clark's December 1, 2017 Order granting Google's Motion to Dismiss for Improper Venue in *Personal Audio, LLC v. Google, Inc.*, No. 1:15-cv-350 (E.D. Tex.), which presents almost the identical venue issues as those presented in this case.  (Case No. 1:15-cv-350, Dkt. 103.)  Given the high likelihood of either dismissal in view of improper venue or transfer to the Northern District of California, this Court should exercise its discretion and stay all pending deadlines until the final determinations of the two pending (and fully briefed) motions.  (*See* Dkt. 49 ("Motion to Dismiss") and Dkt. 61 ("Motion to Transfer").)

SEVEN can point to no tangible prejudice if a stay is granted.  That is because there is none.  The only consequence of a brief stay until the resolution of the Motion to Dismiss and Motion to Transfer would be efficiencies saved from needless duplication of work and saved expense in the form of expert fees and attorney time researching, developing, and preparing claim construction positions and briefing all for a venue that is likely improper.

I.      THE ONLY PREJUDICE EVEN ALLEGED BY SEVEN IS A NEBULOUS "RIGHT TO  ASSERT ITS PATENTS," WHICH IS TRUE IN EVERY CASE

SEVEN advances one generic claim of prejudice that might result from a stay. Specifically, SEVEN argues that a stay would prejudice its "ability to protect its property rights in the patents at issue."  (Dkt. 102 ("Opp.") at 4 (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).)  But the same could said in any case as a plaintiff always has an interest in asserting its patent rights.  Indeed, that is the point of filing a patent infringement lawsuit and SEVEN's argument cannot be correct as it would ***always*** require the denial of a stay.  Beyond reciting this truism of all patent infringement suits, SEVEN offers

no showing of prejudice that would weigh against a stay.  *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 15-cv-551, 2017 WL 379471, at *3 (E.D. Tex. Jan. 24, 2017) (granting stay because "[i]n order to demonstrate undue prejudice or tactical disadvantage, a party might present some unusual circumstance, some evidence that would likely go missing, or some advocate or witness who will no longer be unavailable, should this case proceed to trial in the future.  Plaintiffs have provided no such factors.").

SEVEN's arguments about the Docket Control Order are a red herring.  As SEVEN itself admits, L.R. CV-26(a) provides that "absent a court order to the contrary" parties are ***required*** to participate in case proceedings and meet their scheduled discovery obligations.  It is unclear from SEVEN's Opposition what it thinks that Google should have done differently.  SEVEN appears to suggest that Google should have simply ignored the Court's directive at the Scheduling Conference and refused to enter a Docket Control Order.  That position makes no sense.  The fact that Google, in a good faith effort to follow the Court's directives and avoid creating unnecessary disputes, agreed to a Docket Control Order has no bearing on whether this case should now be stayed pending resolution of Google's venue motions.

## II.    SEVEN SIMPLY IGNORES THE WASTED PARTY AND JUDICIAL RESOURCES THAT WILL OCCUR IF THIS CASES GOES FORWARD AT THIS STAGE

SEVEN claims that "[d]enying a stay would not require Google to duplicate discovery or any other pretrial matters, as discovery and *Markman* will be completed regardless of the venue" and "the Northern District of California [] local patent rules [] are essentially the same as the patent rules here."  (Opp. at 5.)  This argument is false for multiple reasons.

***First*** and foremost, SEVEN offers no rebuttal at all to Google's showing that claim construction in the Northern District of California occurs in a meaningfully different fashion than

it would here.  As Google explained in its Motion (Mot. at 5), Northern District courts generally

limit the initial round of claim construction to the 10 most important terms, whereas this Court

has no such limit and will address as many claim construction issues as raised by the parties.[1]  In

a similar vein, this Court considers indefiniteness arguments at the *Markman* hearing, while the

Northern District courts require such arguments be made through separate summary judgment

briefing.  Even aside from claim construction, the Local Patent Rules of the Northern District of

California also require substantially different disclosures as part of a plaintiff's infringement

contentions which, if not dealt with at the outset of a case, can create serious procedural

problems post-transfer.  *PersonalWeb Techs. LLC v. Int'l Bus. Machs. Corp.,* No. 16-cv-1266,

2017 WL 2180980, at *15 (N.D. Cal. May 18, 2017) (following transfer from this District,

granting summary judgment of non-infringement based on infringement contentions that were

inadequate under Northern District Patent Local Rules); *Eolas Technologies Inc. v. Google Inc.*,

No. 17-cv-1138, Dkt. 102 (N.D. Cal. Sept. 14, 2017) (requiring court intervention to resolve

infringement contention dispute premised, in part, on differences between Eastern District and

Northern District patent local rules).

In addition, the parties have begun to negotiate a case narrowing procedure whereby the

parties will reduce the number of asserted claims and prior art references in stages.  While

discussions have just begun, this proposal and the parties continuing negotiations[2] will likely be

---

[1] SEVEN alleges that "the parties have already exchanged their...proposed claim terms under P.R. 4-1," but that is incorrect.  (Opp. at 4.)  P.R. 4-1 disclosures are not due until February 13, 2018.  (*See* Dkt. 81.)

[2] SEVEN has not substantively responded to Google's inquiries regarding case narrowing in almost three weeks.  (*See* Ex. A (acknowledging at least two unanswered emails and noting "no immediate urgency" to resolving the case narrowing issues).)

for naught if the case transferred to the Northern District of California, which may have its own

views on an appropriate case narrowing proposal.

SEVEN also fails to respond to Google's argument that a stay is even more appropriate

here because SEVEN has requested venue discovery.  (Mot. at 5 & n.2.)  If this Court determines

venue discovery is prudent, its resolution of the Motion to Dismiss and Motion to Transfer may

be deferred further, resulting in additional prejudice and needlessly expended resources.

*Second,* SEVEN simply assumes that the case will be transferred, and not merely

dismissed outright, as this Court recently did in a similar action.  *See Uniloc USA Inc. v. Nutanix,*

*Inc.* No. 2:17-cv-174-JRG, Dkt. 44 (E.D. Tex. Dec. 6, 2017).  If the Court is inclined to dismiss

the case outright, then proceeding with discovery and claim construction now will be a complete

waste and require the parties to start over from the beginning entirely if and when SEVEN's

infringement claims are re-filed.

SEVEN also curiously cites to L.R. CV-26(a), which states that "[a]bsent a court order to

the contrary, a party is not excused from responding to discovery" due to a pending motion to

dismiss or transfer.   But SEVEN does not allege (nor could it claim) that Google is not

"responding to discovery."  To the contrary, that is precise why this stay is needed, so that both

parties are not required to undertake proceedings that are not worth the candle.  If anything, L.R.

CV-26(a) supports Google's request for "a court order to the contrary."

*Third*, SEVEN's arguments about the presence of its co-pending case involving Samsung

likewise fail.  Initially, it is important to note that Samsung has also moved to transfer to the

Northern District of California, so this Court could simply stay that case as well.  Case No. 2:17-

cv-441-JRG, Dkt. 34 (E.D. Tex. Oct. 16, 2017).  More importantly, however, SEVEN's case

against Google involves additional patents not asserted against Samsung.  Thus, no matter what happens with SEVEN's case against Samsung there will be Google-specific work going on, absent a stay.  And as the Federal Circuit recently explained, "it cannot be correct" that "the mere co-pendency of related suits in a particular district would automatically tip the balance in the non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits." *In re Google Inc.*, No. 2017-107, 2017 WL 977308, at *2 (Fed. Cir. Feb. 23, 2017).  SEVEN made the unilateral decision to sue multiple defendants in an improper venue.  It should not be permitted to use that misstep to further waste party and judicial resources.

For all the above reasons, this Court should grant Google's Motion to Stay.


Dated:   December 20, 2017                        Respectfully submitted,

*/s/ Sean S. Pak*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

5

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on December 20, 2017 to all counsel of record who are deemed to

have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Brian Mack*
Brian Mack