IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>            Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,<br><br>            Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other

evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

   A. **Interrogatories.**  Plaintiff may serve up to ten (10) common interrogatories stated identically on all Defendants[2] and up to fifteen (15) individual interrogatories on each individual Defendant.  Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and each Defendant may serve up to fifteen (15) additional interrogatories on Plaintiff.

   B. **Requests for Admission.**  Plaintiff may serve up to 35 requests for admission on each Defendant.  Defendants may collectively serve up to 30 common requests for admission stated identically on Plaintiff and may each individually serve up to twenty 20 additional requests for admission on Plaintiff.  Each party is entitled to an unlimited number of requests for admission for authentication of documents.  Any requests for admission related solely to authentication and/or admissibility shall be separately served and clearly denoted as such.  The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own

---

[2] Herein, each of the following is a "Defendant" (1) Google Inc. ("Google"); and (2) Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. (collectively, "Samsung"). Together, Google and Samsung comprise the "Defendants."

documents to avoid the service of large numbers of requests for admission relating to authenticity.

C. **Fact Depositions.**

Plaintiff may take up to 200 hours of fact deposition testimony and no more than 100 hours (total) of a single Defendant (including any person designated under Rule 30(b)(6) as well as any current Rule 30(b)(1) employee). The defendants (collectively) may take up to 200 hours of fact deposition testimony and no more than 100 hours (total) of a single Plaintiff (including any person designated under Rule 30(b)(6) as well as any current Rule 30(b)(1) employee). Depositions taken pursuant to Rule 30(b)(6) or Rule 30(b)(1), as well as third party depositions, shall count toward the hour limits. There are no limits on the number of depositions upon written questions taken pursuant to Rule 31. The parties shall work together in good faith to extend these time limitations if necessary.[3]

The deposition limits in paragraphs 5.C and 5.D may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition (other than as provided for in paragraph 5.D) or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and

---

[3] The parties will also work together in good faith to extend the limit on the duration of a deposition imposed by Rule 30(d)(1) for party witnesses, where needed. For example, defendants may wish to allow for additional time to depose Seven's current employees who may be a named inventor on multiple patents. Similarly, the parties may wish to allow for additional time to depose individuals who are designated as the corporate representative for a significant number of disparate Rule 30(b)(6) topics.

confer in good faith to attempt to resolve the issue without the need for intervention by the Court.

D. **Interpreted Depositions.** If an interpreter is necessary for a deposition, that witness may be deposed for up to 1.5 times the otherwise allotted time, and the parties will work together to break up the deposition into multiple days if needed. The Additional Amount of Time will not count toward the maximum permitted. For example, a 7 hour time limit would be increased to 10.5 hours for depositions with an interpreter, but only 7 hours will count toward the hour limit of paragraph 5.C.

E. **Experts and Expert Depositions.** Each expert can be deposed for up to 7 hours for each substantive issue on which the expert has offered an opinion. Examples of distinct substantive issues are (1) infringement, (2) invalidity, and (3) damages. For example, an expert providing reports regarding infringement and validity may be deposed for 14 hours. Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties. An expert providing reports regarding only damages may be deposed for 7 hours. For any technical (*i.e.*, infringement, non-infringement, validity, invalidity) expert report that covers more than two patents, the time limit shall be increased by two hours per each additional patent over two patents covered in that report, not to exceed seventeen (17) hours total regardless of the number of patents covered. An expert providing a report relevant to both defendants may be deposed by each defendant for the number of hours given

        above. Depositions of experts are not included in the hour limitations set forth in Paragraph 5.C above.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil

        Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

    (b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not

        exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

   A. Notwithstanding paragraph 6 of this Order, the parties agree that privileged documents created on or after May 17, 2017 need not be logged in this case.

   B. Notwithstanding paragraph 7 of this Order, the parties may exchange disclosures by electronic mail or by any other agreed-upon means.

   C. In addition to the protections of Rule 26(b)(4), notes, memoranda, and other writings of an expert in connection with this case shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Similarly, oral and written communications with an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. For purposes of this paragraph, such materials exempt from discovery shall be considered attorney work product. The billing records[4] of experts will be discoverable if the expert cannot answer reasonable questions about the amount of work done in connection with case.

   D. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert. In that event, discovery can be taken from the non-testifying expert with the same limitation that apply to testifying experts, but discovery shall be limited to the information provided to and relied upon by the testifying expert and the basis for such information.

---

[4] This provision regarding billing records is not intended to enlarge the scope of discoverable information provided under Rule 26(b)(4)(C)(i).

  E.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver.

  F.  A proposed order regarding e-discovery is being filed concurrently with this Discovery Order.

**13.     Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=judge/district-judge-rodney-gilstrap. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So Ordered this**
Dec 21, 2017

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE