# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

Consistent with Local Rule CV-5(a)(7)(E), SEVEN submits the attached public version of its Motion to Compel Third Parties Suddenlink and Cable One to Provide Inspections of Server Rooms and Google's Servers (ECF No. 117), reflecting Google's requested redactions.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

**SEVEN NETWORKS' MOTION TO COMPEL THIRD PARTIES
SUDDENLINK AND CABLE ONE TO PROVIDE INSPECTIONS OF
SERVER ROOMS AND GOOGLE'S SERVERS**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### Background

On December 22, 2017, the Court ordered the Parties to engage in venue discovery, to determine whether Google has a "regular and established place of business" in this District. *See* ECF No. 107; *see also Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Due to "the front-loaded nature of the venue inquiry," the Court ordered the Parties to complete this discovery by February 22, 2018. As SEVEN, Google, Samsung, and third parties continued to discuss the scope of relevant discovery, SEVEN and Google asked to extend the venue-discovery deadline until March 1, 2018. *See* ECF No. 114. The Court granted that request. *See* ECF No. 115.

Part of the venue-discovery discussions involved SEVEN's request to inspect server rooms in the Eastern District and Google's Google Global Cache (GGC) servers housed within them. Google houses its GGC servers at the facilities of third-party internet service providers (ISPs), including Cequel III Communications I, LLC d/b/a/ Suddenlink Communications (Suddenlink), and Cable One, Inc. (Cable One). Although Google owns the servers, it refuses to let SEVEN inspect them, instead deferring to its ISP partners. The ISPs follow Google's lead, and refuse to comply with SEVEN's subpoenas seeking the same inspections.

Now, more than two months after the Court's venue-discovery order, SEVEN still has not been able to inspect the GGC servers in this District or the server rooms that house them. Because these inspections would provide information relevant to the venue inquiry under *Cray* and would not unduly burden Suddenlink or Cable One, SEVEN asks the Court to compel Suddenlink and Cable One to provide them.

## ARGUMENT

### A. Legal Standard

A subpoena may include a command to permit the inspection of premises. *See* Fed. R. Civ. P. 45. "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of Federal Rule of Civil Procedure 26(b)(1)." *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (internal quotation marks and alterations omitted). Under Rule 26(b)(1), "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (emphasis added) (internal quotation marks omitted). As this Court's Local Rules explain, "relevant to any party's claim or defense" includes information that, among other things: "would not support the disclosing parties' contentions"; "is likely to have an influence on or affect the outcome of a claim or defense"; and "is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense." *See* Local Rule CV-26(d). Where sought-after discovery is relevant,

> the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under [Rule] 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Merrill*, 227 F.R.D. at 470–71 (internal quotation marks omitted).

Here, the Federal Circuit has explicitly defined what is relevant to determine whether a defendant has a "regular and established place of business" in a district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it

must be the place of the defendant." *Cray*, 871 F.3d at 1360. Thus, "if there is any possibility that the information [SEVEN seeks] may" have any bearing on any one of these three factors, it is relevant for the purposes of discovery. *See Merrill*, 227 F.R.D. at 470; *see also id.*

Because inspections of the GGC servers and the server rooms that house them are unquestionably relevant under *Cray*, SEVEN asks the Court to compel Suddenlink and Cable One to comply with SEVEN's subpoenas and provide the requested inspections, consistent with Rules 34, 37, and 45.

**B. Inspections of Google's GGC servers and the server rooms that house them are relevant and would not burden the ISPs.**

As Google itself explained in its Motion to Dismiss:

> As part of the Google Global Cache ("GGC") program, Google has a small number of edge network caching servers at locations [in the Eastern District of Texas] owned by Internet service providers ("ISPs"), with whom Google has a contractual relationship.

ECF No. 49 at 14.

SEVEN contends that these servers are located at (and are themselves) "physical places," and that these places are "regular and established places of [Google's] business."[1] And as SEVEN has explained, Google's host agreements with the ISPs demonstrate that the spaces

---

[1] Specifically, *Cray* explains that a place is "a part of a building set apart for any purpose . . . from which business is conducted." *Cray*, 871 F.3d at 1362 (internal quotation marks omitted). Even Google has admitted that its servers are housed in parts of buildings set apart for Google. *See* ECF No. 90 at 4 ("The GGC servers are . . . hosted by third party ISPs *in physical locations* owned by the ISPs." (emphasis added)). Likewise, the servers satisfy the "regular and established" requirement, because they operate in a "steady, uniform, orderly, and methodical manner." *See Cray*, 871 F.3d at 1362 (internal quotation marks and alterations omitted). *Compare also id.* at 1369 ("[I]f an employee can move his or her home out of the district at his or her own instigation, *without the approval of the defendant*, that would cut against the employee's home being considered a place of business of the defendant." (emphasis added)), *with* ECF No. 76 at

within the ISPs' server rooms that house Google's servers are places "of Google." For example, the agreements ▌ [2] And Google ▌. [3]

But to provide the Court with all the information it needs to make "substantive applications of [recent changes to venue] law," *see* ECF No. 113, SEVEN has asked Google and two[4] ISP hosts for discovery related to Google's GGC servers. In its subpoenas, SEVEN included document requests, deposition topics, and requests for inspection. But in an effort to minimize any potential burden on the ISPs, SEVEN offered to forego seeking documents and depositions and instead to limit its subpoenas to the inspection of the servers and server rooms "for ten to fifteen minutes." With these inspections, SEVEN seeks simply to photograph Google's servers and the "physical spaces" that house them, to better position the Court to determine whether they are "places" and whether they are places "of Google." Together with the host agreements that ▌, these photographs will inform the Court's assessment of whether "[Google] owns or leases the [spaces that house its servers], or exercises other attributes of possession or control over th[ose] place[s]." *See Cray*, 871 F.3d at 1364. Far from burdensome, these brief inspections would barely be noticeable—

---

[2] *See* Beta Service Agreement ¶ 11.

[3] *See* Beta Service Agreement ¶ 10 (emphasis added).

[4] SEVEN initially subpoenaed a third ISP, but later canceled that inspection upon discovering that no Google-owned servers were at that location. Google identified servers in other ISP locations after it was too late for SEVEN to subpoena them.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SEVEN has committed not to touch or otherwise interfere with the equipment, and to allow the ISPs to take all measures necessary to protect sensitive information.

But both Google and its ISP partners deny SEVEN these inspections. Google defers to the ISPs, claiming that it has no control over the servers' locations. And in turn, both ISPs parrot verbatim refusals in response to SEVEN's subpoenas: "[ISP] will not permit inspections in response to this Request."[5] But of course, between Google and the ISPs, someone has access to Google's servers. The inspections SEVEN seeks are relevant, are not burdensome, and are within the scope of permissible discovery. SEVEN therefore asks the Court to compel Suddenlink and Cable One to provide inspections of all GGC servers at their Eastern District of Texas facilities.

## Conclusion

The discovery SEVEN seeks from Suddenlink and Cable One is relevant to whether Google has a "regular and established place of business" in this District. SEVEN therefore respectfully asks the Court to compel Suddenlink and Cable One to allow SEVEN to inspect Google's GGC servers in the Eastern District, and the server rooms that house them.

---

[5] *See*, *e.g.*, **Ex. A**: Cequel's Objections to SEVEN's Subpoena, at 15. Since the ISPs served these objections, SEVEN and the ISPs have engaged in conversations in attempts to resolve this dispute absent Court intervention. But SEVEN and the ISPs were unable to reach agreement before the expiration of the venue-discovery deadline, thereby requiring SEVEN to file this Motion.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: March 1, 2018

Respectfully submitted,

*/s/ Max Ciccarelli*

**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Richard L. Wynne, Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Matt Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com

MCKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com

**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS LLC**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### CERTIFICATE OF SERVICE

I certify that on March 2, 2018, true and correct copies of the foregoing document were served on all counsel of record via email, and on counsel for Suddenlink and Cable One via email and Certified Mail, Return Receipt Requested at the below address:

Robinson Vu
Baker Botts LLP
910 Louisiana Street, Ste. 3000
Houston, Texas 77022-4495
Robinson.Vu@BakerBotts.com

/s/ Max Ciccarelli
Max Ciccarelli

### CERTIFICATE OF CONFERENCE

I certify that I and another lawyer from my firm, Nadia Haghighatian, conferred with Robinson Vu, counsel for both Suddenlink and Cable One (the ISPs), before filing this Motion. At least as early as February 20, we informed Mr. Vu via email that, absent agreement by the venue-discovery deadline to provide inspections, we would move to compel. But after numerous subsequent email exchanges through March 1, counsel for the ISPs was unable to finalize an agreement that would obviate the need for this Motion. On February 28 and March 1, we asked Mr. Vu to provide times for a telephonic meet-and-confer to determine whether the ISPs would oppose this Motion. But we did not receive responses to those requests.

/s/ Max Ciccarelli
Max Ciccarelli

### CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

I certify that I have authority to file this document under seal under this Court's Local Rules and the Protective Order in this case.

/s/ Max Ciccarelli
Max Ciccarelli