# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-00442-JRG** |
| **v.** | **LEAD CASE** |
| **GOOGLE LLC,** | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| **Defendant.** | |
| **SEVEN NETWORKS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-441-JRG** |
| **v.** | **CONSOLIDATED CASE** |
| **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.** | |
| **Defendants.** | |

## DEFENDANT GOOGLE LLC'S RENEWED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

Page

I.    PROCEDURAL HISTORY.................................................................................1

II.   FACTUAL BACKGROUND..............................................................................2

    A.   The Majority Of Key Witnesses And Evidence Are Located In Or Near NDCA, Not This District ..................................................................2

        1.   SEVEN Has Been, And Continues To Be, Run From NDCA....................2

        2.   SEVEN's Marshall Office Has Little, If Any, Relevant Evidence.............3

        3.   The Asserted Patents And Many Inventors Are From NDCA ...................5

        4.   The Vast Majority of Google's Witnesses & Evidence Are In NDCA ..............................................................................................5

        5.   The Majority Of Third Party Witnesses Reside In NDCA .......................7

III.  LEGAL STANDARD.......................................................................................8

IV.   THIS ACTION COULD HAVE BEEN FILED IN NDCA ...............................9

V.    THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER ....9

    A.   Easier Access To Sources Of Proof Strongly Favors NDCA ..................9

    B.   The Availability Of Compulsory Process In NDCA Heavily Favors Transfer ............................................................................................11

    C.   Witnesses Will Incur Substantially Less Expense For Proceedings In NDCA ...........................................................................................12

    D.   There Are No Practical Problems With Transferring This Case ............13

VI.   THE PUBLIC INTEREST FACTORS FAVOR TRANSFER...........................14

    A.   NDCA Has A Greater Interest In This Case........................................14

    B.   The Remaining Public Interest Factors Are Neutral..............................15

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF AUTHORITIES

Page

*Adaptix, Inc. v. HTC Corp.*,
    937 F. Supp. 2d 867 (E.D. Tex. 2013) ................................................................. 11

*Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*,
    968 F. Supp. 2d 852 (E.D. Tex. 2013) ................................................................. 15

*Groupchatter, LLC v. Itron, Inc.*,
    No. 6:15-cv-900, 2016 WL 2758480 (E.D. Tex. May 12, 2016) ......................... 12

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ............................................................................................. 14

*In re Biosearch Techs., Inc.*,
    452 F. App'x 986 (Fed. Cir. 2011) ...................................................................... 10

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ................................................................ 8, 10, 12, 15

*In re Google Inc.*,
    No. 17-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ........................... 11, 14, 15

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) ...................................................................... 9, 12, 5

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ......................................................................... 9, 15

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) ............................................................... 8, 9, 10, 13

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ......................................................................... 8, 15

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
    No. 3:13-cv-1901, 2013 WL 6181903 (N.D. Tex. Nov. 26, 2013) ....................... 14

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
    No. 6:09-cv-390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010).......................... 9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ............................................................................................. 14

*In re Volkswage AG ("Volkswagen I")*
    371 F.3d 201 (5th Cir. 2004) ............................................................................... 13

*In re Volkswagen of Am.* ("*Volkswagen II*"),
    545 F.3d 304 (5th Cir. 2008) ................................................................ 8, 9, 12, 13, 15

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
    No. 2:10-cv-364-JRG, 2012 WL 506669 (E.D. Tex. Feb. 15, 2012) ................... 15

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Google respectfully requests that the case be transferred under 28 U.S.C. § 1404 to the Northern District of California ("NDCA") in light of the location of relevant evidence in NDCA and the dearth of evidence in this District.  More than two months of venue discovery have confirmed that the NDCA is a clearly more convenient venue for this action.  The vast majority of witnesses and evidence related to the Accused Products and Google prior art are located in Northern California.  All or nearly all of the evidence Plaintiff SEVEN Networks, LLC ("SEVEN") will rely on in this case is also located in California.  Each of the ten asserted patents allegedly stem from patents applications that were filed while SEVEN was headquartered in NDCA.  SEVEN's founders, current management team, and many of the inventors are still based in NDCA.  ██████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████

This is not surprising.  SEVEN was founded in Northern California and headquartered there until mid-2015, ███████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Thus, transfer is warranted.

I.      **PROCEDURAL HISTORY**

SEVEN filed separate patent infringement actions against ZTE, Samsung, and Google in this District on May 17, 2017.  Case Nos. 2:17-cv-00440 (E.D. Tex.); 2:17-cv-00441 (E.D.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Tex.); 2:17-cv-00442 (E.D. Tex.).  SEVEN voluntarily dismissed its complaint against ZTE and re-filed in the Northern District of Texas on June 6, 2017.  Case No. 3:17-cv-01495 (N.D. Tex.).

On October 3, 2017, Google moved to transfer the case to NDCA under 28 U.S.C. § 1404.  (Dkt. 61.)  On December 22, the Court entered a Venue Discovery Order (Dkt. 107) directing the parties to conduct two months of venue discovery whereafter Google would be permitted to renew its motions to dismiss and transfer upon completion of that discovery.  (*Id.*) The Court thereafter extended venue discovery to March 1, 2018.  (Dkt. 115.)  During venue discovery, Google received documents and corporate representative testimony from SEVEN regarding its alleged ties to this District and its actual ties to NDCA.

## II.    FACTUAL BACKGROUND

### A.    The Majority Of Key Witnesses And Evidence Are Located In Or Near NDCA, Not This District

#### 1.    SEVEN Has Been, And Continues To Be, Run From NDCA

SEVEN was founded in NDCA in 2000 and was headquartered there until at least mid-2015.  In July 2015, ███████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████  In turn, CF SVN is the sole parent (and 100% owner) of Plaintiff SEVEN.  (Dkt. 2 (stating that SEVEN is a "wholly owned subsidiary" of CF SVN).)

██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

 

### 2.   SEVEN's Marshall Office Has Little, If Any, Relevant Evidence

Discovery has revealed that there is little, if any, relevant evidence at SEVEN's office in Marshall.  While SEVEN has previously claimed that "249 bankers boxes" of documents exist at SEVEN's Marshall office (Dkt. 89 at 6), SEVEN has since revealed that ███████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████

SEVEN alleges that its "Open Channel and AdClear products" "practice one or more of the inventions claimed by the patents-in-suit" and that its Marshall employees and documents could somehow be relevant to that claim.  (Ex. 5 (P.R. 3-1 & 3-2 Disclosures to Google) at 12.)

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████ ████████████████████████████████████████████

███████████████████████████████████████████████████  In fact, all of the asserted patents claim priority to applications filed while SEVEN was headquartered there.

In any event, SEVEN has stated that none of the employees located in Marshall will testify as to how any of the allegedly practicing products meet the limitations of the asserted claims.  Thus, it is unclear how any SEVEN employees there could be relevant to the litigation. And as stated above, SEVEN continues to be run by individuals residing in NDCA.

---

████████████████████████████████████████████████████████████
██████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### 3.     The Asserted Patents And Many Inventors Are From NDCA

The 10 asserted patents in this case identify a total of 24 inventors, 20 of whom are identified on the patents as also being located in NDCA.  (Complaint, Exs. A-J.)  The other inventors are identified as being from Oregon, China, and Finland.  (*Id.*)  Many of the named inventors that do not work for SEVEN anymore remain in NDCA and include at least Trevor Fiatal (Dkt. 61-23), Scott M. Burke (Dkt. 61-24), William Alvarado (Dkt. 61-27), Juan Benitez (Dkt. 61-28), Michael Luna (Dkt. 61-29), Sungwook Yoon (Dkt. 61-30), Jay Sutaria (Dkt. 61-33), Abhay Nirantar (Dkt. 61-36), and Steve Petersen (Dkt. 61-37).  Three of the named inventors, Ruth Lin (Dkt. 61-43), Brian Gustafson (Dkt. 61-25), and Robert Paul van Gent (Dkt. 61-34), also reside in NDCA and currently work at Google.  The others appear to reside in Oregon (Merriwhether (Dkt. 61-42) and Boynton (Dkt. 61-38)), India (Raj (Dkt. 61-26)), Finland (Alisawi (Dkt. 61-39), Seleznyov (Dkt. 61-40)), or China (Wei (Dkt. 61-41), Li (Dkt. 61-32), A. Hu (Dkt. 61-31)).[2]  Google is unaware of any inventors in this District.

### 4.     The Vast Majority of Google's Witnesses & Evidence Are In NDCA

Google is headquartered in Mountain View, California, in NDCA.  (King Decl.[3] ¶ 6.) SEVEN accuses Google's products and services, including features and applications (such as Doze and Gmail) found on Google's "mobile devices (such as mobile phones and tablets)," "the Google Play Store," and "Google's 2-Step Verification" of infringement (collectively, the "Accused Products").  (*See, e.g.*, Ex. 5 at 6-7.)  The Accused Products are predominantly developed at Google's offices in NDCA.  (King Decl. ¶ 10.)  Key employees who work on the

---

[2]  Inventors Backholm, A. Hu, and Li still work at SEVEN, with Mr. Backholm residing in NDCA and Messrs. A. Hu & Li working in SEVEN's China office.  (Ex. 6 (SEVEN's Initial Disclosures) & Ex. 7 (2/13 Email from V. Patel).)
[3]  Citations to "King Decl." refer to the Declaration of Brian King in Support of Google Inc.'s Motion to Transfer Venue to the Northern District of California.  (Dkt. 63.)

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Accused Products work in those offices.  (*Id.* ¶¶ 10-13.)  For example, Google has identified at

least six likely engineering and product management witnesses with knowledge of the accused

functionality, ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████  (*Id.*)   SEVEN has also requested a Google

corporation representative on www.patents.google.com (Ex. 8 (SEVEN's Notice of Rule

30(b)(6) Deposition on Venue), ████████████████████████████████

██████  (Ex. 9 (2/20 Email from L. Yang).)  Given that most of the employees with relevant

knowledge of the Accused Products are based in NDCA, any hard copies of documents and

employee notebooks that might exist would likely be located there.  (*Id.* ¶¶ 10-13.)  ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

Google has no offices in this District.  (*Id.* ¶ 14.)  ████████████████████████

████████████████████████████████████████████████████████

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████████████

████████████████████████████████████

### 5.      The Majority Of Third Party Witnesses Reside In NDCA

The majority of known third parties with potentially relevant witnesses and evidence are located in NDCA.  In addition to the inventors that no longer work at SEVEN (and do not currently work at Google), SEVEN's founders, Bill Nguyen and Trevor Fiatal (also an inventor), currently reside in NDCA.  (Dkt. 61-46; Dkt. 61-23.)  SEVEN's investors, including Greylock, M/C Venture Partners, and Saints, have offices or headquarters in NDCA.  (Dkt. 61-47.)

Google has also identified a range of potentially relevant prior art references and systems developed in NDCA.  (Ex. 10 (Google's Supplemental Initial Disclosures) at 19-34, 36, 40-45, 47-51, 54-55.)  Each of these prior art systems implicate witnesses and evidence residing in Northern California and Google currently expects that these prior artists will be potential trial witnesses.  NVIDIA, for example, possesses relevant prior art and is headquartered in NDCA. One relevant NVIDIA prior art reference is U.S. Patent No. 9,474,022 to Lin et al., which teaches aligning wakeup events after the mobile device enters into a standby mode in order to reduce power consumption.  (Dkt. 61-56.)  This patent, filed on December 2, 2013, is prior art to at least the '127 patent.  Many of the inventors, including Liangchuan Mi, Shail Dave, and Karthik Samynathan, currently reside in NDCA and likely have relevant knowledge regarding this invention, including their motivation behind the invention.  (Dkt. 61-57; Dkt. 61-58; Dkt. 61-59.)  Google issued a subpoena to NVIDIA regarding prior art on February 9, 2018.  (Ex. 11.)

Another company in NDCA, VASCO, has prior art relevant to two-factor authentication. VASCO Data Security, Inc. is the current assignee of U.S. Pat. App. Pub. 2003/0204726 to Kefford et al., which discloses a system of sending secured messages based on unique identifier

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

and encryption keys.  (Dkt. 61-62.)  This patent publication was filed on April 25, 2002 and is prior art to at least the '812 patent.  VASCO likely has relevant documents related to the conception and reduction to practice of the invention described in this publication.  Google issued a subpoena to VASCO on December 26, 2017.  (Ex. 12.)

Johan Rydell (developer of the PortWise system) is another two-factor authentication prior artist residing in NDCA.  Mr. Rydell has already provided documents and source code to Google regarding the PortWise system from his office in San Francisco and Google is currently negotiating with SEVEN to add the PortWise system to Defendants' Invalidity Contentions.

Google is also in the process of serving subpoenas on and receiving discovery from other prior artists located in NDCA including HP (owner of prior art systems Garnet OS & Palm WebOS), Faith West (developer of the Moderati content provider applications), and Symantec (developer of Performance Alert functionality related to battery management).

## III.   LEGAL STANDARD

A case should be transferred to another district if it could have been brought in that district and would be "clearly more convenient" to resolve in that district.  *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing *In re Volkswagen of Am.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).  The determination does not require that the "transferee forum is far more convenient."  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014). Whether another district is sufficiently more convenient is determined by analyzing "private" and "public" interest factors.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private interest factors are:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

expeditious, and inexpensive.  *Id.*  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law. *Id.* (quoting *Volkswagen II*, 545 F.3d at 315).  Where several factors favor transfer but no factor weighs against transfer, the transferee forum is "clearly more convenient" and transfer is warranted.  *Toyota*, 747 F.3d at 1341.  The proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are concentrated in the transferee district.  *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  Nor does plaintiff's choice of venue carry any weight.  *Id.* at 1200.

## IV.   THIS ACTION COULD HAVE BEEN FILED IN NDCA

Under 28 U.S.C. § 1400(b), there is no dispute that this action could have been brought in NDCA.  Indeed, it is the proper venue for this litigation.  (*See* Dkt. 125.)  SEVEN's allegations of infringement are applicable nationwide (*see, e.g.*, Complaint ¶ 5 (alleging infringement through Google's "online store")), and Google has a "regular and established place of business" in NDCA.  (King Decl. ¶¶ 6, 8; *see also* Complaint ¶ 2.)  Accordingly, the transfer analysis turns on weighing the private and public interest factors.  *Volkswagen II*, 545 F.3d at 312.

## V.    THE PRIVATE INTEREST FACTORS HEAVILY FAVOR TRANSFER

### A.    Easier Access To Sources Of Proof Strongly Favors NDCA

This factor "turn[s] upon which party . . . will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010).   This factor "is not altered by the presence of other witnesses and documents in places outside both forums."  *Toyota*, 747 F.3d at 1340.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Turning first to NDCA, as is true in most patent infringement cases, the majority of the relevant evidence in this case will come from the defendant, Google.  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).   As detailed above, much of the evidence relating to the Accused Products is located in or maintained by Google's Northern California offices.  (*Supra*, § II.A.4.)  In addition to evidence from Google, other sources of evidence, including from SEVEN, favor NDCA.  Many of the inventors, as well as SEVEN's original founders, are located in NDCA.  Thus, highly relevant and unique information relating to the conception and reduction to practice of the claimed inventions would be found there.  These inventors may also have critical information regarding claim interpretation, infringement, and the validity of the asserted patents. Indeed, because all the asserted patents claim priority to applications filed while SEVEN was headquartered in NDCA (Dkt. 61-2 & Dkt. 61-3), the purported inventions would have stemmed from work that was largely or exclusively carried out there and the bulk of relevant evidence would still be located there.  *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011) (discounting plaintiff's ties to the District "where an invention has no connection with Texas").

Even today, SEVEN's current "management" is still located in NDCA.  SEVEN's CEO and corporate representative, Ross Bott, and CTO, Ari Backholm, both reside in NDCA.  When Dr. Bott was deposed, he freely admitted that ███████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████  Both individuals have information that is relevant to the litigation and reside in NDCA.

Key documentary evidence regarding prior art is also located in NDCA, including evidence relating to NVIDIA prior art, VASCO prior art, and Rydell's PortWise system and prior art systems at HP, Faith West, and Symantec are also located in NDCA.  (*Supra*, § II.A.5.)

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

In prior briefing, SEVEN argued that two potential sources of evidence could exist in this District.  First, SEVEN has claimed that its employees in the District have knowledge relevant to SEVEN's allegedly practicing products.  (Dkt. 89 at 15.)  But SEVEN's representative testified that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

In any event, SEVEN has stated that these employees will not testify regarding how the SEVEN products allegedly practice the limitations of the asserted claims, thus making their relevance, at best, unclear.  Second, SEVEN has also claimed that it has "249 boxes" of documents at its Marshall office.  (Dkt. 89 at 6.)  ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Nearly all of the relevant evidence in this action will come from NDCA, not this District. Under similar facts, the Federal Circuit has found that this factor "weighs strongly in Google's favor."  *In re Google Inc.*, No. 17-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017).

**B.**      **The Availability Of Compulsory Process In NDCA Heavily Favors Transfer**

"Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses" than the transferor district.  *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013).  A court has "absolute subpoena power" over a witness when that court can compel that witness to attend depositions and trial.  *In re Hoffman La-Roche Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009).  Here, as discussed above, there are many non-party witnesses in each of these categories located in NDCA.  There are at least nine

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

third party inventors that no longer work at SEVEN and remain in Northern California.[4]  (Dkt. 61-23, 24, 27, 28, 29, 30, 33, 36, 37.)  SEVEN's founders, Bill Nguyen and Trevor Fiatal, no longer work at SEVEN but are located NDCA.  (Dkt. 61-41; Dkt. 61-23.) ██████████ ████████████████████████ as are SEVEN's other funders (Greylock, M/C Venture partners, and Saints).  (Dkt. 61-63; Dkt. 61-64; Dkt. 61-65.)  These witnesses would be subject to a trial subpoena from NDCA, but not from this Court.  On the other hand, Google is not aware of any relevant third party witnesses who reside or work in this District.[5]  Given the one-sided balance of witnesses within the respective subpoena powers of this District and NDCA, both parties will be better equipped to present relevant evidence at trial if this case proceeds in the latter district—this factor therefore weighs heavily in favor of transfer.

### C.  Witnesses Will Incur Substantially Less Expense For Proceedings In NDCA

"The convenience of the witnesses is probably the single most important factor in transfer analysis."  *Genentech*, 566 F.3d at 1343 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 329 (E.D.N.Y. 2006)).  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *See Volkswagen II*, 545 F.3d at 317.

---

[4]  SEVEN has previously submitted declarations from some, but not all, of these inventors stating that they may be willing to voluntarily attend trial in Marshall.  But SEVEN cannot unilaterally choose which inventors are needed for trial and the willingness of ***some*** witnesses to voluntarily attend trial does not negate the inconvenience for them or others. *Groupchatter, LLC v. Itron, Inc.,* No. 6:15-cv-900, 2016 WL 2758480, at *4 (E.D. Tex. May 12, 2016).

[5]  In prior briefing, SEVEN suggested that third-party witnesses at the Marshall Economic Development Committee and the Texas State Technical College will be called to testify that SEVEN "is an important community partner and model business for the area."  (Dkt. 89 at 13.) But this testimony, even if true, has no relevance to the infringement, invalidity, and damages questions that are the only issues in this litigation.  Indeed, SEVEN's corporate representative testified  that ██████████████████████████████████  Under SEVEN's logic, Google could similarly identify hundreds of business contacts in NDCA.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

As described with respect to the prior factor, Google has identified numerous third party witnesses in NDCA, including at least nine inventors, the original founders, funders, and prior artists.  Attendance at trial in NDCA would therefore inherently be more convenient than trial in this District.  Indeed, even with respect to deposition scheduling, SEVEN has already indicated that depositions of several of the inventors would be "more" or "most convenient" for the witness if they took place in NDCA.  (Exs. 13 & 14.)  NDCA is also more convenient for likely party witnesses, including those identified above who are all based in NDCA.  (*Supra*, § II.A.5.)  Each of these witnesses will face a real and unnecessary burden in connection with traveling to Texas for a trial, including time spent away from family and community commitments, as well as the monetary expense and lost productivity costs incurred by Google.  *Volkswagen II*, 545 F.3d at 317.  SEVEN also has witnesses who are located in NDCA, including SEVEN's CEO, Ross Bott, and its CTO and named inventor, Ari Backholm.  (*Supra*, § II.A.1.)[6]  This factor weighs heavily in favor of transfer.  *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004).

### D.   There Are No Practical Problems With Transferring This Case

There are no practical problems with transferring this case.  This is true now as well as when SEVEN filed.  *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (holding that motions to transfer venue are to be decided based on "the situation which existed when suit was instituted.")  SEVEN has only pointed to the co-pending Samsung case (Case No. 2:17-cv-441) for this factor (Dkt. 89 at 17) but the existence of a co-pending case carries little, if any weight, in light of the other factors that favor NDCA.  *See In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2

---

[6] While some witnesses may be located outside of both NDCA and this District, the presence of witnesses and evidence outside both forums does not factor into the transfer analysis.  *Toyota*, 747 F.3d at 1340.  Even if the convenience of those witnesses were relevant—and it is not— NDCA would still be more convenient.  For example, there are two inventors in Oregon (Dkt. 61-38; Dkt. 61-42) and six inventors outside of the United States (Dkt. 61-26; Dkt. 61-31; Dkt. 61-32; Dkt. 61-39; Dkt. 61-40; Dkt. 61-41).  These witnesses are either closer to NDCA (*e.g.*, Oregon, India or China) or in locations where travel there is more convenient (*e.g.*, Finland).

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

(Fed. Cir. Feb. 23, 2017) ("[T]he district court erred by resting on the two co-pending cases as the predominant reason for tipping the balance in Eolas's favor.")  Indeed, there are already co-pending cases outside of this District.  *See SEVEN Networks, LLC v. ZTE (USA) Inc.,* No. 17-cv-01495 (N.D. Tex.) & *Google LLC v. SEVEN Networks, LLC,* No. 17-cv-4600 (N.D. Cal.).

Moreover, the transfer analysis proceeds on an "individualized, case-by-case" basis. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).  In the context of patent litigation, Congress reinforced this longstanding principle through "the recently enacted America Invents Act" ("AIA"), directing that "each patent case will be treated separately" for purposes of resolving venue questions.  *LT Tech, LLC v. FrontRange Solutions USA Inc.*, No. 3:13-cv-1901, 2013 WL 6181983, at *5 (N.D. Tex. Nov. 26, 2013).  This Court has likewise held that it "will not permit the existence of separately filed cases to sway its transfer analysis.  Otherwise, a plaintiff could manipulate venue by serially filling cases within a single district[,] undermin[ing] the principals underpinning transfer law and the recently enacted America Invents Act." *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013).  No practical problems exist, thus, this factor also weighs in favor of transfer.

## VI.   THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A.   NDCA Has A Greater Interest In This Case

As detailed above, Google's activities related to the Accused Products are primarily centered in NDCA.  (*Supra*, § II.A.4.)  Because SEVEN's allegations call into question "the work and reputation" of engineers responsible for work related to these products as well as Google's own reputation, NDCA's "interest in this case remains strong." *Hoffman-La Roche*, 587 F.3d at 1336; *see also Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012).  In contrast, SEVEN's Complaint allegations regarding this District (*see, e.g.*, Complaint ¶¶ 5-7, 9, 11-28, 47, 49-51, 53-58, 60-65,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

67-72, 74-79, 81, 82, 84-86, 88, 90-93, 95-100, 102-107, 109-113) "could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected . . . by the controversies and events giving rise to a case." *Volkswagen II*, 545 F.3d at 318.  The fact that Google makes its services and products available nationally does not establish an interest in having the case tried here.  *TS Tech*, 551 F.3d at 1321.

SEVEN also has strong ties to NDCA and has continued to avail itself of the courts in Northern California.[7]  (*Supra* §§ II.A.1 & II.A.2.)  20 of the 24 named inventors likewise resided in NDCA and NDCA "has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley."  *Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013).  SEVEN's limited presence in this District, particularly when compared with this case's ties to NDCA, does not tip this factor.  *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (factor still weighed in favor of transfer to NDCA where plaintiff was headquartered in this District with only 9 employees).  This factor also favors NDCA.  *See In re Google Inc.,* No. 17-107, 2017 WL 977038, at *3 n.3 (Fed. Cir. Feb. 23, 2017).

### B.        The Remaining Public Interest Factors Are Neutral

The remaining public interest factors are neutral.  Both districts have comparable times for resolving cases from filing to disposition.  (Ex. 15.)  While time to trial is shorter in this District, it should be accorded little weight given the speculative nature of this factor.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  Both districts are also familiar with and can apply the federal patent laws to this patent infringement case.  *TS Tech*, 551 F.3d at 1320.

---

[7] SEVEN has continued to require counterparties to its contracts, including those that use SEVEN's products that allegedly practice the patents, to submit to the "exclusive jurisdiction" of California courts, including NDCA.  (*See, e.g.*, Dkt. 61-67; Dkt. 61-68.)

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated:   March 13, 2018

Respectfully submitted,

*/s/ Sean S. Pak*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Lance L. Yang
lanceyang@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 13, 2018.   I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on March 13, 2018.

*/s/ Miles D. Freeman*
Miles D. Freeman

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h).   The personal conference required by Local Rule CV-7(h) was conducted on October 2, 2017 via telephonic conference with the following participants:  Lance Yang for Google and Max Ciccarelli for SEVEN.  This motion is opposed.

*/s/ Brian Mack*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits are being filed under seal pursuant to the Protective Order.

*/s/Miles D. Freeman*
/s/ Miles D. Freeman