# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-00442-JRG |
| | ) | |
| GOOGLE LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

<u>**NOTICE OF SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* TO VASCO DATA SECURITY INTERNATIONAL, INC.**</u>

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Defendant Google LLC will initiate service of the attached subpoena *duces tecum* and *ad testificandum* upon VASCO Data Security International, Inc. The subpoena requests the production of documents, information, or objects described in Exhibit A and the presentation of a witness competent to testify about the topics described in Exhibit B. The documents and witness shall be produced or presented at the time and location specified in the subpoena, or alternatively at a mutually agreed upon time and location.

Dated: December 22, 2017

Respectfully submitted,

*/s/ Sean S. Pak*

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com

Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Lance L. Yang
lanceyang@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail this December 22, 2017.

Dated:   December 22, 2017          By:   */s/ Jonathan Tse*_____
                                                    Jonathan Tse

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Texas

| | |
|---|---|
| SEVEN Networks, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  2:17-cv-442-JRG |
| | ) |
| Google LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          VASCO Data Security International, Inc.
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit B

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California St., 22nd Floor<br>San Francisco, CA 94111 | Date and Time:<br>01/22/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and/or videographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:       See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/22/2017

|       CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jonathan Tse<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Google LLC
_____ , who issues or requests this subpoena, are:
Jonathan Tse, Quinn Emanuel Urquhart & Sullivan, LLP, 50 California St., 22nd Floor, San Francisco, CA 94111
(415) 875-6426, jonathantse@quinnemanuel.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    2:17-cv-442-JRG

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      "You," "Your," or "VASCO" means VASCO Data Security International, Inc., all predecessors, predecessors-in-interest, successors, assigns, affiliates, direct or indirect subsidiaries, parents, and trusts; all firms, corporations, and other entities acting under common control with VASCO, in joint venture with VASCO, or under licensing or partnership agreements with VASCO; all entities that own or are owned by VASCO in whole or in part; and all divisions and operating units thereof.  This definition further includes all of VASCO's present and former employees, agents, servants, representatives, directors, officers, accountants, consultants, attorneys, investigators, and all others currently or formerly acting or purporting to act on behalf of VASCO or subject to the direction and control of VASCO.

2.      "VASCO Patent" refer to U.S. Pat. Pub. No. 2003/0204726, entitled "Methods and systems for secure transmission of information using a mobile device," all divisionals, continuations, continuations-in-parts, priority applications, and foreign or related counterpart applications and patents throughout the world of the VASCO Patent, including without limitation PCT App. No. PCT/IB2006/002747.

3.      "DIGIPASS" refers to all releases and versions of Vasco's DIGIPASS authenticators, DIGIPASS 300, DIGIPASS 500, DIGIPASS 560, DIGIPASS 600, DIGIPASS 700, DIGIPASS 800, DIGIPASS for Apps, VACMAN Controller, IDENTIKEY Authentication Server, and IDENTIKEY Appliance that were developed, released, marketed, offered for sale, sold, publicly available, or used prior to April 21, 2005 and described at https://www.vasco.com/products/.

4.      "Action" shall mean the above-captioned case entitled *SEVEN Networks, LLC v. Google LLC*, Case No. 2:17-cv-442 and *SEVEN Networks, LLC v. Samsung Electronics Co. Ltd. et al.*, Case No. 2:17-cv-441, currently pending in the United States District Court for the Eastern District of Texas; *SEVEN Networks, LLC v. ZTE (USA) Inc. et al.*, Case No. 3:17-cv-01495, currently pending in the United States District Court for the Northern District of Texas; and *Google LLC v. SEVEN Networks, LLC*, Case No. 3:17-cv-04600, currently pending in the United States District Court for the Northern District of California.

5.      The "Asserted Patents" or "Patents-in-Suit" shall mean United States Patent Nos. 8,078,158 ("the '158 Patent"); 8,811,952 ("the '952 Patent"); 9,247,019 ("the '019 Patent"); 9,325,600 ("the '600 Patent"); 9,351,254 ("the '254 Patent"); 9,386,433 ("the '433 Patent"); 9,444,812 ("the '812 Patent"); 9,516,127 ("the '127 Patent"); 9,516,129 ("the '129 Patent"); 9,553,816 ("the '816 Patent"), individually and collectively, including all underlying patent applications, continuations, continuations-in-part, divisionals, and reissues.

6.      The "Named Inventors" shall include, both collectively or individually as appropriate in the context of the request, Ari Backholm; Trevor A. Fiatal; Lee R. Boynton; Scott M. Burke; Brian D. Gustafson; Binu Raj; William Alvarado; Juan Benitez; Fred J. Duncan; Michael Luna; Rami Alisawi; Huajie Hu; Alexandr Seleznyov; Jie Wei; Sungwook Yoon; Allan Hu; Wei Li; Jay Sutaria; Robert Paul van Gent; Ruth Lin; David Merriwether; Parvinder Sawhney; Abhay Nirantar; and Steve Petersen.

7.      "SEVEN" shall mean SEVEN Networks, Inc. and SEVEN Networks, LLC, including their agents, officers, directors, employees, consultants, representatives, attorneys, predecessors and successors in interest, subsidiaries, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, members and related entities, and any other legal entities, whether

foreign or domestic that are owned or controlled by SEVEN, and all predecessors and successors in interest to such entities, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by SEVEN, as well as the agents, officers, directors, employees, consultants, representatives and attorneys of any such entities.

8.      "Google" shall mean and refer to Google LLC.

9.      "Samsung" shall mean Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

10.     "ZTE" shall mean ZTE (USA) Inc. and ZTE Corporation.

11.     "Defendants" shall include Google, Samsung, and ZTE.

12.     "Document" shall Include, without limitation, all written, graphic or otherwise recorded material, Including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, Including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, Including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The

foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

13.      "Source Code" includes source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

14.      "Executable Software" means computer files containing encoded instructions capable of being executed by a processing unit (e.g., a central processing unit or microcontroller), and any release notes describing the features or modifications of such files. The term shall include, without limitation, firmware and executable binary files.

15.      "Thing(s)" includes any tangible objects of any kind and nature other than a Document, including prototypes, models, and physical specimens thereof.

16.      If any of the Document(s), Source Code, Executable Software, or Thing(s) are considered "confidential" such Document(s), Source Code, Executable Software, or Thing(s) should be produced subject to the terms and provisions of the protective order in this matter, attached as Exhibit 1.

17.      "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, Thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including electronic communications and electronic mail.

18.      "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

19.     "Product(s)" shall mean any machine, manufacture, apparatus, device, software, system, instrument, mechanism, appliance, assemblage of components/parts (either individually or collectively), process, or method which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

20.     "Reflect," "Reflecting," "Relate To," "Refer To," "Relating To," and "Referring To" shall mean in whole or in part constituting, containing, contradicting, embodying, commenting on, depicting, demonstrating, refuting, evidencing, representing, discussing, reflecting, describing, analyzing, identifying, mentioning, stating, summarizing, bearing upon, pertaining to, comprising, involving, alluding to, commenting on, referring directly or indirectly to, dealing with, or in any way pertaining to.

21.     "Include" and "Including" shall mean including without limitation.

22.     Use of the singular also includes the plural and vice-versa.

23.     The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## <u>INSTRUCTIONS</u>

1.      You are to produce the original and each non-identical copy or draft of each Document(s), Source Code, Executable Software, or Thing(s) requested herein that is in Your possession, custody or control in its entirety, without abbreviation or redaction.

2.      If any portion of a Document, Source Code, Executable Software, or Thing is responsive to a request, the entire Document, Source Code, Executable Software, or Thing should be produced including all attachments and enclosures, redacting only privileged material, if any.

3.      All Documents, Source Code, Executable Software, and Things should be produced in the same file or other organizational environment in which they are maintained in the ordinary course of business.  For example, a Document that is part of a file, docket or other grouping should be physically produced together with all other Documents from said file, docket or grouping, in the same order or manner of arrangement as the original.  Additionally, to the extent produced in hardcopy, each Document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.  File folders with tabs or labels or directories of files identifying Documents should be produced intact with such Documents. Documents attached to each other should not be separated.

4.      Each item produced should bear unique identifying control numbers (e.g., Bates labels) on each item or page if the item is a Document.

5.      Color copies of Documents are to be produced where color is necessary to interpret or understand the contents.

6.    Electronic records and computerized information should be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

7.    If You believe that You are not required to provide any Document, Source Code, Executable Software, or Thing on the grounds of a privilege or protection that You are not prepared to waive, pursuant to Federal Rule of Civil Procedure 26(b)(5), please provide a written list describing each Document, Source Code, Executable Software, or Thing not produced, using the unique identifying control numbers (e.g., Bates labels) to specify Documents or ranges where appropriate.  For each item on the list, include the following:

    a.    the specific privilege asserted;

    b.    all Persons making or receiving the Document, Source Code, Executable Software, or Thing;

    c.    the steps taken to ensure the confidentiality of the Document, Source Code, Executable Software, or Thing, including affirmation that no unauthorized Persons have received the Document, Source Code, Executable Software, or Thing;

    d.    the date of the Document, Source Code, Executable Software, or Thing; and

    e.    the subject matter of the Document, Source Code, Executable Software, or Thing.

8.    In the event that any Document called for by these requests or subsequent requests has been destroyed or discarded, that Document or Thing is to be identified by stating:

    a.    the author(s), addressee(s) and any indicated or blind copyee(s);

    b.    the Document's date, number of pages and attachments or appendices;

    c.    the Document's subject matter;

d.    the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

e.    the Persons who were authorized to carry out such destruction or discard; and

f.    whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

9.    These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1.      Documents, Source Code, Executable Software, or Things (including hardware, instructions, technical plans, diagrams, workbooks, manuals, published articles, publications, and user guides) sufficient to show the development, release, chronology, structure, operation, and functionality of DIGIPASS, including the ability of any device incorporating or using DIGIPASS, to (1) perform two-factor authentication, (2) generate a one-time password, (3) verify a time-based response, including, but not limited to, a one-time password, (4) associate a one-time password with a mobile device or telephone number, or (5) verify a phone number of a user using a device incorporating or using DIGIPASS, that was released, sold, offered for sale, or used on or before April 21, 2005.

2.      Documents sufficient to show the publication, sale, offer for sale, or public use prior to April 21, 2005 of any feature for (1) performing two-factor authentication, (2) generating a one-time password, (3) verifying a time-based response, including, but not limited to, a one-time password, (4) associating a one-time password with a mobile device or telephone number, or (5) verifying a phone number of a user using a device incorporating or using DIGIPASS in any VASCO product or device incorporating or suing any VASCO product, including DIGIPASS.

3.      Documents sufficient to show the conception, reduction to practice, reasonable diligence from conception to reduction to practice, and any commercial embodiments of the VASCO Patent.

4.      All Communications between You and SEVEN or a Named Inventor, related to the Patents-in-Suit, the Action, or the Defendants.

## EXHIBIT B

## TOPICS FOR DEPOSITION

1.      The VASCO products and/or services, including, but not limited to, DIGIPASS, supporting the functionality of (1) performing two-factor authentication, (2) generating a one-time password, (3) verifying a time-based response, including, but not limited to, a one-time password, (4) associating a one-time password with a mobile device or telephone number, or (5) verifying a phone number of a user using a device incorporating or using DIGIPASS, that was released, sold, offered for sale, or used on or before April 21, 2005.

2.      The development, release, chronology, structure, and operation of any features of DIGIPASS, including the ability of any device incorporating or using DIGIPASS, to (1) perform two-factor authentication, (2) generate a one-time password, (3) verify a time-based response, including, but not limited to, a one-time password, (4) associate a one-time password with a mobile device or telephone number, or (5) verify a phone number of a user using a device incorporating or using DIGIPASS, that was released, sold, offered for sale, or used on or before April 21, 2005.

3.      The conception, reduction to practice, reasonable diligence from conception to reduction to practice, and any commercial embodiments of the VASCO Patent.

4.      The creation, maintenance, accessibility, authenticity, and public availability of all Documents, Source Code, Executable Software, or Things produced in connection with this subpoena, including Your policies and procedures for maintaining all Documents, Source Code, Executable Software, or Things produced in connection with this subpoena in the regular course of business.

5.      All Communications between You and SEVEN or a Named Inventor, related to the Patents-in-Suit, the Action, or the Defendants.

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC, | |
| Plaintiff, | Civil Action No. 2:17-cv-00442-JRG |
| v. | LEAD CASE |
| GOOGLE LLC, | |
| Defendant. | |
| SEVEN NETWORKS, LLC, | |
| Plaintiff, | Civil Action No. 2:17-CV-441-JRG |
| v. | CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC. | |
| Defendants. | |

### PROTECTIVE ORDER

WHEREAS, Plaintiff SEVEN Networks, LLC (SEVEN") and Defendants Google LLC ("Google"), Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. ("Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harm to the producing party;

1

WHEREAS, the parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned confidential information of the parties; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."  For natively produced Protected Material, the word "CONFIDENTIAL" shall be placed in the filename of each such natively produced document.

2.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE

2

ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," both individually and collectively.

3

producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action[2] for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to one in-house counsel for the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action, provided that such in-house counsel meets all the requirements set forth in paragraph 5.1 below.

(d) [intentionally blank]

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[3]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same

---

[2] This "Action" means Case Nos. 2:17-cv-00442-JRG and 2:17-cv-00441-JRG.

[3] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

4

is served upon the producing Party with a current curriculum vitae[4] of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and

---

[4]  For any such person that will offer testimony in this Action, the curriculum vitae shall identify, to the extent reasonably available, his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding four years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.  If such testifying expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the testifying expert shall be available to meet and confer with the designating Party regarding any such engagement.
[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

5.1.    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items.

(a) Unless otherwise ordered by the court or agreed to in writing by the Producing Party, a Party that seeks to disclose to an in-house counsel any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 5(d) first must make a written request to the Producing Party that sets forth the full name of the in-house counsel and the city and state of his or her residence.

(b) A Party that makes a request and provides the information specified in paragraph 5.1(a) may disclose the subject "CONFIDENTIAL" to the identified in-house counsel unless, within 14 days of delivering the request, the Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to an in-house counsel may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to in-house counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

confer discussions) and setting forth the reasons advanced by the Producing Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the in-house counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the "CONFIDENTIAL" information to its in-house counsel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the existence of the information contained in such Protected Material (i) shall be used by the Parties only to prosecute or defend the case , (ii) shall not be used for any other purpose, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions

shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code[6] and/or live data (that is, data as it exists residing in a database or databases), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL SOURCE CODE" ("Source Code Material").

9.      For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.     For Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.

---

[6] "Source code" means computer code, detailed engineering specifications with significant amount of source code, detailed schematics with significant amount of source code, software, source code, executable code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type closely related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel, unless otherwise agreed to in writing by the parties. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives. The producing party may choose to produce Source Code Material under less stringent requirements.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for

9

purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)  The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)  Access to  Source Code Material shall be limited to outside counsel and up to ten (10) outside consultants or experts[7]  (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.

(f)  To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the

---

[7] For the purposes of this paragraph, an outside consultant or expert is defined not to include the outside consultant's or expert's direct reports and other support personnel. Each disclosure to a consultant or expert or anyone employed within his or her firm to help in his or her analysis shall count as a separate disclosure. Additionally, the parties agree to meet-and-confer to the extent any party requires additional experts to access Source Code.

10

entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in this or other paragraphs, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents, or any drafts of these documents[8].  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a

---

[8] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders such that the provisions of this paragraph shall not apply to materials filed with the Court, so long as such materials shall be filed under seal.

(h) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary to prosecute or defend the case, for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the producing Party, which shall not be unreasonably withheld. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within four (4)

business days, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to three (3) additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. Even if within the limits described, the producing Party may challenge the amount of source code requested in hard copy form, or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity, pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 20 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court;

(i) If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition;

13

Case 2:17-cv-00442-JRG   Document 83-1   Filed 10/24/17   Page 14 of 28 PageID #: 2065

(j)  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry or through a courier for which the  Designating Party agrees to pay 50% of the cost of the courier if the Receiving Party so requires. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except that Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party;

(k)  The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes, unless it is necessary to do so and only to the extent those notes contain source code file names, source code function  names and/or source code page/line numbers.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall be made or stored on the inspection computer unless necessary for the inspection process, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE."

14

Case 2:17-cv-00442-JRG   Document 83-2   Filed 10/24/17   Page 15 of 28 PageID #: 2066

(l)   A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m) The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(n)   All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if the Receiving Party no longer contemplates using the Source Code Printouts. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

15

transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.     Absent written consent from the designating Party, any person associated or affiliated with a Receiving Party and permitted to receive   the Designating Party's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE, and who obtains, receives, or otherwise learns, in whole or in part, the Designating Party's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE under this Order shall not, except as otherwise provided herein, prepare, prosecute, supervise, participate in, or assist in the preparation or prosecution of any patent application pertaining to (a) mobile telecommunications device power management or battery optimization, mobile telecommunications device application provisioning, mobile telecommunications device network tracking, or multi-factor user, device, or account authentication or verification, or (b) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for eighteen months after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to the competitive business decisions involving (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This paragraph, however, does not prohibit such persons from participating in any post grant review proceeding (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, post grant review or covered business method review)

regarding a patent relating to the Field of Invention, so long as such person does not supervise, participate, or assist in drafting claims or amendments to claims during such proceedings.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to DESIGNATED MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

12.    Absent written consent from the designating Party, any person associated or affiliated with a Receiving Party and permitted to receive the Designating Party's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE, and who obtains, receives, or otherwise learns, in whole or in part, the Designating Party's CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE under this Order shall not be involved in: (i) the acquisition of patents or patent applications relating to the Field of Invention or (ii) the advising or counseling clients regarding the same.  This Acquisition Bar shall begin when such DESIGNATED MATERIAL is first received by the affected individual and shall end eighteen (18) months after the conclusion of this Action, including any appeals.  This bar shall not prohibit counsel to advise regarding the validity of such patents, and does not apply to settlement negotiations of litigation.

13.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each party receiving Protected Material shall comply with all applicable export

control statutes and regulations.  *See, e.g.,* 15 CFR 734.2(b).  Except as otherwise permitted in this paragraph, no Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  This prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, and to the extent otherwise permitted by law, Protected Material, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition of the Producing Party taken outside the territorial limits of the United States.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed-to procedures conform with applicable export control laws and regulations.

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly

notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall (1) gather, destroy, and certify destruction of all copies of such documents, information, or other material to the producing Party; or (2) gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) counsel for a Party, including outside counsel and in-house counsel otherwise permitted to receive the DESIGNATED MATERIAL in question; (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation otherwise permitted to receive the DESIGNATED MATERIAL in question; (vi) court reporters and videographers; (vi) the Court; or (vii) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other

19

persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[9]  Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.

17.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY".

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential

---

[9] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Exhibit A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties or a Party whose information may be disclosed by such discovery may designate as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties or a Party whose information is disclosed by such discovery shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.  Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.     If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) not interfere with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission, or required by court order to do so. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding (i) one copy of the pleadings and expert reports; and (ii) excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's

election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.     Notwithstanding other provisions of this Order, no Defendant is required to produce its Protected Material to any other Defendant or Defendants. Plaintiff may not disclose one Defendant's Protected Material to the other Defendant through expert reports, discovery responses, or any other means permitted by the other provisions of this Order without the prior written consent of the Defendant that produced the Protected Material unless that Plaintiff (1) provides notice of the planned disclosure to both Defendants at least two weeks prior to the planned disclosure, (2) marks such disclosure with the same confidentiality designation as utilized by the disclosing party, and (3) follows the other provisions of this Order. Notwithstanding the confidentiality designation of the Protected Material, disclosures under this paragraph of one Defendant's Protected Material to another Defendant shall be restricted to disclosure to those individuals permitted to review materials designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.   The parties acknowledge that this provision may be inadvertently violated by accidentally serving a document on both defendants without realizing that it contains one defendant's confidential information. Inadvertent violations of this provision will not be sanctionable, and counsel for

defendants agree to destroy information that was inadvertently produced to them once so notified.

32.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control. This paragraph applies only to the extent any such person or entity has received Protected Material.

33.     The provisions of this Order are not intended to unduly interfere with the parties' efficient preparation of the case for trial.  Some of the provisions represent compromises made by the parties to reach an agreement at an early stage of the litigation when the full extent of the parties' production under this Order is still unclear.  To the extent any party finds that the provisions of this Order are interfering with the efficient preparation of the case for trial or that stricter provisions may be necessary for the protection of a party's confidential information, they can seek modifications form the Court without being prejudiced by having agreed to any of the provisions.

**So ORDERED and SIGNED this 24th day of October, 2017.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC, | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-00442-JRG** |
| **v.** | **LEAD CASE** |
| GOOGLE LLC, | |
| **Defendant.** | |
| SEVEN NETWORKS, LLC, | |
| **Plaintiff,** | **Civil Action No. 2:17-CV-441-JRG** |
| **v.** | **CONSOLIDATED CASE** |
| SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC. | |
| **Defendants.** | |

## APPENDIX A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1.  My address is _____.  My current employer is _____. My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and

1

Case 2:17-cv-00442-JRG   Document 83-2   Filed 10/24/17   Page 28 of 28 PageID #: 2079

will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _