**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>     Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND<br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>     Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

**SEVEN'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO**
**SUPPLEMENT INVALIDITY CONTENTIONS TO ADD PORTWISE PRIOR**
**ART SYSTEM (ECF NO. 128)**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................ iii

    Cases ............................................................................................................................ iii

    Local Rules ................................................................................................................. iv

Background ........................................................................................................................1

Legal Standard ..................................................................................................................3

Arguments and Authorities ..............................................................................................4

    A.  The Court should deny Google's request to chart for the
        first time a reference known to Google when it served its
        original invalidity contentions. .................................................................... 4

    B.  Google's inadequate explanation for its failure to meet the
        deadline weighs against finding good cause. ................................................ 6

        1.  Google fails to explain why it could not have obtained
            the PortWise-related materials from Nexus Group
            before invalidity contentions were due. ......................................... 6

        2.  Google fails to explain why it waited months to disclose
            PortWise mID, Nexus Group, Mr. Rydell, and its
            proposed amendment to SEVEN .................................................... 9

        3.  Neither the number of asserted patents and claims, nor
            the absence of a case-narrowing plan, excuse Google's
            lack of diligence. ............................................................................10

    C.  Google fails to show the importance of its requested
        amendment. .................................................................................................. 11

    D.  Permitting the requested amendment would unfairly
        prejudice SEVEN. .......................................................................................12

Conclusion .......................................................................................................................15

Certificate of Service .......................................................................................................17

## TABLE OF AUTHORITIES

### Cases

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  84 F. Supp. 3d 538 (E.D. Tex. 2015) ...............................................................5, 12, 13

*Altera Corp. v. PACT XXP Techs., AG*,
  No. 14–cv–02868 JD, 2015 WL 3832389 (N.D. Cal. June 19, 2015) ...........................5

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 11–CV–01846–LHK, 2012 WL 1067548 (N.D. Cal. Mar. 27, 2012) ..................... 8

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
  No. C. 12-05791 WHA, 2014 WL 186405 (N.D. Cal. Jan. 16, 2014) ...........................5

*Chemfree Corp. v. J. Walter, Inc.*,
  No. 1:04–CV–311–JTC, 2008 WL 4845129 (N.D. Ga. Aug. 27, 2008)....................14

*Comp. Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. 2007) ........................................................................14

*Innovative Display Techs. LLC v. Acer Inc.*,
  No. 2:13–cv–00522–JRG, 2014 WL 2796555 (E.D. Tex. June 19, 2014)................3, 7

*Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*,
  No. 9:07–CV–46, 2008 WL 11344730 (E.D. Tex. June 9, 2008) ...............................14

*L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*,
  No. 6:11cv599, 2013 WL 7937026 (E.D. Tex. Oct. 11, 2013)......................................5

*L.C. Eldridge Sales Co. v. Jurong Shipyards, Pte., Ltd.*,
  No. 6:11cv599, 2014 WL 12597719 (E.D. Tex. Sept. 22, 2014) ...................................5

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  No. 14–cv–03657–SI, 2016 WL 3648594 (N.D. Cal. July 6, 2016) ..............................5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .....................................................................................3

*Oracle Am., Inc. v. Google Inc.*,
  No. C 10–03561 WHA, 2011 WL 3443835 (N.D. Cal. Aug. 8, 2011). ...................9, 11

*S & W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003)..........................................................................................3

*Tech Pharmacy Servs., LLC v. Alixa RX LLC,*
   No. 4:15–cv–766, 2017 WL 2833460 (E.D. Tex. Jan. 18, 2017) ............................................9, 12

*Tech Pharmacy Servs., LLC v. Alixa RX LLC,*
   No. 4:15–CV–766, 2017 WL 3283325 (E.D. Tex. Aug. 2, 2017)............................................4, 5

## Local Rules

Local Patent Rule 3-3 ............................................................................................................1, 12, 14

Local Patent Rule 3-4 .................................................................................................................. 1, 12

Local Patent Rule 3-6(a)....................................................................................................................3

Local Patent Rule 3-6(b) ...................................................................................................................3

Google requests leave to amend its invalidity contentions to add a reference (the "PortWise mID" system) that Google knew of long before the original contentions deadline, but Google fails to show good cause to permit such an amendment. Google was not diligent in investigating PortWise mID or disclosing it to SEVEN and the Court. Google also fails to demonstrate PortWise mID is of particular importance to its invalidity defense. Permitting the requested amendment would only reward Google's lack of diligence and result in unfair prejudice to SEVEN. The Court should therefore deny Google's request.

## BACKGROUND

SEVEN filed this suit over ten months ago on May 17, 2017 (ECF No. 1). To permit the parties to develop their theories early in the case, the Court ordered Google to serve invalidity contentions on November 1, 2017.[1] In early October 2017, at Google's request, and despite Google having already had nearly five months since the filing of the suit to search for and analyze prior art, SEVEN agreed to extend Google's deadline to serve invalidity contentions to November 15, 2017.[2] On October 6, 2017, unbeknownst to SEVEN, Google discovered a system offered by the company PortWise (the "PortWise mID" system) that Google determined "could potentially be prior art to the '812 patent."[3] But Google's investigation of PortWise mID went no further than the purportedly "limited amount of public documentation" Google found on the

---

[1]   *See* ECF No. 40 at 2 (setting Defendants' deadline to comply with P.R. 3-3 & 3-4 for six weeks after the September 20, 2017 scheduling conference).

[2]   **Ex. A** at 1: Oct. 4, 2017 email from M. Ciccarelli to B. Mack (agreeing, under the "Invalidity contentions" heading, to the two-week extension).

[3]   Defendants' Motion (ECF No. 128) at 6; *see* **Ex. B** at 1: Mar. 4, 2018 email from G. Snyder to V. Patel (explaining that Google first learned about PortWise mID on October 6). The '812 patent refers to U.S. Patent No. 9,444,812, one of the patents asserted in this suit.

Internet Archive website (www.archive.org).[4] Google makes no showing that, between discovering the system on October 6 and serving invalidity contentions on November 15, Google made any attempt to obtain additional information about the system from other sources—such as directly from PortWise or its parent company Nexus Group.

On November 15, 2017, Google served its invalidity contentions, making the strategic decision not to chart PortWise mID or even mention it as potential prior art anywhere in the contentions. Then, on December 21, 2017—over one month after serving the contentions and two and a half months after first learning of PortWise mID—Google contacted Nexus Group for the first time to obtain additional information about the alleged prior-art system.[5] Specifically, Google contacted Nexus Group employee Johan Rydell and discovered that he had knowledge or documents related to PortWise mID.[6] Google did not diligently notify SEVEN of Mr. Rydell's existence, his potential connection to this case, or his possession of potentially relevant information. Nor did Google notify SEVEN that it was seeking discovery from Mr. Rydell.[7]

So for at least a month, Google and Mr. Rydell (represented by the same counsel) worked with each other to collect, and presumably analyze, additional PortWise-related materials without SEVEN's knowledge.[8] January 19, 2018 (the day Google's counsel began serving PortWise document production) was the first time Google mentioned PortWise (or Nexus Group) to

---

[4]   *See* Defendants' Motion (ECF No. 128) at 3; Tse Decl. (attached to ECF No. 128) at ¶ 4.

[5]   **Ex. B** at 1: Mar. 4, 2018 email from G. Snyder to V. Patel (explaining that Google first contacted Nexus Group on December 21, 2017, when Google first contacted Johan Rydell).

[6]   *See id.*; Defendants' Motion (ECF No. 128) at 4.

[7]   Further, Google did not amend its initial disclosures to add PortWise, Nexus Group, or Mr. Rydell until this month.

[8]   **Ex. C** at 1: Feb. 1, 2018 email from B. Mack to M. Cornelia (explaining that Google was obtaining discovery from Nexus Group informally without a subpoena, mentioning Mr. Rydell to SEVEN for the first time, and explaining that counsel for Google also represents Mr. Rydell).

SEVEN—but only after SEVEN questioned what the production related to.[9] The first time

Google mentioned Mr. Rydell was February 1, over one month after Google first contacted him.[10]

On February 8, Google formally notified SEVEN of its intent to file this motion, which Google

eventually filed on March 14.[11]

The Court should deny Google's request to add a reference Google knew of when it

served its original invalidity contentions but did not diligently investigate or disclose. The Local

Patent Rules require a movant to demonstrate good cause to permit an amendment in these

circumstances. Google has failed to do so.

LEGAL STANDARD

Under this Court's Local Patent Rules, amendments to invalidity contentions other than

as expressly permitted in P.R. 3-6(a) "may be made only by order of the court, which shall be

entered only upon a showing of good cause." P.R. 3-6(b). "'Good cause' requires a showing of

diligence," and the party requesting leave bears the burden of establishing its diligence.[12] In

determining whether good cause exists, courts consider a variety of factors, including: (1) the

explanation for the party's failure to meet the deadline; (2) the importance of the amendment;

(3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to

cure such prejudice.[13] Here, the majority of these factors weigh against permitting amendment.

---

[9]   *See* **Ex. C** at 2: Jan. 19, 2018 email exchange between M. Ciccarelli and B. Mack.

[10]   *See* **Ex. C** at 1: Feb. 1, 2018 email from B. Mack to M. Cornelia.

[11]   *See* Defendants' Motion (ECF No. 128) at 4.

[12]   *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

[13]   *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13–cv–00522–JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014) (citing *S & W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## ARGUMENTS AND AUTHORITIES

The Local Patent Rules ensure that parties develop their theories early in the case and adhere to them once disclosures have been exchanged. Neither this Court's rules nor the relevant case law allows Google to delay in investigating prior art and then seek leave to amend long after the deadline for serving invalidity contentions has passed. Google's proposed amendment will needlessly increase the complexity and scope of the issues, might impact claim-construction choices, and will result in further delays.

**A.    The Court should deny Google's request to chart for the first time a reference known to Google when it served its original invalidity contentions.**

Google first learned of PortWise mID nearly six weeks before invalidity contentions were due but chose not to chart—or even mention—the reference in its original contentions. The Court should not permit Google to do so now. The court's holding in *Tech Pharmacy Services, LLC v. Alixa RX LLC* is instructive on this issue.[14] In *Tech Pharmacy*, the defendants sought leave to amend their invalidity contentions to add information concerning a potential prior-art system known as the "Envoy system." *See id.* The defendants acknowledged they already knew of the Envoy system when they served their original contentions but argued (like Google does here) they had only "limited knowledge" at the time. *Id.* After serving their original contentions, the *Tech Pharmacy* defendants obtained Envoy-related discovery from a third party, then moved for leave to amend their contentions to include for the first time (1) charts for the Envoy system and (2) various combinations of the Envoy system with other pieces of prior art. *See id.* at *3–4. The court denied the defendants' motion and emphasized the defendants' decision not to chart the known Envoy system in its original invalidity contentions:

---

[14]    *See* No. 4:15–CV–766, 2017 WL 3283325, at *2 (E.D. Tex. Aug. 2, 2017).

> The Court understands that Defendants may have lacked certain
> documents to aid in describing the Envoy system sufficiently, but
> Defendants made the strategic decision not to chart the Envoy
> system at all. Now, under the guise of an amendment, Defendants
> want to chart for the first time a reference that was known when
> they served their original invalidity contentions.[15]

This case presents the same situation. "[Google] had nothing to lose by charting [PortWise mID] in the first place."[16] After all, "[p]resumably, a party asserting invalidity would want each of their theories to be as strong as possible, even if it thought it had other, more squarely on-point theories." *Id.* Courts in this District,[17] and others,[18] have denied similar requests by defendants to amend invalidity contentions with references known to the defendants before the original invalidity contentions were due. This Court should do no different.

---

[15]   *Id.* at *4

[16]   *Altera Corp. v. PACT XPP Techs., AG*, No. 14–cv–02868 JD, 2015 WL 3832389, at *3 (N.D. Cal. June 19, 2015).

[17]   *See, e.g.*, *id.* at *4–5; *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) (denying defendants' motion to amend based in part on "Defendants' awareness of the reference well before the deadline to file Invalidity Contentions"); *L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11cv599, 2013 WL 7937026, at *3–4 (E.D. Tex. Oct. 11, 2013) (denying defendants' request "to add prior art that was their possession when they served their invalidity contentions"); *see also L.C. Eldridge Sales Co. v. Jurong Shipyards, Pte., Ltd.*, No. 6:11cv599, 2014 WL 12597719, at *4 (E.D. Tex. Sept. 22, 2014) ("Prior to trial, the Court denied Defendants leave to amend their invalidity contentions to assert prior art references known to Defendants at the time they initially disclosed their invalidity contentions yet did not disclose.").

[18]   *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14–cv–03657–SI, 2016 WL 3648594, at *3 (N.D. Cal. July 6, 2016) ("The Court concludes that the fact Micron knew about the textbook references before filing its invalidity contentions on January 20, 2015, defeats a showing of good cause."); *Altera Corp*, 2015 WL 3832389, at *3; *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C. 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) ("Defendant could have (and perhaps should have) charted the reference but defendant did not. Defendant must now live with that choice.").

**B.      Google's inadequate explanation for its failure to meet the deadline weighs against finding good cause.**

      **1.      Google fails to explain why it could not have obtained the PortWise-related materials from Nexus Group before invalidity contentions were due.**

Google had almost six months between the filing of the suit and the invalidity-contentions deadline to search for and analyze prior art. During the course of that search Google discovered PortWise mID. At that point (October 6, 2017), nearly six weeks remained before the contentions deadline, leaving Google with ample time to investigate PortWise mID further and obtain whatever additional information Google thought it needed to chart the reference. For example, during that six weeks, Google could have reached out to Nexus Group (Mr. Rydell included) to inquire further about the system, but Google did not. Instead, Google served its invalidity contentions on November 15 without including PortWise mID at all. Google eventually contacted Nexus Group for the first time on December 21, 2017—five weeks after serving its contentions.[19]

Google offers no genuine explanation for why it could not have contacted Mr. Rydell and obtained these materials earlier. In truth, Google could have (and should have) discovered these materials back in October 2017 when it began investigating PortWise and PortWise mID. Here is how. First, it is no secret that PortWise's parent company is Nexus Group. A diligent investigation of PortWise in October 2017 would have led Google to discover Nexus Group without much effort. Indeed, a simple search of "portwise" on Google's own search engine lists Nexus Group as the second result.[20] From that search result, Google could have followed the link

---

[19]      Google admits it knew about the PortWise mID system nearly a month and a half before the invalidity-contentions deadline, but did not make contact with Mr. Rydell and ultimately obtain the additional PortWise-related materials until well after the deadline had passed. *See* **Ex. B** at 1: Mar. 4, 2018 email from G. Snyder to V. Patel (explaining that Google first learned about PortWise mID on October 6); Defendants' Motion (ECF No. 128) at 6.

[20]      *See* **Ex. D** at 1: Google Search, https://www.google.com (search "portwise").

to Nexus Group's website (www.nexusgroup.com), and learned that Nexus Group acquired PortWise in 2010.[21] Second, a diligent investigation of Nexus Group's website would have revealed an entire section (on the "Nexus blog") dedicated to two-factor authentication—the focus of Google's prior-art search against the '812 patent.[22] Third, a diligent investigation of that "Nexus blog" page would have led Google to Mr. Rydell, as one of the articles linked at the very top of the page specifically features Mr. Rydell.[23] Moreover, that article identifies Mr. Rydell as a founder of PortWise and a current Nexus Group employee based around San Francisco.[24]

This is all publicly available information, readily found on Nexus Group's website. Google offers no reason why it could not have discovered this information during the six weeks between learning of PortWise mID and serving its invalidity contentions or why it waited until late December 2017 to contact anyone at Nexus Group, Mr. Rydell or otherwise. That it took Google more time beyond the original deadline to discover this information, in and of itself, is no excuse for a late amendment.[25] "To hold otherwise would render the explanation for the party's failure to meet the deadline a non-factor." *Id.*

Google's motion repeatedly asserts PortWise and Nexus Group are Swedish companies and argues obtaining the PortWise-related information from a Swedish company before the deadline "proved difficult given the nature of discovery on foreign entities."[26] But Google does

---

[21]   *See* Ex. 2 to Defendants' Motion (ECF No. 128) (showing, at the bottom, that Google obtained this information from Nexus Group's website, www.nexusgroup.com).

[22]   *See* **Ex. E** at 1: Nexus blog, https://www.nexusgroup.com/blog (select the category "Two factor authentication").

[23]   *See id.* (showing article about Mr. Rydell as the third result).

[24]   *See* **Ex. F** at 1: Nexus blog article on Johan Rydell.

[25]   *See Innovative Display*, 2014 WL 2796555, at *1 (Gilstrap, J.)

[26]   Defendants' Motion (ECF No. 128) at 6.

not explain how a company being Swedish prevented Google from contacting it. Nor does Google

offer any evidence that it even *attempted* to contact anyone at Nexus Group before December 21,

2017, much less before November 15.[27] Rather, Google chose not to contact (or subpoena)

anyone associated with Nexus Group until long after the deadline had passed. And once Google

*did* contact Nexus Group, discovery proved not so difficult after all, as Google was able to obtain

the PortWise documentation without need for a subpoena or any other formal process.[28]

Tellingly, Google's counsel acknowledges that it waited until "*[a]fter* serving invalidity

contentions" to even begin "conducting internal and third-party interviews and serving third

party subpoenas" related to prior art.[29] For reasons known only to Google and its counsel,

Google waited until long after invalidity contentions were due to even attempt third-party

discovery on PortWise mID. Accordingly, Google has not established diligence in investigating

PortWise mID, which weighs against finding good cause for leave to amend.[30]

---

[27]   **Ex. B** at 1: Mar. 4, 2018 email from G. Snyder to V. Patel (explaining that Google first contacted Nexus Group on December 21, 2017).

[28]   **Ex. C** at 1: Feb. 1, 2018 email from B. Mack to M. Cornelia (explaining that Google was obtaining discovery from Nexus Group informally without a subpoena). Besides, if Google was that concerned about obtaining discovery from foreign sources, it could have used LinkedIn to locate U.S.-based PortWise or Nexus Group employees like Mr. Rydell in the first place. *See* **Ex. G** at 1: LinkedIn.com (search "portwise") (revealing Mr. Rydell and his location in San Francisco on the first page of results).

[29]   Tse Decl. (ECF No. 158) at ¶ 6 (emphasis added); *see also* **Ex. H**: Dec. 26, 2017 email from J. Tse to Counsel for SEVEN (serving Google's first notices of prior-art related subpoenas).

[30]   *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK, 2012 WL 1067548, at *5–6 (N.D. Cal. Mar. 27, 2012) (finding Samsung did not establish diligence in investigating prior-art system "GlidePoint," when Samsung knew about GlidePoint before serving its original contentions but did not pursue third-party discovery until three weeks after the deadline).

2.   **Google fails to explain why it waited months to disclose PortWise mID, Nexus Group, Mr. Rydell, and its proposed amendment to SEVEN.**

As explained above, Google lacked diligence in investigating and disclosing PortWise mID in its original invalidity contentions in November 2017. Following that, Google also lacked diligence in disclosing PortWise mID, Nexus Group, Mr. Rydell, and its proposed amendment after Google continued its investigation in December. This also defeats good cause.

Google began working with Nexus Group and Mr. Rydell to collect, and presumably analyze, additional PortWise-related materials on December 21, 2017.[31] But Google did not disclose PortWise or Nexus Group to SEVEN until January 19, 2018, and did not disclose Mr. Rydell until February 1, over one month after Google first contacted him. Worse, Google didn't formally notify SEVEN of its intent to move for leave to amend invalidity contentions until February 8, 2018, and didn't ultimately file this motion until March 14, 2018. Thus, at best, Google delayed seven weeks between discovering Mr. Rydell and alerting SEVEN about the need to amend contentions, and delayed nearly three months in alerting the Court.[32]

In *Tech Pharmacy*, the court held that a "two-month delay in notifying Plaintiff and/or the Court in which Defendants were preparing the proposed amendment does not demonstrate diligence."[33] Here, Google's delays in notifying SEVEN and the Court of PortWise mID, Nexus

---

[31]   *See* **Ex. C** at 1: Feb. 1, 2018 email from B. Mack to M. Cornelia.

[32]   SEVEN acknowledges that in late February and early March the parties engaged in discussions regarding whether SEVEN could agree to the proposed supplementation, but "[t]he failure of the parties to reach agreement regarding a stipulated supplementation was foreseeable." *Oracle Am., Inc. v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 3443835, at *2 (N.D. Cal. Aug. 8, 2011). Therefore, "[i]f Google was serious about amending its invalidity contentions, it should not have gambled for *months* on the possibility that a stipulation might be reached." *Id.*

[33]   *Tech Pharmacy Servs., LLC v. Alixa RX LLC*, No. 4:15–cv–766, 2017 WL 2833460, at *4 (E.D. Tex. Jan. 18, 2017).

Group, Mr. Rydell, and the need to amend its contentions likewise demonstrate a lack of diligence and weigh against finding good cause to amend.

### 3.   Neither the number of asserted patents and claims, nor the absence of a case-narrowing plan, excuse Google's lack of diligence.

Google attempts to shift the blame for its own failure to thoroughly investigate PortWise mID by pointing to the number of patents and claims asserted in this suit and then arguing that SEVEN refused to agree on a plan for narrowing those claims.[34] Specifically, Google asserts that "Google reached out to SEVEN to discuss narrowing the case before invalidity contentions, but SEVEN *rejected* these overtures."[35] Google is mistaken for two reasons.

First, although Google did email SEVEN on October 4, 2017, with a proposal to discuss narrowing claims and prior art (as shown in Exhibit 1 to Defendants' motion), SEVEN never "rejected" that proposal. On the contrary, SEVEN's response to that email—though omitted from Google's exhibit—confirmed SEVEN is "amenable to a system for narrowing these issues, and in fact came up with a procedure with [another defendant in a related case]."[36]

Second, and more significantly, Google never proposed, and the parties never discussed, any plan that would have narrowed the asserted claims before invalidity contentions were due—so it is unclear what Google means to make of the parties' inability to finalize a case-narrowing plan before the contentions deadline. In fact, in the draft narrowing plan Google provided in October 2017, Google proposed that SEVEN make its preliminary election of asserted claims on February 6, 2018—*months* after Google's deadline to serve invalidity contentions anyway.[37]

---

[34]   *See, e.g.*, Defendants' Motion (ECF No. 128) at 3, 6, 9; Tse Decl. (ECF No. 158) at ¶ 2.

[35]   Tse Decl. (ECF No. 158) at ¶ 2 (emphasis added).

[36]   **Ex. A** at 1: Oct. 4, 2017 email from M. Ciccarelli to B. Mack.

[37]   **Ex. I** at 1, 10: Oct. 4, 2017 email from B. Mack to M. Ciccarelli & Attachment ("Proposed Docket Control Order").

Accordingly, Google cannot credibly argue that a narrowing plan would have impacted its prior-art search whatsoever.

Google appears to argue that SEVEN's "rejection" or "delay" of a narrowing plan prejudiced Google's ability to conduct a diligent prior-art search. But Google's argument that the scope of this case bears on its diligence lacks merit. As Google is aware from another court's denial of a similar motion, the number of asserted patents and claims does not excuse Google's duty to exercise diligence:

> True, Oracle asserted a large number of patent claims in its complaint, and narrowing was certainly in order. *But this aspect of the action has no bearing on delay by Google before the narrowing plan went into effect, and it certainly does not justify subsequent delay.*[38]

The Court should not indulge Google's attempts to blame-shift here. Google's explanation for its failure to meet the invalidity-contentions deadline demonstrates only a lack of diligence and weighs against granting leave to amend.

## C. Google fails to show the importance of its requested amendment.

Google has not shown that PortWise mID is of sufficient importance to warrant this belated and unfairly prejudicial amendment. Google contends "[i]t is important to Google's case that the PortWise mID prior art system, and associated information and documents, be considered," but Google's reason for arguing the amendment is important amounts only to "because PortWise mID is prior art."[39] That is not enough.

---

[38]   *Oracle*, 2011 WL 3443835, at *2 (emphasis added) (denying many of Google's proposed amendments to its invalidity contentions due to Google's failure to exercise diligence).

[39]   *See* Defendants' Motion (ECF No. 128) at 8 ("It is important to Google's case that [PortWise mID] be considered. Google contends that the PortWise mID system either anticipates or, in combination with other references, renders obvious the asserted claims of the '812 patent.").

Beyond conclusory statements in its motion, Google has failed to show how the new PortWise-related materials are necessary to its invalidity defense. Google is not short of references that allegedly invalidate all asserted claims of the '812 patent. After all, its original invalidity contentions already assert fourteen alleged anticipatory references, including four systems, and at least twenty-seven alleged obviousness combinations.[40] Google has failed to show that the PortWise mID system discloses any features that are not already in this identified art.

In *Tech Pharmacy*, the defendants likewise did not demonstrate any of the purported new prior art disclosed any features not previously disclosed in the art listed in their original invalidity contentions.[41] Rather, as Google does here, the defendants in *Tech Pharmacy* simply argued the new-found art and supporting evidence further proved the plaintiff's patents were invalid.[42] But as the court explained, "[i]f the amendment merely 'further proves' [Google's] contentions, it follows that the amendment is not necessary, if not completely unimportant, in presenting [Google's] case."[43] Accordingly, like the *Tech Pharmacy* defendants, Google has "failed to demonstrate the particular importance of the Proposed Amended Invalidity Contentions" and thus cannot establish the required good cause.[44] This factor therefore weighs against granting Google leave to amend.

**D.    Permitting the requested amendment would unfairly prejudice SEVEN.**

Even though it is true that the parties have not yet had their claim-construction hearing, the timing of Google's motion prejudices SEVEN. As the court stated in *Allure Energy, Inc. v.*

---

[40]    *See* **Ex. J** at 112, 115–17: Excerpts from Defendants' P.R. 3-3 and 3-4 Invalidity Contentions (dated Nov. 15, 2017).

[41]    *Tech Pharmacy*, 2017 WL 2833460, at *4–5.

[42]    *See id.* at *4.

[43]    *Id.*

[44]    *Id.* at *5.

*Nest Labs, Inc.*, "no experienced practitioner would argue that the sudden introduction of a new prior art reference is not prejudicial. But prejudicing an opponent is the goal of a trial lawyer."[45] Notably, in that case, the court found that defendants' "awareness of the reference well before the deadline to file Invalidity Contentions, and their delay in correcting the Invalidity Contentions," created unfair prejudice that weighed against granting leave to amend.[46] As previously explained, there is no reason Google could not have fully investigated and disclosed the alleged prior art earlier. Worse, once Google knew of the additional information, it waited to inform SEVEN of its intent to amend its invalidity contentions (and serve its 551-page proposed claim chart) until days before the parties were due to exchange proposed terms for construction.[47] Had Google disclosed its desire to add the PortWise reference earlier, SEVEN could have taken that reference into account in identifying claim terms for construction. Google's failure to promptly disclose its intentions prevented SEVEN from doing so. Here, the Court should deny Google's requested amendment, which would only reward Google for its lack of diligence and result in unfair prejudice to SEVEN.

Google mistakenly argues that SEVEN will not suffer any prejudice if the requested amendment is granted because "SEVEN has had notice of the additional PortWise mID information since January 2018, based on the production of PortWise documentation." Google misses the mark for at least two reasons. First, Google's January 2018 production of PortWise information contained only a subset of the documents on which Google's proposed amended invalidity contentions rely. Google has made several PortWise-related productions since then,

---

[45]  84 F. Supp. 3d at 542.

[46]  *Id.*

[47]  Three weeks after the parties exchanged proposed terms for construction, Google served a revised proposed amendment with 130 pages of additional analysis.

most recently on March 7, 2018.[48] That March 7 production included information Google used to

add 130 pages worth of material to its revised proposed claim chart, which Google served the

previous day. Accordingly, Google cannot argue that SEVEN has been "on notice" of the

additional relevant PortWise documentation any earlier than March 7.

Second, even *if* the January 2018 production were enough to put SEVEN "on notice" of

PortWise mID in general, such notice of the alleged art would not satisfy the requirements of

P.R. 3-3 because it would not have put SEVEN on notice of Google's invalidity theory.

"[I]nvalidity contentions serve a function far more important than the mere identity and

disclosure of potentially relevant evidence: they explain exactly *how* the opposing party will use

that evidence to invalidate the patents."[49] If the Court were to accept Google's prejudice

argument, parties would always be permitted to explain their invalidity contentions at the

eleventh hour so long as supporting documentation was produced at some earlier point in the

case—even if that supporting documentation was incomplete. Such a holding would encourage

objectionable litigation tactics and thwart the purpose of the Local Patent Rules, which "exist to

further the goal of full, timely discovery."[50]

---

[48]   *See* Ex. 6 to Defendants' Motion (ECF No. 128). And the productions are likely to
continue, as Google appears to be looking for, but not yet located, source code to produce. *See*
**Ex. K** at 1: Mar. 13, 2018 email from G. Snyder to V. Patel. Although Google's renewed motion
to dismiss (ECF No. 125 at 25–25) and renewed motion to transfer (ECF No. 126 at 8), both
dated March 13, 2018, represent that Google has produced PortWise source code to SEVEN,
Google's email to SEVEN on the same date (**Ex. K** a 1) confirmed the opposite. As of the filing
of this response, Google has not yet produced PortWise source code.

[49]   *Chemfree Corp. v. J. Walter, Inc.*, No. 1:04–CV–311–JTC, 2008 WL 4845129, at *5 (N.D.
Ga. Aug. 27, 2008) (citation omitted).

[50]   *Comp. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)
(citation omitted); *see Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No.
9:07–CV–46, 2008 WL 11344730, at *5 (E.D. Tex. June 9, 2008) (rejecting an outcome that
would encourage parties "to adopt a 'rolling' approach to . . . invalidity contentions in the hope
of hiding their true intentions until late in a case").

Lastly, Google's proposed amendment does indeed unduly prejudice SEVEN at least because it needlessly increases the complexity of the issues to which SEVEN must respond. As explained above, Google fails to demonstrate PortWise mID discloses any features not previously disclosed in the art already listed in Google's original contentions. Despite that, Google requests to add 681 pages of claim charting,[51] eleven new express obviousness combinations,[52] and an undefined number of alternative "catch-all" obviousness combinations based on Google's proposed amended Exhibit 812-B.[53] Specifically, amended Exhibit 812-B would add PortWise mID to a table of "catch-all" references with which Google purports to create an almost unlimited number of additional combinations.[54] Accordingly, Google's requested amendment unnecessarily compounds an already unmanageably large number of potential combinations, unfairly prejudicing SEVEN. This factor therefore also weighs against granting leave to amend.

## CONCLUSION

Under these facts, and in light of the unfair prejudice that would result to SEVEN, Google has failed to demonstrate good cause to permit amending its invalidity contentions. Accordingly, SEVEN respectfully requests that the Court deny Defendants' motion (ECF No. 128) and grant any other relief to which SEVEN may be justly entitled.

---

[51]   *See* Ex. 10 to Defendants' Motion (ECF No. 128).

[52]   *See* Ex. 9 to Defendants' Motion (ECF No. 128) at 120.

[53]   *See* Ex. 11 to Defendants' Motion (ECF No. 128).

[54]   *See, e.g., id.* at 4 ("To the extent a primary or obviousness reference does not disclose this limitation, one of ordinary skill in the art would be motivated to combine the primary or obviousness references with any one or more of the Table 1 references listed below . . . .").

Dated: March 28, 2018

Respectfully submitted,

*/s/ Max Ciccarelli*

**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Herbert J. Hammond**
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**Adrienne E. Dominguez**
  State Bar No. 00793630
  Adrienne.Dominguez@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia E. Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Natalie Cooley**
  State Bar No. 24079912
  Natalie.Cooley@tklaw.com
**Matthew Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**SEVEN NETWORKS, LLC**

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF**
**SEVEN NETWORKS, LLC**

– 16 –

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2018, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF, which sent notification of the filing to all counsel of record.

/s/ Nadia E. Haghighatian
Nadia E. Haghighatian