# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**GOOGLE LLC,**<br><br>      **Defendant.** | Civil Action No. 2:17-cv-00442-JRG<br><br>LEAD CASE<br><br>FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |
| **SEVEN NETWORKS, LLC,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>      **Defendants.** | Civil Action No. 2:17-cv-00441-JRG<br><br>CONSOLIDATED CASE |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SEVEN's Opposition ("Opp.") does not rebut Google's showing that almost all of the witnesses (SEVEN, Google, and third party) and sources of evidence relevant to the claims in this case are located in the Northern District of California ("NDCA"). (Mot. 2-8, 10-13.) SEVEN asks this Court to ignore the location of the inventors, SEVEN's decision makers, and the prior artists. Instead, resorts to pointing to *every* SEVEN employee in its Marshall office (including interns) and unrelated third-parties like MEDCO and TSTC who admittedly have no knowledge relevant to SEVEN's claims and would only testify about SEVEN's "story" and how SEVEN has allegedly "benefited Marshall." (Opp. 7-8.) SEVEN's attempt to prevent transfer with individuals that have no knowledge of the SEVEN's claims should be rejected.

**The Location And Sources Of Proof Favor Transfer.** Under similar facts, the Federal Circuit has found that this factor "weighs strongly in Google's favor." *In re Google Inc.*, No. 17-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) ("*Eolas*"). Just like in this case, in *Eolas*, Google employees who worked on the accused products and had knowledge of the marketing and financials of these products were located in the NDCA, the vast majority of Google's relevant documents were hosted on servers managed from there, and prior art witnesses were there. *In re Google Inc.*, No. 17-107, Dkt. 2-1 at 6-8 (Fed. Cir. Dec. 7, 2016).

Like SEVEN, the plaintiff in *Eolas* alleged that it had "activities, personnel and documents within" this District. *Eolas Technologies, Inc. v. Google Inc.*, No. 15-cv-1039, Dkt. 48 at 5 (E.D. Tex. Nov. 1, 2016). But, as the Federal Circuit found in *Eolas*, "this factor tips significantly in Google's favor" because "the vast majority of Google's employees—in particular those responsible for projects relating to the accused products—work and reside in the Northern District of California." *Eolas*, 2017 WL 977038, at *3; *see also In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014). This is particularly true here, where SEVEN has not shown that its

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Texas employees or documents are relevant to the alleged infringement of the asserted patents invented in the NDCA. *In re Biosearch Techs., Inc*., 452 F. App'x 986, 988 (Fed. Cir. 2011) (discounting plaintiff's evidence "where an invention has no connection with Texas").

SEVEN relies heavily on the decision in *Uniloc USA, Inc. v. Google, Inc.*, No. 2:16-cv-566, Dkt. 75 (E.D. Tex. May 15, 2017), but in *Uniloc*, the plaintiff alleged that its managing executives and former employees lived in this District and had knowledge relevant to damages. Here, SEVEN's managing executives, former employees, and witnesses with knowledge of damages reside in NDCA. (Mot. 3.) Moreover, unlike here, in *Uniloc,* none of the named inventors were located in NDCA. SEVEN claims that its employees in this District have knowledge about one allegedly practicing product developed after all patents-in-suit issued. But SEVEN has already agreed that its employees will not testify about how its products allegedly practice the asserted claims. (Mot. Ex. 3, 2 ("SEVEN confirms that the employees . . . will not testify about how SEVEN's products meet the limitations of the asserted claims."). )

SEVEN alleges that "source code, analytics, debugging information, and support data reside on SEVEN's servers in Marshall" (Opp. 4) but SEVEN has not even produced this information. SEVEN contends that transfer would "impose a significant and unnecessary burden on SEVEN to transport documents from Marshall" to NDCA. (Opp. 7-8.) But SEVEN's Rule 30(b)(6) witness himself admitted that it would not cost much. (Reply Ex. 1, 190:1-7; 191:7-21.) Having moved the boxes from NDCA to Marshall shortly before the litigation, SEVEN should not be allowed to oppose transfer by claiming that it would be too burdensome to move them back. (Mot. 11.) SEVEN has also not identified why these boxes even need to be in NDCA.[1]

SEVEN also alleges that the source of proof in the NDCA "are speculative." (Opp. 6.)

---

[1] SEVEN states without support that these boxes contain relevant documents (Opp. 3-4) but never links the "prosecution-related" documents and customer contracts to the patents-in-suit.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

The inventors, Fortress, and prior artists Rydell, Nokia, and Redhat, all in NDCA, have already produced documents. And SEVEN lists the inventors on its Initial Disclosures. (Mot. Ex. 7.)

**The Convenience Of Non-Party Witnesses Favor Transfer.** SEVEN admits that Google identified four classes of non-party witnesses who live in NDCA with relevant information: (i) inventors of the patents-in-suit; (ii) SEVEN's founders; (iii) SEVEN's funders; and (iv) prior artists.[2] (Mot. 5, 7-8.) SEVEN does not dispute that these more than 30 third-party witnesses live in NDCA. SEVEN only argues that Google does not explicitly "say that any are *likely* to testify at trial." (Opp. 8 (emphasis added).) But the Federal Circuit has already rejected SEVEN's attempt to hold Google "to a higher standard than required by the law," finding that where "*infringement and invalidity might be issues at trial*," defendants only needed to "*have identified witnesses relevant to those issues*." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (emphasis added). These witnesses are relevant to conception (which SEVEN relies on for earlier priority dates), prosecution, validity, and damages.

SEVEN alleges that Google can present the testimony of these witnesses "by deposition" (Opp. 10); however, this would prejudice Google because live testimony offers a "powerful advantage" over "transcripts of depositions" because it allows the factfinder to "observe demeanor, to hear the witnesses rebut one another's testimony in response to questioning from the parties and the judges, and thus to determine credibility." *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1347 (Fed. Cir. 2000). SEVEN relies on *Allergen*, but that case involved a prosecuting attorney whose testimony would be seen only by a judge.

---

[2] SEVEN claims that prior artists "rarely, if ever, actually testify at trial." (Opp. 12-13.) But Google has routinely called prior artists at previous trials in this Court. *See, e.g., SimpleAir, Inc. v. Google Inc.*, No. 14-cv-11 (E.D. Tex.); *ContentGuard Holdings, Inc. v. Google Inc.*, No. 14-cv-61 (E.D. Tex.). SEVEN has also called prior artists to defend itself. *See, e.g., Visto Corp. v. SEVEN Networks, Inc.*, No. 03-cv-333 (E.D. Tex.). This argument should be rejected.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SEVEN also contends that "there is at least one inventor from each of the patents-in-suit who can attend trial here." (Opp. 9.)  First, the willingness of some witnesses to attend trial does not negate the inconvenience for them or others.  *See Groupchatter, LLC v. Itron, Inc.,* No. 15-cv-900, 2016 WL 2758480, at *4 (E.D. Tex. May 12, 2016) ("[T]he willingness of [named inventors] to travel to Texas carries little weight [where] both inventors are located in . . . the district to which transfer is sought.").  Second, SEVEN is seeking to prejudice Google by unilaterally selecting which inventors Google can call at trial by volunteering certain inventors.[3]  This would frustrate the purpose of providing courts with power to compel witnesses for trial.

SEVEN identifies two non-party witnesses in this District who will allegedly testify about "SEVEN's connection to Marshall" to somehow rebut ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and "tell its story." (Opp. 7-8.)  But, SEVEN openly admits that these witnesses know nothing about the issues in this case and this Court routinely excludes irrelevant background testimony at trial, directing parties to give only a "limited factual introduction of their clients." *SimpleAir Inc. v. Google Inc.*, No. 2:14-cv-11-JRG, Dkt. 235 ¶ 7 (E.D. Tex. Oct. 6, 2015).  SEVEN's own telling of its "story" focuses solely on its alleged achievements from its time in NDCA, nor Marshal. (Dkt. 141 at 1.)  SEVEN should not be permitted to label third parties as "witnesses" just because Google has pointed out that Fortress and SEVEN's executives reside in NDCA as part of venue briefing.

**Convenience Of Party Witnesses Favors Transfer.**  SEVEN cannot dispute that there are more party witnesses with knowledge of infringement, invalidity, and damages who will be inconvenienced if the case is not transferred. (Opp. 13.)  SEVEN does not dispute that it has no

---

[3]  SEVEN attempts to put the burden on Google to "show why any particular inventor might be more important than another." (Opp. 9.)  But each inventor will have different knowledge and biases and SEVEN cites no authority to limit Google to one inventor for each patent.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

party witness in this District with knowledge relevant to the claims in this case. Instead, SEVEN argues that every SEVEN employee in this District, including interns, will testify at trial "to rebut Google's negative depiction of SEVEN's business model." (Opp. 13.) The "negative depiction" cited by SEVEN apparently stems from Fortress being in NDCA and that all of its Marshall employees were hired after the patents issued. (Opp. 7.) SEVEN fails to explain how any of its 10 Marshall employees could rebut these facts or why its CEO and CTO—who both reside in NDCA and have better knowledge of SEVEN's business—could not provide this testimony. *SimpleAir,* No. 2:14-cv-11-JRG, Dkt. 235 ¶ 7. The Marshall employees do not have knowledge relevant to any claims and will not testify as to how the patents are practiced.

**There Are No Practical Problems Transferring To NDCA.** In citing the co-pending cases, SEVEN ignores that the transfer analysis proceeds on an "individualized, case-by-case" basis. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). It "cannot be correct" that "the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor." *Eolas*, 2017 WL 977038, at *2. SEVEN cites to *Vistaprint¸* but the Federal Circuit has distinguished those older cases where, as here, "Google has a strong presence in the transferee district" and held it is error to "allow[] the co-pending litigation to dominate the analysis." *Id.* The concurrent hearing with the *ZTE* court has no bearing here. *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (analysis must be "based on the situation which existed when suit was instituted"). SEVEN points to the shorter trial time but this has little weight given its speculative nature. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).

**Local Interests Favor Transfer.** SEVEN contends that its presence here is "far from limited" (Opp. 15) but this does not outweigh NDCA's significant interests in this case. Under these facts, "this [] weighs in Google's favor as well." *Eolas*, 2017 WL 977038, at *3 n 3.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: April 4, 2018 

Respectfully submitted,

/s/ Sean S. Pak
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Lance L. Yang
lanceyang@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 4, 2018.

*/s/ Miles D. Freeman*
Miles D. Freeman

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order (Dkt. 88).

*/s/ Miles D. Freeman*
Miles D. Freeman