# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE |
| v. | |
| GOOGLE LLC, | PATENT CASE |
| Defendant. | JURY TRIAL DEMANDED |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD., | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |
| Defendants. | |

# SEVEN'S MOTION TO COMPEL GOOGLE'S COMPLIANCE WITH ITS DISCOVERY OBLIGATIONS

## Introduction

The Discovery Order in this case required Google to produce all relevant documents "[w]ithout awaiting a discovery request." *See* ECF No. 106 ¶ 3(b). And SEVEN served its First Common and Individual Interrogatories to Google on October 17, 2017. Yet months later, despite extensive written and verbal correspondence, SEVEN still has not received complete document productions or interrogatory responses from Google—or even dates when SEVEN can expect that information—despite Google's commitments to produce the requested discovery. Google says it will produce the discovery, but does not follow through. SEVEN therefore must seek Court assistance to secure Google's compliance with its discovery obligations.

Accordingly, SEVEN asks the Court to compel Google to (i) produce financial and damages-related documents responsive to categories 35, 38, 44, 53, 56, 58, 62, 69, 72, 74, 78, 88–90, 116–122, 125–141, 145–154, 160–180, and 186 identified in SEVEN's September 25, 2017 letter; (ii) respond completely to Individual Interrogatory No. 2 by providing requested sales information for all Accused Products; and (iii) respond completely to Common Interrogatory No. 5 by providing all relevant license agreements.

## Background

Although this Court's discovery procedures are intended to "obviate the need for requests for production," *see* ECF No. 106 at 2 n.1, SEVEN identified in a September 25, 2017 letter categories of documents it expected Google to produce, "[t]o facilitate Google's production of all relevant documents in accordance with the Court's practice for Initial and Additional Disclosures." Then three weeks later, on October 17, SEVEN served its First Common and Individual Interrogatories to Google.

But several months after serving these requests, Google still had not provided complete document productions or interrogatory responses. So on January 16, 2018, SEVEN sent Google a letter identifying and asking it to cure the deficiencies in its interrogatory responses (Interrogatory Deficiency Letter). And on March 15, SEVEN sent Google a similar letter regarding its document deficiencies (Document Deficiency Letter), "list[ing], by category, the items [SEVEN] contends should be produced." *See* ECF No. 106 ¶ 9(a).

On March 26, the Parties participated in a lead-and-local meet-and-confer, in which Google—without objecting to the substance of the requests—committed to provide most of the requested information and dates when SEVEN could expect those productions.[1] But two weeks after the meet-and-confer, Google had provided neither the outstanding discovery, nor promised dates of production.[2] Accordingly, SEVEN gave Google until Friday, April 13, to provide the documents and responses.[3] But again Google did not produce the information.

SEVEN's interrogatories have been outstanding for more than six months, and Google has been under an obligation to produce all relevant documents since discovery opened. But rather than comply with its discovery obligations, Google has put off responding and producing documents, seemingly indefinitely. As a result, SEVEN must seek the Court's assistance to secure Google's compliance.

---

[1] *See generally* **Ex. A**: April 3 & 11, 2018 Emails from M. Ciccarelli to S. Pak.

[2] *See* **Ex. A**: April 11, 2018 Email from M. Ciccarelli to S. Pak.

[3] *See* **Ex. A**: April 11, 2018 Email from M. Ciccarelli to S. Pak.

## ARGUMENTS AND AUTHORITIES

**A. <u>Legal standard</u>: Google must produce all the relevant, proportional discovery SEVEN seeks.**

The Federal Rules of Civil Procedure provide for broad discovery—parties are entitled to discover any non-privileged matter relevant to any party's claim or defense in proportion to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The Discovery Order in this case requires the Parties to "produce or permit the inspection of all documents . . . that are relevant to the pleaded claims or defenses involved in this action," "*[w]ithout awaiting a discovery request*." *See* ECF No. 106 ¶ 3(b) (emphasis added). "A major purpose of [such] mandatory disclosure rules [i]s to eliminate the need for lengthy and costly paper discovery and depositions that formerly had to be used to worm even basic information out of an opponent." *Davis v. Signal Int'l Tex. GP, LLC*, No. 1-11-CV-300, 2012 WL 13036255, at *4–5 (E.D. Tex. Oct. 22, 2012) (citing similar provision of the Order Governing Proceedings in that matter).

When a party fails to answer a discovery request or produce documents according to mandatory disclosure rules, the requesting party may move to compel an answer. *See* Fed. R. Civ. P. 37(a)(3); *see also Davis*, 2012 WL 13036255, at *5. "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The burden is on "[t]he party resisting discovery [to] show specifically how each discovery request is not relevant or [is] otherwise objectionable." *See McKinney/Pearl Rest. Partners, L.P. v. Metropolitan Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *4 (N.D. Tex. May 25, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Here, Google does not attempt to—and indeed cannot—show that SEVEN's basic discovery requests seek irrelevant or otherwise objectionable information; quite the contrary, Google has agreed to provide the requested information. It simply has not done so.

**B. Google must produce financial and damages-related information as required by this Court's disclosure protocol and in response to Individual Interrogatory No. 2.**

On September 25, 2017, SEVEN sent Google a letter identifying document categories relevant to this case's claims and defenses. Among other things, SEVEN asked Google to produce financial and damages-related documents including, for example, customer identities and agreements (categories 121–122, 152); revenues (categories 127, 137–138, 141, 174, 175, 178); costs (categories 129–130); and profits (categories 131, 139, 186) related to the Accused Products. By March 15, 2018, when Google still had not produced this information, SEVEN sent its Document Deficiency Letter asking Google to produce documents responsive to these and other identified categories.

SEVEN followed a similar process with regard to Individual Interrogatory No. 2. With that request, SEVEN also asked Google to identify financial and damages-related information, namely monthly, quarterly, and annual sales of each Accused Mobile Product, including units, prices, revenues, costs, and profits for each. Google improperly responded to Individual Interrogatory No. 2, purporting to invoke Rule 33(d) even though it did not identify—and had not produced—documents responsive to the request. SEVEN asked Google to remedy this error in its January 16 Interrogatory Deficiency Letter.

After Google did not respond to SEVEN's deficiency letters, SEVEN requested a lead-and-local meet-and-confer. At the March 26 lead-and-local meet-and-confer, Google "committed to producing the requested information" in Individual Interrogatory No. 2, and a date certain for

that production.[4] Google also said that it would tell SEVEN whether it would produce the identified documents, and a date by which it would do so.[5] Two weeks passed, and SEVEN received neither the requested discovery, nor promised response dates. SEVEN then gave Google a final opportunity to provide the information by April 13, but Google did not.[6]

Google must produce this long-outstanding financial and damages-related discovery consistent with the Federal Rules, this Court's local rules and orders, and Google's own agreements. SEVEN asks the Court to compel Google to do so now.

**C. Google must provide license agreements relevant to a reasonable-royalty determination as requested in Common Interrogatory No. 5.**

In Common Interrogatory No. 5, SEVEN seeks the identification and description of patent license or purchase agreements relevant to the determination of a reasonable royalty. But as with its response to Individual Interrogatory No. 2, Google improperly relied on Rule 33(d) to respond to this interrogatory, without identifying documents. SEVEN brought this error to Google's attention in its January 16 Interrogatory Deficiency Letter.

In the Parties' March 26 meet-and-confer, Google stated its intention to supplement its response to Common Interrogatory No. 5 to identify recently produced license agreements,[7] as required by Rule 33(d). *See* Fed. R. Civ. P. 33(d) (requiring a party responding to an interrogatory

---

[4] *See* **Ex. A**: April 3, 2018 Email from M. Ciccarelli to S. Pak.

[5] *See* **Ex. A**: April 3, 2018 Email from M. Ciccarelli to S. Pak.

[6] *See* **Ex. A**: April 11, 2018 Email from M. Ciccarelli to S. Pak. On April 13, Google served two spreadsheets reflecting revenue information for tablets, phones, and chromebooks. But this information is still incomplete, and therefore a failure to respond. *See* Fed. R. Civ. P. 37(a)(4). For example, the spreadsheets contain no sales information for the accused Google Play or 2-Step Verification products. And they contain no unit or pricing information for even the sales reflected.

[7] *See* **Ex. A**: April 3, 2018 Email from M. Ciccarelli to S. Pak.

with business records to specify the records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could). Google further stated that additional license agreements may be forthcoming, subject to third-party notice provisions.[8] And Google committed to provide a date certain by which it would supplement its response, and to inform SEVEN of how many additional licenses would require notice to or consent from third parties prior to production.[9] But once again, SEVEN has not received (i) a supplemental interrogatory response identifying licenses by Bates number or a date certain by which one will be provided; (ii) additional license agreements; or (iii) information about third-party notice or consent requirements.

If Google has produced all license agreements except those for which third-party notice or consent is required, it should say so, and provide dates when those licenses will be produced. Google has had since October 2017 to satisfy any third-party notice or consent requirements. Either Google has unnecessarily delayed notifying third parties, or a Court order is necessary to resolve third-party obstacles. SEVEN thus asks the Court to compel Google to produce this information.

## Conclusion

Google's continued delay and failure to comply with its discovery obligations violates the Federal Rules, this Court's local rules and orders, and Google's own agreements. SEVEN therefore asks the Court to compel Google to produce documents responsive to at least the following categories of financial and damages-related information about the Accused Products identified in SEVEN's September 25, 2017 letter: product value (categories 35, 38, 44, 53, 56,

---

[8] *See* **Ex. A**: April 3, 2018 Email from M. Ciccarelli to S. Pak.
[9] *See* **Ex. A**: April 3, 2018 Email from M. Ciccarelli to S. Pak.

58, 62, 69, 72, 74, 78, 116–120, 145–151, 177); importations (categories 88–90, 128); user and download information (categories 132–136, 140, 172–173, 176); strategic, financial, and marketing plans, forecasts, analyses, and reports (categories 160–162); customer and partner identities and agreements (categories 121–122, 152, 154); sales prices and negotiations, units sold, and revenues (categories 125–127, 137–138, 141, 153, 174–175, 178); costs (categories 129–130); profits (categories 131, 139, 186); board of directors and similar meetings (categories 163–164); license agreements (categories 165–169); royalties (categories 170–171, 179); and inventories (category 180). SEVEN also asks the Court to compel Google to respond completely to Individual Interrogatory No. 2 and Common Interrogatory No. 5. And because Google's more than six-month delay has already prejudiced SEVEN's ability to prepare its case, SEVEN asks the Court to compel Google to produce the requested documents and responses within ten days of an order granting this Motion.

Dated: April 19, 2018

Respectfully submitted,

*/s/ Max Ciccarelli*

| | |
|---|---|
| **Bruce S. Sostek**<br>  State Bar No. 18855700<br>  Bruce.Sostek@tklaw.com<br>**Max Ciccarelli**<br>  State Bar No. 00787242<br>  Max.Ciccarelli@tklaw.com<br>**Richard L. Wynne, Jr.**<br>  State Bar No. 24003214<br>  Richard.Wynne@tklaw.com<br>**Vishal Patel**<br>  State Bar No. 24065885<br>  Vishal.Patel@tklaw.com<br>**Nadia Haghighatian**<br>  State Bar No. 24087652<br>  Nadia.Haghighatian@tklaw.com<br>**Austin Teng**<br>  State Bar No. 24093247<br>  Austin.Teng@tklaw.com<br>**Matt Cornelia**<br>  State Bar No. 24097534<br>  Matt.Cornelia@tklaw.com<br>**THOMPSON & KNIGHT LLP**<br>One Arts Plaza<br>1722 Routh St., Suite 1500<br>Dallas, Texas 75201<br>214.969.1700<br>214.969.1751 (Fax) | **Samuel F. Baxter**<br>  Texas State Bar No. 01938000<br>  sbaxter@mckoolsmith.com<br>MCKOOL SMITH, P.C.<br>104 E. Houston Street, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>**Theodore Stevenson, III**<br>  Texas State Bar No. 19196650<br>  tstevenson@mckoolsmith.com<br>**Eric S. Hansen**<br>  Texas State Bar No. 24062763<br>  ehansen@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044 |

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS LLC**

**CERTIFICATE OF SERVICE**

I certify that on April 19, 2018, a true and correct copy of the foregoing document was served on all counsel of record via ECF.

/s/ Max Ciccarelli
Max Ciccarelli

**CERTIFICATE OF CONFERENCE**

On January 16, Vishal Patel (SEVEN) sent Lance Yang (Google) a letter addressing the deficiencies in Google's interrogatory responses. And on March 15, Vishal Patel sent Brian Mack (Google) a letter addressing Google's document-production deficiencies. When those deficiencies were not cured, the Parties conducted a telephonic lead-and-local meet-and-confer on March 26, 2018, in compliance with L.R. CV-7(h). The undersigned participated on SEVEN's behalf, and Sean Pak and Michael Jones participated on Google's behalf. During the meet-and-confer, Google agreed to provide most of the requested discovery and dates certain on which it would do so. But two weeks later, Google had done neither. SEVEN thereafter asked Google to produce the outstanding discovery by April 13. But Google did not respond, and did not provide the discovery. Accordingly, the Parties have reached an impasse—although SEVEN has spent months trying to get Google to produce the requested discovery, it has not been successful. Court assistance is therefore necessary to compel Google's compliance. This Motion is opposed.

/s/ Max Ciccarelli
Max Ciccarelli

/s/ Samuel F. Baxter
Samuel F. Baxter