**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-cv-00442-JRG |
| | ) | |
| GOOGLE LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**GOOGLE LLC'S RESPONSE TO SEVEN NETWORKS' MOTION TO COMPEL GOOGLE'S COMPLIANCE WITH ITS DISCOVERY OBLIGATIONS**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

A. SEVEN Moves To Compel Responses to Interrogatories 2 and 5 Even Though Google Had Already Committed To Respond and Has Done So. ........ 2

B. SEVEN Moves To Compel Compliance with 69 Document Requests That Are, to Varying Degrees, Overbroad and Not Proportional. ........ 3

III. ARGUMENT ........ 3

A. The Vast Majority of SEVEN's Motion Should Be Denied As Moot. ........ 3

B. The Court Should Deny SEVEN'S Motion Because It Was Premature. ........ 4

C. The Court Should Not Advance the Parties' July 6 Substantial Completion Deadline. ........ 4

D. The Remainder of SEVEN's Motion Should Be Denied. ........ 4

1. The Parties Are Still Working Through the Meet and Confer Process With Respect to RFPs 88-90, 125, 128, 180, 121-122, 160-162, 166, and 152-154 and 186. ........ 4

2. Requests 172-177 Are Overly Broad, Irrelevant, Unduly Burdensome and Not Proportional to the Needs of the Case. ........ 6

E. Google Is Entitled to its Fees and Expenses in Opposing This Motion. ........ 7

IV. CONCLUSION ........ 7

## I. INTRODUCTION

SEVEN moves to compel Google's compliance with two interrogatories and 69 document requests that seek information on a wide range of topics. SEVEN filed its Motion prematurely, before the parties had reached impasse on the majority of SEVEN's requests. In the three weeks since SEVEN filed its Motion, the parties have been doing the work SEVEN should have undertaken before it filed its Motion—namely, crystallizing disputes for the Court's consideration. The parties have reached agreement on the scope of information Google will provide in response to the vast majority of SEVEN's overbroad requests, rendering most of SEVEN's Motion moot. Google has already started producing that information and will continue to do so on a rolling basis over the course of the next month—still well in advance of the parties' substantial completion deadline. There are some issues that the Court may ultimately have to decide with regard to the proper breadth of certain requests, such as SEVEN's wide-ranging requests for information regarding non-accused functionality. But the issues in dispute at this point are far narrower than when SEVEN filed its Motion.

SEVEN's only purported justification for filing its Motion when it did—before any substantive issues had been crystallized—is that SEVEN wants Google to substantially complete its production of documents responsive to all 69 requests by some date certain in May rather than by the Court-ordered deadline of July 6, 2018. SEVEN's unilateral demand to advance a Court-ordered deadline is no reason to file a sweeping motion to compel before the parties have reached an impasse. Moreover, Google has already completed its production of documents in response to several requests, will complete its production of documents in response to many more requests in the coming weeks, and is on track to meet all of its obligations by the

substantial completion deadline. SEVEN's motion has been a waste of the parties' and the Court's resources, and Google is entitled to the costs it incurred in responding to it.

## II. BACKGROUND

### A. SEVEN Moves To Compel Responses to Interrogatories 2 and 5 Even Though Google Had Already Committed To Respond and Has Done So.

With respect to Interrogatory Nos. 2 and 5, SEVEN's Motion focuses on Google's production of the requested financial and license information. (Mot. 4, 6.) But, even by the time SEVEN had filed its Motion, Google had already committed to produce the requested information, and had started producing it.

Interrogatory No. 2 calls for financial information regarding the accused hardware products. SEVEN's Motion admits that (i) Google agreed to provide this information (Mot. 4 (Google has "committed to producing the requested information")) and (ii) that, by the time SEVEN filed its Motion, Google had in fact provided this information. (Mot. 5 n.6 (acknowledging that "Google served two spreadsheets reflecting revenue information for tablets, phones, and chromebooks" on April 13, 2018)). Google began producing the requested financial information almost three months before the substantial completion deadline, and Google will soon complete its production of this information.

Interrogatory No. 5 calls for patent licenses or purchase agreements that may be relevant to the determination of a reasonable royalty. Once again, Google began producing responsive patent licenses early, with an initial production on March 23, 2018, three and a half months before the substantial completion deadline. As SEVEN admits, Google had also committed to making a small, follow-up production of responsive licenses once it provided proper notice to relevant third parties. (Mot. 6.) Google completed its production of licenses on May 2, 2018.

Google has supplemented its responses to Interrogatory Nos. 2 and 5 accordingly.

### B. SEVEN Moves To Compel Compliance with 69 Document Requests That Are, to Varying Degrees, Overbroad and Not Proportional.

SEVEN's Motion also seeks Google's compliance with 69 document requests. (Mot. 1.) The parties had not reached impasse on these requests before SEVEN filed its Motion. After SEVEN filed its Motion, the parties met and conferred, and Google confirmed that it would be producing documents in response to a majority of them. For example, Google and SEVEN have reached agreement on the scope of RFPs 35, 53, 69, 44, 62, 78, 38, 56, 72, 58, 74, 116-120, 145-151, 178, 126, 127, 129-141, 163-165, 167-171, and 179. However, as discussed below, SEVEN's requests remain overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case. Google objects to these requests as drafted.[1]

## III. ARGUMENT

### A. The Vast Majority of SEVEN's Motion Should Be Denied As Moot.

The vast majority of SEVEN's Motion should be denied because it is moot. With respect to Interrogatories 2 and 5, Google has now either produced the requested information (in the case of patent licenses) or started to produce it and will finish producing it soon (in the case of financial information). Google has also supplemented its responses to Interrogatories 2 and 5 accordingly. Google was never—and is still not—refusing to provide this information.

With respect to 47 of SEVEN's 69 document requests, SEVEN's Motion is also moot. Google has reached agreements to produce documents in response to the vast majority of SEVEN's requests without any need to burden the Court. Google has already started producing responsive documents and will continue to do so over the course of the next month. Google has

[1] Although Google objects to the breadth of the requests, it continues to meet-and-confer with SEVEN, and it may be that the Court's intervention is not necessary with respect to these requests.

even offered to prioritize the production of certain categories of information upon a reasonable request from SEVEN, but to date, SEVEN has not taken Google up on this offer.

### B. The Court Should Deny SEVEN'S Motion Because It Was Premature.

The parties had not reached impasse before SEVEN filed its Motion, as required by Local Rule CV-7(h). With respect to Interrogatories 2 and 5, Google had already agreed to provide the requested information. With respect to SEVEN's 69 document requests, the parties had not crystallized any disputes. Google repeatedly asked SEVEN to withdraw its Motion while the parties continued to meet and confer, and Google put SEVEN on notice that Google would seek its fees and costs in responding to it if the Motion was not withdrawn. SEVEN refused. Because SEVEN's Motion was premature—as clearly evidenced by the number of agreements that have been reached by the parties on the issues raised in the Motion in subsequent meet and confers, detailed immediately above—the Court should deny it outright.

### C. The Court Should Not Advance the Parties' July 6 Substantial Completion Deadline.

SEVEN's only purported justification for filing its Motion prematurely is that it wants Google to substantially complete its production of documents in May, rather than by the Court-ordered deadline for substantial completion, which is July 6, 2018. SEVEN has never articulated any reason why this relief should be granted. Google is on track to meet all of its obligations by the substantial completion deadline and is providing rolling productions. The Court should not advance this deadline at SEVEN's request.

### D. The Remainder of SEVEN's Motion Should Be Denied.

#### 1. *The Parties Are Still Working Through the Meet and Confer Process With Respect to RFPs 88-90, 125, 128, 180, 121-122, 160-162, 166, and 152-154 and 186.*

The parties are still working through the meet and confer process with respect to some of SEVEN's Requests. For example, Requests 88-90, 128 and 180 call for detailed information regarding importation, including information such as the "importer of record" and the "port of entry" for each of the accused devices. Requests 121-122 call for information regarding Google's customers, sales channels and distribution channels. Request 166 calls for "*all* agreements relating to batteries for mobile devices," Requests 152-154 call for "*all* agreements relating to the sale, distribution, or importation" of the accused products, and Request 186 calls for "*all* . . . company-level profit and loss statements" since 2011. Requests 160-162 call for information regarding Google's business plans for the accused products generally, untethered to the accused features. Request 125 calls for information regarding the "retail sales price" and "actual sales price" of the accused products, information that is publicly available or discernable from information Google has already produced. Many of these requests are overbroad and not proportional to the needs of the case.[2] For instance, why does SEVEN need information about ports of entry or location of inventory? Why does it need the identity of individual customers? Why does SEVEN need every P&L statement within Google, even for unaccused product areas? SEVEN's Motion fails to articulate any basis for relevance or proportionality for these requests.

Earlier this week SEVEN indicated that it may be willing to drop or narrow Requests 88-90, 128, 180 and 121-122 if Google provides some high-level information on those subjects. SEVEN also indicated that it may be willing to accept a subset of agreements in response to Requests 166 and 152-154, which could alleviate Google's objections. The parties may still be able to resolve these requests without any intervention from the Court, but Google stands on its objections absent an adequate agreement to narrow these requests.

---

[2] They are also unbounded in time and geography, and Google objects on that basis as well.

2. *Requests 172-177 Are Overly Broad, Irrelevant, Unduly Burdensome and Not Proportional to the Needs of the Case.*

The parties are more likely to need assistance from the Court in resolving RFPs 172-177, which call for information regarding Google's collection of user data and associated revenue such as "the types of user data collected by Google," "the purposes for which Google uses data," "the value (incremental or otherwise) to Google of each new user," "all revenue Google collects from user data," and "advertising revenue . . . from advertisements targeted to users." As written, SEVEN's requests call for information regarding *all* user data collected from every single aspect of a user's phone, whether it be identifying information like a user's name, phone number or location, or data provided in connection with Google products like Chrome, YouTube or Search (none of which is accused). SEVEN's requests also call for information regarding "*all* advertising revenue" Google collects from *any* "advertisements targeted to users" of the accused hardware devices. As written, this would include every type of advertising revenue generated from *any* Google service, including Search and YouTube (neither of which is accused). Collecting this information would require an extremely burdensome company-wide search for irrelevant information that is disproportionate to the needs of this case.

SEVEN has not articulated any relevance basis that would justify this burden, much less a relevance basis that can overcome the requirement that all requested discovery be proportional to the needs of the case. While SEVEN accuses certain aspects of battery management, Google Play, and 2-Step Verification, SEVEN's infringement contentions do not relate to the collection of user data or advertising at all. And SEVEN's requests are not even tied to the accused functionality. SEVEN seeks revenue information derived from user data on the accused devices generally; SEVEN's requests are not tied to the revenue from the accused products, let alone the accused features. This, alone, is grounds to deny these requests. *CooperVision, Inc. v. Ciba*

*Vision Corp.*, No. 2:06-cv-149, 2007 WL 2264848, at *3 (E.D. Tex. Aug. 6, 2007) (denying motion to compel information that was not connected to plaintiff's infringement contentions).

SEVEN vaguely argues that it needs this information "for damages." But SEVEN has not articulated any theory of damages that could involve this information. Google has been pushing for SEVEN to disclose information regarding its damages theory, both as part of its Rule 26(a) disclosures and in response to Google's Interrogatory No. 1. Despite this, the *only* thing Google knows about SEVEN's damages theory is that SEVEN is seeking a reasonable royalty, rather than lost profits—and even this SEVEN only disclosed recently, after filing this Motion. The Court should not allow SEVEN unfettered discovery into unrelated and unaccused technologies because SEVEN thinks it *might* be able to use such information "for damages."

### E. Google Is Entitled to its Fees and Expenses in Opposing This Motion.

Federal Rule of Civil Procedure 37(a)(5)(B) authorizes a court denying a discovery motion to award reasonable expenses incurred in opposing a motion unless "the motion was substantially justified." As discussed above, SEVEN filed this Motion on topics Google had already agreed to provide and before the parties had reached impasse. Google timely notified SEVEN that Google would seek fees and expenses if SEVEN did not withdraw its motion. SEVEN did not. Instead, SEVEN forced Google to undertake the unnecessary cost and burden of responding to the allegations set forth in the Motion, many of which are moot.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny SEVEN's Motion and order SEVEN to pay Google's fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(B).

Dated: May 11, 2018

Respectfully submitted,

*/s/ Sean S. Pak*

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail pursuant to the Court's Pacer-ECF system on May 11, 2018.

*/s/ Sean Pak*