**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  2:17-CV-00442-JRG |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court is Defendant Google LLC's ("Google") Motion for Leave to Supplement Invalidity Contentions to Add PortWise Prior Art System ("PortWise Motion") (Dkt. No. 128) and Google's Motion to Amend/Correct Invalidity Contentions to Add July Systems Mobile Marketplace Solutions Prior Art System ("July Systems Motion") (Dkt. No. 155).  The Court held a hearing on both Motions on June 1, 2018 (Dkt. No. 186; Dkt. No. 192 ("Hr'g Tr.")).

A party seeking to modify the Court's Docket Control order must show "good cause." Fed. R. Civ. P. 16(b).  Local Patent Rule 3-6(b) allows a party to supplement its Invalidity Contentions "only by order of the Court, which shall be entered only upon a showing of good cause."  U.S. Dist. Ct. E.D. Tex. Patent L.R. 3-6(b).   While a Court has broad discretion to grant untimely motions to amend pleadings, it should consider four factors in ruling on such motions: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).   Where local rules are unique to patent cases and are

likely to directly affect the substantive patent law theories that may be presented at trial, issues concerning the validity and interpretation of such local rules are governed by Federal Circuit law. *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed.Cir.2006). The Federal Circuit has upheld the validity of local rules, similar to those in this district, that require early disclosure of infringement and invalidity contentions but allow amendments to contentions upon showing of a "good cause."  *Id*. at 1366 (upholding the Northern District of California's application of local patent rules related to amendment of infringement and invalidity contentions).

Turning first to the PortWise Motion, having considered the Motion, the Court is of the opinion it should be **DENIED**.  Specifically, the Court finds that Google was aware of the PortWise system prior to the service of its infringement contentions and did not, in the Court's view, show sufficient diligence in its development of the information required to chart the PortWise system.  Accordingly, it has failed to demonstrate the requisite good cause to necessitate deviation from the deadlines set forth in the Docket Control Order.  Google's argument that SEVEN Networks, LLC ("SEVEN") suffers no prejudice is of no moment.  A lack of prejudice to SEVEN, supposing that there was truly no prejudice, is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone. *Grudowski v. Butler Paper Co.*, 670 F. Supp. 242, 248 (N.D. Ind. 1987) ("By itself a lack of prejudice is not sufficient to sanction deviation from important established procedures").[1]  Further,

---

[1] *See also Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (citation omitted) (holding, in a similar circumstance, that while "granting an extension would cause no prejudice," "this showing alone . . . [does not] justif[y ]finding that counsel's misconstruction of the rules was [] "excusable" neglect: "The word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.")

Google demonstrated at argument before the Court that its position that there was no prejudice to SEVEN with respect to the PortWise system[2] was not completely candid, as the PortWise system is "a new reference," so SEVEN "will require, you know, additional depositions or additional time."[3]

The Court does not consider Google to have demonstrated the requisite good cause required to justify deviation from the established deadlines of the Docket Control Order in this instance. Accordingly, the PortWise Motion (Dkt. No. 128) is hereby **DENIED**.

However, the Court reaches a different conclusion with respect to the July Systems Motion. While the Court is somewhat concerned at the ease through which Google might have found the prior art at issue through its *own* prior art search via Google Patents, the Court finds that SEVEN has not undermined Google's showing of diligence regarding the July Systems prior art.  It is undisputed that Google did not possess knowledge of the July Systems prior art when it served its invalidity contentions.  Additionally, as noted by Google, and confirmed by SEVEN,[4] the prejudice faced by SEVEN in this instance is minimal.  The Court further finds that Google demonstrated the required diligence in developing the prior art following its discovery.  Accordingly, the Court finds Google has met its burden to demonstrate good cause permitting deviation from the Docket Control Order.  The Court hereby **GRANTS** the July System Motion (Dkt. No. 155).

---

[2] (Hr'g Tr. at 68:9–10 ([Ms. Cooper:] "there's really no prejudice at all to SEVEN in this case."))

[3] (Hr'g Tr. at 80:7–22 ("THE COURT: I assume your argument as regards to prejudice would be the same here?
MS. COOPER: Well, with a little bit of a twist because SEVEN -- because this is already a prior art reference for the other patent, for the '158 patent. So it's not that this is a new reference that will require, you know, additional depositions or additional time. It – it will just be at the margin some additional work because we're using it for two patents.
THE COURT: So this one really doesn't have any prejudice. The other one where you told me there wasn't any prejudice may have some prejudice?
MS. COOPER: Well, I -- I disagree with you. This one has none.
THE COURT: I'm just comparing what I've heard on both motions.")).

[4] (Hr'g Tr. at 82:8–11 ([Mr. Cohen:] "this particular motion has less prejudice. This prior art will be in the case regardless. What this requires of SEVEN is more analysis for a particular patent.")).

**So Ordered this**

**Jun 8, 2018**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE