# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC,** | |
| Plaintiff, | Civil Action No. 2:17-cv-00442-JRG |
| v. | LEAD CASE |
| GOOGLE LLC, | FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |
| Defendant. | |

## DEFENDANT GOOGLE LLC'S OPPOSITION TO SEVEN'S MOTION FOR LEAVE TO SUPPLEMENT IN OPPOSITION TO GOOGLE'S MOTION TO DISMISS

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SEVEN's new citation and two pages of reargument should be disregarded as untimely and cumulative. Repeating arguments from its initial papers, SEVEN states: "Relevant to this inquiry, the *Cray* court explained that 'a defendant's representations that it has a place of business in the district are relevant.' *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017)." It then cites an illustration from a marketing webpage that states that "content" can be retrieved from multiple "Google locations" including from "Edge Nodes," which SEVEN asserts are the GCC servers. But this is not a representation by Google "that it has a place of business" in the Eastern District of Texas. The word "location" has several meanings. In computer processing, it means the "virtual" space where data is located. Ex. 1 ("Location: Any place in computer memory in which an item of data—usually a word or byte—can be stored in binary form."). Google's use of "location" here is a reference to the virtual spaces where its data – "content" – can be found. That is why the cited reference does not identify any "place" but rather identifies computer hardware and software, such as "Edge Nodes." The citation in no way suggests, nor could be interpreted to suggest, that Google has "a place of business" at its "Edge Nodes," much less a place of business specifically in the Eastern District of Texas. Because SEVEN's submission is untimely and irrelevant, its motion should be denied. Should the Court consider the submission, however, the Court should find the referenced web page shows the processing of "content" in virtual space, not any representation by Google that it has a "brick and mortar" place of business as required by *In re Cray*.

I. **SEVEN'S MOTION IMPROPERLY ADDS NEW ARGUMENT AND IS INEXCUSABLY UNTIMELY**

SEVEN's Motion should be denied as an improper attempt to introduce argument on the underlying question of venue to incorrectly allege that Google "admits" that GGC servers are "locations" and locations "of Google." *See* Mot. at 3. SEVEN introduces over two pages of new

1

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

argument yet failed to request leave for additional briefing despite briefing on Google's Second Renewed Motion to Dismiss being closed for several months. For this reason alone, SEVEN's attempt to circumvent the Court's page limits should be denied. *See Sensormatic Electronics Corp. v. WG Sec. Products, Inc.*, No. 2:04-cv-167, 2006 WL 5105265, at *1 (E.D. Tex. May 5, 2006) (denying motion for leave to file supplemental brief submitted days *before* hearing).

Moreover, SEVEN's request for leave to submit an excerpt from the public homepage of the peering.google.com website should be denied as untimely. SEVEN has known of the peering.google.com website since at least October 2017, as evidenced by the fact that SEVEN relied heavily on other excerpts from that website in its opposition and sur-reply to Google's first renewed motion to dismiss. *See*, *e.g.*, Dkt. 76 at 2-4, 14, 17; Dkts. 76-7, 76-9, 76-10, 76-17; Dkt. 92 at 6. Indeed, SEVEN cited the specific webpage-at-issue in its own letters regarding venue discovery in January and February 2018. *See* Ex. 2 at 2; Ex. 3 at 6. In SEVEN's opposition and sur-reply to Google's Second Renewed Motion to Dismiss, SEVEN once again cited to other excerpts from the peering.google.com website at issue here. *See*, *e.g.*, Dkt. 141 at 3-7, 24; Dkt. 141-12 at 9-10; Dkt. 141-13, Dkt. 141-19, Dkt. 141-22; Dkt. 154 at 4-5. SEVEN even marked the exact excerpt-at-issue as an exhibit during the April 18, 2018 deposition of its venue expert. Ex. 4. SEVEN's choice to wait until *after* the June 1st hearing to file the present Motion is untimely and deprives Google of the opportunity to properly address the excerpt.

SEVEN has not provided any justification, at all, for its failure to include the excerpt-at-issue in its briefs—and it cannot. Thus, SEVEN's Motion should be denied. *See Max Blu Technologies, LLC v. Cinedigm Corp.*, No. 2:15-cv-1369-JRG, Dkt. 86, at *3-4 (E.D. Tex. May 5, 2016) (denying motion for leave to file supplemental brief submitted five days after oral argument because party failed to diligently investigate evidence readily available to it).

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

II. **SEVEN'S ADDITIONAL ARGUMENTS REGARDING VENUE ADD NOTHING NEW TO THE VENUE ANALYSIS AND ARE IRRELEVANT**

To the extent the Court grants SEVEN's Motion, the excerpt-at-issue is consistent with the evidence already in the record and supports dismissal for lack of venue. The excerpt-at-issue states that the "app or browser *retrieves the content* required; this can come from multiple Google *locations*, including . . . Edge Nodes." Dkt. 197-1 (emphasis added). The evidence in the record already shows that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And this is consistent with a technical definition of "location" as well. Ex. 1 ("Location: Any place in computer memory in which an item of data—usually a word or byte—can be stored in binary form."). The retrieval of content (*i.e.*, electronic communications) from servers (*i.e.*, virtual space) is precisely the scenario that the Federal Circuit has held as insufficient for establishing venue. *See In re Cray, Inc.,* 871 F.3d 1355, 1362 (Fed. Cir. 2017) ("The statute thus cannot be read to refer merely to a virtual space or to electronic communications from one person to another."); *see also Personal Audio, LLC v. Google, Inc.,* 280 F. Supp.3d 922, 934 (E.D. Tex. Dec. 1, 2017) ("Servers are 'hardware,' the physical electronic equipment used to operate the internet or an intranet. Perhaps when discussing the internet, or in the context of virtual reality or virtual space, servers might be loosely referred to as a 'place,' or perhaps as the 'location' of 'the cloud.' They are not a building or physical quarters of any kind."). As the Federal Circuit has recognized, "[b]usiness can be conducted virtually . . . [b]ut, notwithstanding these changes . . . we must focus on the full and unchanged language of the statute." *Cray*, 871 F.3d at 1359. Google's referral to a server as a "location" of digital content is consistent with the arguments set forth in Google's motions that

3

servers are not physical places under *Cray*, and is far from an admission otherwise. The excerpt-at-issue does not state that the Edge Node is a physical location, much less the type of physical place required by *Cray* (*i.e.,* a building or part of a building).

SEVEN's argument that the use of the words "Google locations" in a high level statement somehow implies that there is a physical place "of Google's" also has no merit. SEVEN *omits* several significant statements from other pages in the peering.google.com website that further demonstrate that Google consistently differentiates the physical locations belonging to the ISPs from the GGC servers themselves. For example, peering.google.com/#/infrastructure states that "***network operators and internet service providers*** deploy Google-supplied servers ***inside their network***." Dkt. 141-13 at 5 (emphasis added); *see also* peering.google.com/#/options/google-global-cache ("If you are a ***network operator or ISP*** . . . . Google will ship you servers that you install in ***your facility*** and attach to ***your network***.") (emphasis added); *id.* ("The ***host remains in control*** of which prefixes are visible to the node and can be served by it") (emphasis added). These statements, together with the excerpt-at-issue, demonstrate that the GGC servers are not the "physical places" of *Cray* in contrast to the facilities owned and controlled by the ISPs as Google has already shown in its Motion to Dismiss.

Thus, even if SEVEN's supplementation were allowed—and it should not be—this peering.google.com website further supports granting Google's Second Renewed Motion to Dismiss and the excerpt adds no "new" evidence to the contrary, even when taken out of context as SEVEN attempts to do here.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny SEVEN's Motion, as it is both procedurally improper and substantively incorrect.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: June 15, 2018　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP

　　　　　　　　　　　　　　　　　　　　　　<u>/s/ Charles K. Verhoeven</u>
　　　　　　　　　　　　　　　　　　　　　　Charles K. Verhoeven
　　　　　　　　　　　　　　　　　　　　　　charlesverhoeven@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　Sean S. Pak
　　　　　　　　　　　　　　　　　　　　　　seanpak@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　Brian E. Mack
　　　　　　　　　　　　　　　　　　　　　　brianmack@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　Jonathan Tse
　　　　　　　　　　　　　　　　　　　　　　jonathantse@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　　　50 California Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　Tel: 415-875-6600
　　　　　　　　　　　　　　　　　　　　　　Fax: 415-875-6700

　　　　　　　　　　　　　　　　　　　　　　Patrick D. Curran
　　　　　　　　　　　　　　　　　　　　　　patrickcurran@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　　　51 Madison Avenue, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10010
　　　　　　　　　　　　　　　　　　　　　　Tel: 212-849-7000
　　　　　　　　　　　　　　　　　　　　　　Fax: 212-849-7100

　　　　　　　　　　　　　　　　　　　　　　Lance Yang
　　　　　　　　　　　　　　　　　　　　　　lanceyang@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　Miles D. Freeman
　　　　　　　　　　　　　　　　　　　　　　milesfreeman@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　　　　　SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　　　　865 S. Figueroa Street, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90017
　　　　　　　　　　　　　　　　　　　　　　Tel: 213-443-3000
　　　　　　　　　　　　　　　　　　　　　　Fax: 213-443-3100

　　　　　　　　　　　　　　　　　　　　　　Michael E. Jones
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 10929400
　　　　　　　　　　　　　　　　　　　　　　mikejones@potterminton.com
　　　　　　　　　　　　　　　　　　　　　　POTTER MINTON LLP
　　　　　　　　　　　　　　　　　　　　　　110 N. College Avenue, Suite 500

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

        Tyler, TX 75702
        Telephone: (903) 597-8311
        Facsimile: (903) 593-0846

        *Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 15, 2018.

*/s/ Miles D. Freeman*
Miles D. Freeman

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits are being filed under seal pursuant to the Protective Order (Dkt. 88).

*/s/ Miles D. Freeman*
Miles D. Freeman