
Case 2:17-cv-00442-JRG   Document 205   Filed 06/25/18   Page 1 of 10 PageID #: 11084

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GOOGLE LLC,**<br><br>**Defendant.** | Civil Action No. 2:17-cv-00442-JRG<br><br>**LEAD CASE** |
| **SEVEN NETWORKS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD.** AND **SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>**Defendants.** | Civil Action No. 2:17-cv-00441-JRG<br><br>**CONSOLIDATED CASE** |

**GOOGLE'S MOTION TO ESTABLISH PROCEDURE FOR RESOLVING REMAINING CLAIM CONSTRUCTION DISPUTES**

Defendant Google LLC ("Google") respectfully moves for an order establishing a procedure to resolve any claim construction disputes identified in the parties' Patent Rule 4-3 Statement that are not resolved by the time the Court issues its upcoming claim construction order.

The parties' Patent Rule 4-3 Statement identified roughly 43 groups of disputed terms that span the 140 asserted claims.  However, after the Patent Rule 4-3 Statement was filed, SEVEN informed Defendants that it was unable to brief all 43 groups of disputed terms in its Patent Rule 4-5(a) Opening Claim Construction Brief.  In response, Google and Samsung informed SEVEN that, while they would not be dropping any terms, they would be willing to agree to brief 19 "high priority" disputes and defer claim construction on the remaining disputes until later in the case.  SEVEN claims to have rejected this proposal but, at the same time, has only briefed the 19 high priority disputes in their Opening Claim Construction Brief.  While Defendants anticipate similarly briefing those 19 disputes in their Responsive Claim Construction Brief, under *O2 Micro*, "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."  Accordingly, the remaining disputes set forth in the Patent Rule 4-3 Joint Claim Construction Statement will need to be adjudicated at some point.  However, Google also recognizes that some, if not most, of the remaining disputes may be resolved by the Court's upcoming claim construction order or the eventual narrowing of asserted claims and patents by SEVEN as this case proceeds to trial.  Thus, Google proposes that the Court address any remaining disputes at a later time, when fewer terms may be in dispute.

Specifically, Google requests that the Court order the parties to provide Materiality Statements within 14 days of the issuance of the Court's upcoming claim construction order similar to the procedure recently used by the Court in the cases of *Genband US LLC v. Metaswitch Networks Corp.* and *Ziilabs Inc., Ltd. v. Samsung Electronics Co. Ltd.*  The parties would then

brief only the terms that the Court finds are material to the case. Adopting this procedure would conserve judicial and party resources by allowing some disputes to fall out of the case as part of the narrowing inherent in the discovery and expert report process, while also presenting the Court with a clearer picture of why these remaining disputes matter for trial. Accordingly, Google respectfully requests entry of an order establishing a claim construction procedure through the use of Materiality Statements similar to what was done in *Ziilabs* and *Genband*.

Plaintiff SEVEN Networks, LLC ("SEVEN") opposes this motion. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") do not oppose this motion.

I.  **BACKGROUND**

SEVEN filed suit against Defendants on May 17, 2017. Dkt. 1. It served Infringement Contentions on September 6, 2017, accusing Google of infringing 143 claims across 10 asserted patents.[1] On November 15, 2017, Defendants produced documents and source code sufficient to show the operation of the accused instrumentalities as part of their Patent Rule 3-4 productions, along with Invalidity Contentions, which provided a detailed accounting of how the prior art invalidates the asserted patents.

Nearly eight months later, SEVEN has dropped a mere three claims. Defendants have made significant efforts to try and narrow the scope of their claim construction disputes by, among other things, adopting several of SEVEN's proposed constructions and dropping disputed claim terms. Defendants have worked diligently to reduce the number of claim terms to 43 disputed

---

[1] SEVEN asserts seven patents against both Google and Samsung, with an additional three patents asserted against Google only.

group of terms as part of their Patent Rule 4-3 statement. *See* Dkt. 200 at 3-4. Still, the current scope of the case makes traditional claim construction procedures unmanageable.

On May 23, 2018, the Court entered an Order on Conduct of Claim Construction. Dkt. 175. In that order, the Court resolved the disputes raised by the parties' May 14 joint report but held that "[s]hould further guidance on this issue be required, the Court invites the Parties to indicate such a need by appropriate filing to the Court." *Id.* at 2.

Shortly after the Court's order issued, SEVEN contacted Defendants and told them that they "expect Defendants to drop certain terms and 112 arguments before filing their claim construction brief" because they wanted to "avoid a situation where SEVEN briefs all 50+ terms + all of Defendants' 112 arguments in their opening brief, and Defendants limit their brief to only a subset of the claim terms and 112 arguments from the 4-3 . . . especially in light of the fact that the parties have agreed that all terms in the 4-3 would be briefed." Ex. 1. Defendants responded that they would be willing to "focus the issues well in advance of SEVEN's opening claim construction brief". Ex. 2 at 2. Google proposed doing so by submitting "initial briefing" on the 19 "high priority" terms and deferring the remaining disputes until the filing of Materiality Statements on the remaining claim construction disputes after the issuance of the Court's Claim Construction Order, as the Court has done in prior cases involving a large number of asserted claims and patents. *Id.* at 1-2. SEVEN rejected this proposal out-of-hand but did not offer any

3

competing proposal for how the large number of claim construction disputes should be resolved.[2] Ex. 3 at 3.

During the June 1, 2018 hearing, Google raised the possibility of a two-stage claim construction process with the Court. The Court invited the parties to submit "a proposal that's mutual and everyone's on board with" and stated that the parties could "send me a proposal that I can look at" regarding the large number of asserted claims and attendant claim construction disputes. Dkt. 192 at 105:16-17. After the hearing, Google again reached out to SEVEN to reach agreement on a procedure for how the remaining disputes raised in the Patent Rule 4-3 Statement should be addressed. Ex. 3.

On June 6, SEVEN filed its Patent Rule 4-5(a) Opening Claim Construction Brief. Dkt. 191. SEVEN's Opening Brief addresses only 19 of the claim construction disputes raised in the parties Patent Rule 4-3 Statement. *Compare* Dkt. 172 *with* Dkt. 191. Defendants will similarly brief those subset of terms in their Patent Rule 4-5(b) Responsive Brief, which will be filed on June 27. Accordingly, Google files this request pursuant to the Court's order, seeking guidance on procedures to address the remaining claim construction disputes in this case.

## II.  ARGUMENT

Under *O2 Micro*, "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l, Ltd. v. Beyond Innovation Tech.*

---

[2] In SEVEN's recently-filed Reply in Support of its Motion to Strike Claim Construction Positions, SEVEN alleges that Defendants simply dropped certain claim terms from the Patent Rule 4-3 Statement before SEVEN filed its Opening Claim Construction Brief. Dkt. 204 at 1-2. Not so. Rather, as set forth above, Google and Samsung expressly reserved their right to raise additional terms at a later point. Google proposed that the parties brief the "high priority" terms as part of their Patent Rule 4-5 briefs and defer claim construction on the remaining terms via Materiality Statements, which is the exact procedure proposed here. Google noted therein that this proposal was intended only to streamline the Patent Rule 4-5 briefing and that the remaining terms would still need to be construed at a later date under the Court's *O2 Micro* obligation and that it was not dropping any terms listed in the Patent Rule 4-3 statement. Ex. 4.

*Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *see also Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) ("Thus, a district court's duty at the claim construction stage is, simply, the one that we described in *O2 Micro* and many times before: to resolve a dispute about claim scope that has been raised by the parties."). "The court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved." *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) (citations omitted). Failure to resolve a question of claim scope before submission to the jury is reversible error. *See Creative Internet Advertising Corp. v. Yahoo!, Inc.*, 476 Fed. Appx. 724, 728 (Fed. Cir. 2011).

In light of the Court's duty to resolve disputes over the proper construction of the claims, Google respectfully requests that the Court establish a procedure for resolving the claim construction disputes not addressed in the parties' Patent Rule 4-5 Opening and Responsive Claim Construction Briefs. Specifically, Google proposes that the Court provide another round of claim construction on the remaining disputes in the case. Google proposes that the parties be required to file Materiality Statements for the remaining disputed claim terms within 14 days of receiving the Court's Claim Construction Order. After which, the Court would then consider additional claim construction proceedings for terms that a party has demonstrated a material dispute of claim scope.

This process was used successfully in the Court's recent *Ziilabs* and *Genband* cases and would be effective here as well. *See Ziilabs v. Samsung Electronics Co. Ltd.,* No. 2:14-cv-203-JRG-RSP, Dkt. 132 (E.D. Tex. Jan. 22, 2015); *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, Dkt. 97 (E.D. Tex. Dec. 2, 2014). As the Court noted in those

cases, such statements would require the parties to "explain how a product infringes or does not infringe under a particular construction or explain how a prior art reference invalidates or does not invalidate an asserted claim under a particular construction." *Ziilabs,* No. 2:14-cv-203-JRG-RSP, Dkt. 132 (E.D. Tex. Jan. 22, 2015).

Adopting this procedure would have two primary benefits. First, postponing resolution of the remaining claim construction disputes allows for these resolutions to be resolved, either as SEVEN narrows the number of asserted claims or patents or as part of the Court's claim construction order. *See Unified Messaging Solutions LLC v. Facebook, Inc.*, No. 6:11-cv-120-LED, 2012 WL 11606516, at *1 (E.D. Tex. July 12, 2012) (acknowledging benefit of avoiding dedicating Court resources to issues "that will likely be dropped prior to trial"). For instance, to the extent the Court finds an independent claim of an asserted patent to be indefinite, that may eliminate any disputes regarding claims that depend from the indefinite independent claim.

Second, the use of Materiality Statements would also require the parties to more clearly state why and what the claim construction dispute is. For instance, Google may contend that a certain product does not infringe or SEVEN may contend that a certain prior art reference does not invalidate under a certain construction. This context would ensure that the parties present actual, material disputes for the Court's consideration. These procedures have worked before and Google respectfully submits that they will work here as well.

### III. CONCLUSION

In closing, Google respectfully requests an order establishing a procedure for resolving the remaining claim construction disputes in this case by requiring that any remaining disputes be

addressed by Materiality Statements to be filed no later than 14 days after the issuance of the Court's Claim Construction Order.

| | |
|---|---|
| Dated:   June 25, 2018 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>*/s/ Charles K. Verhoeven*<br><br>Charles K. Verhoeven<br>charlesverhoeven@quinnemanuel.com<br>Sean S. Pak<br>seanpak@quinnemanuel.com<br>Brian E. Mack<br>brianmack@quinnemanuel.com<br>Lindsay M. Cooper<br>lindsaycooper@quinnemanuel.com<br>Jonathan Tse<br>jonathantse@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br><br>Patrick D. Curran<br>patrickcurran@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: 212-849-7000<br>Fax: 212-849-7100<br><br>Lance Yang<br>lanceyang@quinnemanuel.com<br>Miles D. Freeman<br>milesfreeman@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3000<br>Fax: 213-443-3100<br><br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>POTTER MINTON LLP |

              110 N. College Avenue, Suite 500
              Tyler, TX 75702
              Telephone: (903) 597-8311
              Facsimile: (903) 593-0846

              *Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 25, 2018.

>*/s/ Miles D. Freeman*
> Miles D. Freeman

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The personal conference required by Local Rule CV-7(h) was conducted on June 22, 2018 via telephonic conference with the following participants: Miles D. Freeman for Google and Richard L. Wynne for SEVEN.  SEVEN has indicated that it will oppose this motion and the discussions have ended in an impasse.

>*/s/ Miles D. Freeman*
> Miles D. Freeman