# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:17-CV-00442-JRG |
| v. | § § | LEAD CASE |
| GOOGLE LLC, | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Google LLC, Samsung Electronics Co., and Samsung Electronics America, Inc.'s (collectively, "Defendants") Motion for Leave to Supplement Invalidity Contentions (Dkt. No. 168). Having considered the Motion, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

Local Patent Rule 3-6(b) allows a party to supplement its Invalidity Contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "To determine whether the patent owner has shown good cause to amend its infringement contentions, [this Court] considers '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *see also S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (setting forth the four-factor test binding within the circuit).[1]

---

[1] Where local rules are unique to patent cases and are likely to directly affect the substantive patent law theories that may be presented at trial, issues concerning the validity and interpretation of such local rules are governed by Federal

The Court has previously, in this case, addressed two prior Motions to Supplement Invalidity Contentions, (Dkt. Nos. 128, 155). (Dkt. No. 198). This Court found that where a defendant "was aware of [prior art] prior to the service of its infringement contentions and did not . . . show sufficient diligence in its development of the information required to chart [the prior art, it] failed to demonstrate the requisite good cause to necessitate deviation from the deadlines set forth in the Docket Control Order." *SEVEN Networks, LLC v. Google LLC*, 2:17-cv-442-JRG, Dkt. No. 198, slip copy at 2 (E.D. Tex. June 8, 2018). Further, this Court held that "[a] lack of prejudice to SEVEN, supposing that there was truly no prejudice, is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone." *Id*. (citing *Grudowski v. Butler Paper Co.*, 670 F. Supp. 242, 248 (N.D. Ind. 1987) ("By itself a lack of prejudice is not sufficient to sanction deviation from important established procedures").[2]

Turning now to the references at issue in this Motion, the Court first addresses the GreenPower products ("GreenPower") reference.

Defendants' invalidity contentions contained the GreenPower reference as to the '019 and '129 patents. (Dkt. No. 168 at 4). Following service of the invalidity contentions, Defendants discerned that a developer of the GreenPower reference, Gaël Pouzerate, might possess

---

Circuit law. *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). The Federal Circuit has upheld the validity of local rules, similar to those in this district, that require early disclosure of infringement and invalidity contentions but allow amendments to contentions upon showing of a "good cause." *Id*. at 1366 (upholding the Northern District of California's application of local patent rules related to amendment of infringement and invalidity contentions).

[2] *See also Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (citation omitted) (holding, in a similar circumstance, that while "granting an extension would cause no prejudice," "this showing alone . . . [does not] justif[y] finding that counsel's misconstruction of the rules was [] 'excusable' neglect: 'The word "excusable" would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.'")

information relevant to the reference. (*Id.*) Google LLC ("Google") eventually brought Mr. Pouzerate on as a consultant and, following Mr. Pouzerate's production of relevant materials to Google, produced the documents to SEVEN and notified SEVEN that software versions of GreenPower were available for inspection on April 3, 2018. (*Id.* at 5). Google prepared an amended invalidity chart for the '019 and '129 patents and new invalidity charts for the '127 and '254 patents, against which it had not been previously charted. (*Id.*)

As in the prior Order of the Court, the prejudice faced by SEVEN will be minimal, as this prior art will be in the case regardless. (Dkt. No. 198 at 3 n.4 (citing (Hr'g Tr. at 82:8–11 ([Mr. Cohen:] "[T]his particular motion has less prejudice. This prior art will be in the case regardless. What this requires of SEVEN is more analysis . . .")))). The Court is, however, concerned with the level of diligence which Google has displayed in contacting Mr. Pouzerate. "The documentation Defendants analyzed for their original contentions . . . identifies Mr. Pouzerate as GreenPower's developer, and a quick Google search of Mr. Pouzerate's name places him in Norway working as a software engineer for Cisco Systems." (Dkt. No. 179). Defendants argue that they discovered GreenPower only "a few weeks before initial invalidity contentions were due" so cannot be charged with having thoroughly examined the documentation for developer information. (Dkt. No. 188).

Perhaps so. However, this is not the first (nor the last) of the invalidity contention supplementations which these Defendants have raised. The Local Rules and Patent Rules are intended to create and enforce hard deadlines with little room for avoidance to ensure proper development of the case, expedient crystallization of the issues, and systematic narrowing of the case in preparation for an ultimate trial. The Defendants appear to believe that, deadlines notwithstanding, amendments to the scope of their case are almost expected to be permitted as a

matter of right, paying little attention to the number of months which have passed or how the case has developed. The instant Motion was filed on May 10, 2018, four days before the Parties filed their Joint Report regarding Concurrent Claim Construction, (Dkt. No. 170), and five days before the Parties filed their Joint Claim Construction and Prehearing Statement, (Dkt. No. 172).

The Local Rules and the Patent Rules of the Eastern District of Texas are not mere "guidelines." Litigants and the Court both rely on the Local Rules and Patent Rules to ensure an orderly litigation and the proper development of the same. This struggles to happen when one side's theory of the case is constantly shifting. *See, e.g.*, *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) ("The purpose of [Eastern District of Texas, Patent Rule 3-1], and the local patent rules in general, is to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction.'"). The Court will enforce its Rules, and will do so with special attention going forward.

Having considered the Motion, the Court finds that as to the GreenPower reference the Defendants have demonstrated the *bare minimum* of diligence in developing their new contentions related to it. However, diligence has been shown. This conclusion is greatly bolstered by the relative speed with which Google passed along the production of Mr. Pouzerate to SEVEN once it was received. (Dkt. No. 168 at 5 (showing the period of time to be approximately five days)). Given that the prior art will be in the case regardless, and SEVEN will have accounted for its teachings in developing its claim construction positions, the Court finds that there is minimal prejudice. Considering the totality of the circumstances, good cause exists to permit this amendment to the invalidity contentions. Accordingly, the Motion is hereby **GRANTED** as to the GreenPower references.

The same result is not appropriate as to the Xiao reference. While it is not disputed that the Defendants did not possess the Xiao reference prior to the service of the invalidity contentions, there is substantially more prejudice to SEVEN where a new reference is introduced for the first time.[3] Additionally, this reference was not disclosed to SEVEN until after the P.R. 4-1 deadline. While Defendants argue that "SEVEN had ample opportunity to review Xiao before the P.R. 4-2 deadline and has not identified any claim terms or constructions relevant to this reference," the time between the P.R. 4-1 and 4-2 disclosures is a relatively short 20 days. Their argument essentially "requir[es] SEVEN to investigate and defend against contentions that are not now, and may never be, included in this case," and places too high a burden on a plaintiff. (Dkt. No. 201 at 5).

Having considered the totality of the circumstances, the Court finds that Defendants have not met the requisite showing of good cause necessary to support leave to amend their invalidity contentions with Xiao. This conclusion is supported by the significant level of prejudice which SEVEN would be subjected to, at this stage, if such amendment were permitted.

Accordingly, the Court hereby **DENIES** the Motion as to the Xiao reference.

Having considered the entirety of the Motion for Leave to Supplement Invalidity Contentions, (Dkt. No. 168), therefore, the Motion is hereby **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

---

[3] (*See* Hr'g Tr. on Dkt. No. 128 at 80:7–22 ("THE COURT [to Defendants]: I assume your argument as regards to prejudice would be the same here?
MS. COOPER: Well, with a little bit of a twist because SEVEN -- because this is already a prior art reference for the other patent, for the '158 patent. **So it's not that this is a new reference that will require, you know, additional depositions or additional time.** It – it will just be at the margin some additional work because we're using it for two patents.") (emphasis added))

**So Ordered this**

**Jul 6, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE