# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| SEVEN NETWORKS, LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:17-CV-00442-JRG |
| | § | |
| v. | § | |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Unlike promises and pie crust,[1] the Rules and Procedures of this Court are not meant to be broken, nor is their breaking to be ignored.

From the filing of the Complaint, the Rules and other Orders of this Court have governed this civil action. They bind the Parties and set forth the framework, both compulsory and permissive, in which the Parties' disputes shall be resolved. The Parties' counsel, as officers of the Court, by their oaths promise to comply with such orders and conduct themselves in accordance with the highest ethics of the legal profession. *See* the Federal Rules of Civil Procedure; the Local Rules of the U.S. District Court for the Eastern District of Texas; the Patent Rules of the same; this Court's Standing Orders; and, the Oath of Attorneys for the Eastern District of Texas.

Each Rule and Order has as its object proper and orderly litigation. Unfortunately, in this case, this goal is well on its way to becoming so much broken pie crust. A glaring example is now

---

[1] Johnathan Swift, Polite Conversation (1738) ("promises and pie-crust are made to be broken"); *see also* Heraclitus Ridens (Aug. 16, 1681) ("He makes no more of breaking Acts of Parliaments, than if they were like Promises and Pie-crust made to be broken").

before the Court in the form of Google LLC's ("Google") Motion to Establish Procedure for Resolving Remaining Claim Construction Disputes (Dkt. No. 205) ("the Motion"). This Motion demonstrates a serious disregard for this Court's Rules, Orders, and its authority to control its own docket. Accordingly, it is **DENIED** for the reasons contained herein.

I. BACKGROUND

SEVEN Networks, LLC, ("SEVEN") filed suit against Google on May 17, 2017, alleging patent infringement. (Dkt. No. 1). This Court held a scheduling conference on September 20, 2017, setting dates certain for Claim Construction and Jury Selection. (Minute Entry, September 20, 2017). On October 12, 2017, the Court entered a Docket Control Order reflecting the same and setting the *Markman* Hearing for May 22, 2018. (Dkt. No. 81 at 3).

On March 22, 2018, "in the interest of judicial efficiency and to reduce the risk of inconsistent or conflicting constructions," this Court, coordinating with the Northern District of Texas, ordered that "a concurrent *Markman* hearing" take place on August 7, 2018, regarding the patents asserted in both this case and the companion litigation pending in its sister district. (Dkt. No. 138).

That Order on Concurrent *Markman* Hearings ordered the Parties to "meet and confer within two weeks of the issuance of this Order and [advise the Court] should [either Party] seek expanded page limits or other measures to facilitate such concurrent claim construction." (*Id*. at 2). The Parties then submitted a Joint Report Regarding Concurrent Claim Construction on May 14, 2018, in which the Parties outlined four points upon which they could not agree. (Dkt. No. 170 at 3). The Court considered the Report and, on May 23, 2018, issued its Order on Conduct of Claim Construction, setting forth, *inter alia*, its resolution of the four points of contention. (Dkt. No. 175).

That Order issued just under two months ago. Since that time, Plaintiff SEVEN Networks, LLC, ("SEVEN") has submitted its Opening Claim Construction Brief. (Dkt. No. 191 (June 6, 2018)). No objection to the Order on Conduct of Claim Construction was raised before SEVEN filed such Brief. Google filed the instant Motion nineteen days *after* claim construction briefing began, and a mere two days before it filed its own Response to SEVEN's Claim Construction Brief. (Dkt. No. 205 (June 25, 2018); Dkt. No. 208 (June 27, 2018)). SEVEN has now filed its Reply, and substantive briefing on claim construction has concluded. (Dkt. No. 225 (July 11, 2018)).

## II. DISCUSSION

While claim construction continues, the magnitude of the difficulties which the Parties' conduct and Google's Motion have injected into this litigation should not be understated.

The title itself gives an immediate glimpse of how troublesome the Motion is: Motion to Establish Procedure for Resolving Remaining Claim Construction Disputes. A reasonable person might ask, how, *when claim construction briefing is ongoing for 19 days, a hearing has been long scheduled but yet to be held, and a claim construction order has not been entered*, could there be unresolved claim construction disputes which require a surprise procedure of the Parties' own making? Google's Motion provides:

> after the Patent Rule 4-3 Statement was filed, SEVEN informed Defendants that it was unable to brief all 43 groups of disputed terms in its Patent Rule 4-5(a) Opening Claim Construction Brief. In response, Google and Samsung informed SEVEN that, while they would not be dropping any terms, they would be willing to agree to brief 19 "high priority" disputes and defer claim construction on the remaining disputes until later in the case. SEVEN claims to have rejected this proposal but, at the same time, has only briefed the 19 high priority disputes in their Opening Claim Construction Brief . . . . [T]he remaining disputes set forth in the Patent Rule 4-3 Joint Claim Construction Statement will need to be adjudicated at some point. However, Google also recognizes that some, if not most, of the remaining disputes may be resolved by the Court's upcoming claim construction order or the eventual narrowing of asserted claims and patents by SEVEN as this case proceeds to trial.

3

> Thus, Google proposes that the Court address any remaining disputes at a later time, when fewer terms may be in dispute.

(Dkt. No. 205 at 2).

To clarify, the Parties have, somehow, and of their own volition, reached the conclusion that they are free to identify terms in their P.R. 4-3 Joint Claim Construction Statement as requiring construction but not present such terms to the Court during the scheduled *Markman* process. Instead, the Parties appear to presumptively require the Court accede to their unilateral decision to brief only a subset of the claim terms and then present other terms at a second claim construction hearing when convenient. While it is Google who attempts to force this Court into a corner by referencing this Court's duty to resolve fundamental disputes regarding the scope of a claim term, citing *O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008), SEVEN's predicate actions are responsible for first removing the proceedings from their proper track. The Court will countenance neither the Parties' unilateral actions which it details herein nor Google's attempt to use the perceived sword of *O2 Micro* to essentially hijack this Court's claim construction process and its prerogative to manage its own cases following such unilateral action.

It is true that this Court has a duty to resolve disputed claim terms raised by the Parties. *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016). "The court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved." *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) (citations omitted).

The Court takes this duty seriously and is conscientious in its approach. This District has set forth a set of Patent Rules to govern the claim construction process generally. P.R. 4-1 *et seq*. This Court has often demonstrated its willingness to responsively adjust to circumstances specific

4

to a given case to ensure uniformity and consistency in such construction. However, such willingness follows a meritorious request, not an edict, from a Party.

This Court will not allow one party's unilateral conduct refusing to submit disputed terms as directed to countermand the Court's previous Orders. This is not a case where subsequent development of the case reveals a fundamental disagreement as to claim scope. In such a case, the Court will go to great lengths to ensure that, where such a latent dispute develops, the dispute is resolved. To the contrary, in this case, **all parties concerned are aware of the identified and existing disputed terms**. They are specifically listed in the Joint Claim Construction Statement. Yet, even so, the Parties declined to present all of them for resolution to the Court at its appointed time and in the manner prescribed by Rule and Order for the resolution of such disputes.

Google's thinly veiled threats of reversal on appeal are offensive and contrary to case law. (Dkt. No. 205 at 5 ("Failure to resolve a question of claim scope before submission to the jury is reversible error.") (citation omitted)). In surveying cases where the Federal Circuit has found error, the error was that the district court, having been *properly presented* with the disputed term, refused to address the arguments and resolve the issue. *See Creative Internet Advert. Corp. v. Yahoo!, Inc.*, 476 F. App'x 724, 727 (Fed. Cir. 2011) ("Although Yahoo! presented that argument to the district court, the court refused to rule on the issue or instruct the jury directly on that point."); *Eon Corp.*, 815 F.3d at 1319 ("By determining only that the terms should be given their plain and ordinary meaning, the court left this question of claim scope unanswered, leaving it for the jury to decide."). Here, the Court has numerous clear disputes identified by the Parties **but withheld by the Parties, unilaterally, from the Court's consideration**. (*Compare* Dkt. No. 172 (setting forth 21 pages of disputed terms and proposed constructions) *with* Dkt. No. 191 (presenting argument on 19 terms) and Dkt. No. 208 (presenting argument on 21 terms)). The Parties' refusal to properly

5

present their asserted disputes to the Court cuts heavily against any potential prejudice in this Court's resolution of claim construction disputes. By identifying but not presenting or arguing the dispute, the Court finds that the dispute is effectively waived.

This accords with Federal Circuit precedent—the Court may not proceed to resolve disputes without involvement by the Parties. *TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*, 629 F. App'x 916, 939 (Fed. Cir. 2015) ("[A]lthough a district court has great latitude in how it conducts the claim construction process, the parties must be involved.") (citing *Eon-Net LP v. Flagstar Bancorp*, 249 F. App'x 189, 198 (Fed. Cir. 2007) (vacating and remanding a summary judgment ruling because the district court had failed to afford the non-moving party notice and opportunity to present its claim construction arguments during the relevant briefing).

The Court has afforded the Parties both the notice and opportunity to present their claim construction arguments. The Parties have elected not to do so with respect to numerous alleged disputes.

This Court possesses broad discretion to control its docket. *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc.*, 39 F.3d 556, 560 (5th Cir. 1994) ("[A]n appellate court should be loathe to substitute its judgment for the [lower] court regarding such matters of docket management absent an abuse of discretion.") (citing *In re Stone*, 986 F.2d 898, 903 n.3 (5th Cir. 1993) (noting that decisions regarding docket management are subject to an abuse of discretion standard)); *accord Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993) ("District courts have the duty and power to manage their dockets and we will not interfere in the absence of an abuse of discretion."); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (noting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance" (citing *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (noting the district courts' "inherent power to control the progress of the cause so as to maintain the orderly processes of justice")).

"Local patent rules are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order[s]." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (2006)). Further, courts possess "broad discretion" in how they "preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citing *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979) (affirmed refusal to modify pre-trial order)).

The Parties' actions and Google's Motion evinces, individually and together, a serious disregard for both the Patent Rules and this Court's authority to manage and control the conduct of the upcoming concurrent claim construction proceedings. The Rules provide the general framework and deadlines and, when required, the Court has reaffirmed the basic limits of the requirements to be followed. (Dkt. No. 175). These limits are enforceable. *See Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary practice. This court has a page limit which is rather strictly, and cheerfully, enforced."); *see also May v. Shinseki*, 544 F. App'x 1002, 1005 (Fed. Cir. 2013) ("Federal courts have routinely dismissed due process challenges based on page limits.").

### III. CONCLUSION

Accordingly, for the reasons identified above, the Court hereby **DENIES** Google's Motion to Establish Procedure for Resolving Remaining Claim Construction Disputes. (Dkt. No. 205). However, in spite of the Parties' conduct, the Court's duty to be fair and just mandates that it afford

7

Google the following choice: the Court **ORDERS** that Google **ELECT** one of the following within **THREE DAYS** of the issuance of this Order and that such election be made by Notice filed on the docket:

1) Google may elect to explicitly waive all non-briefed disputed terms identified in the Joint Claim Construction Statement. Such election will cause claim construction to continue unabated as to the terms presently briefed. Such election will prevent *any* previously identified but unbriefed dispute regarding term meaning from being raised at a later time following issuance of the Court's claim construction order by either party.[2]

2) Google may elect to withdraw its Responsive Claim Construction Brief (Dkt. No. 208) and refile such briefing, this time including, as the Court previously ordered, argument as to *all disputed terms*.[3] Such briefing shall be due 14 days following such election. *See* P.R. 4-5(b). P.R. 4-5 will control subsequent briefing by the Parties.

Failure of Google to affirmatively elect (2) above, within three days as previously provided herein, shall be deemed a **binding election** of (1) above.

The Concurrent Claim Construction hearing, previously set for August 7, 2018, is hereby **RESET** for 1:30 pm on **September 12, 2018**. Except for such revised date, it shall be conducted as previously ordered.

**ON AUGUST 7, 2018 AT 2:30 PM**, Defendant Google LLC and its Counsel and Plaintiff SEVEN Networks, LLC, and its Counsel are **ORDERED TO APPEAR AND SHOW CAUSE**

---

[2] The Court notes that SEVEN has, in opposing this Motion, represented that it does not believe all terms in the P.R. 4-3 Statement require construction (Dkt. No. 213 at 5). Accordingly, the Court accepts that, if Google does not elect to rebrief allegedly disputed terms, SEVEN will not later argue there is some dispute where such dispute was previously identified in the P.R. 4-3 statement yet not briefed by SEVEN in its Opening Claim Construction Brief. (Dkt. No. 191). Both Parties will be held to the same waiver.

[3] In such case, Google may, of course, decline to argue a previously identified disputed term. In such event, any unargued term will be deemed waived. All usual page limits shall apply.

8

**WHY THEY SHOULD NOT BE SANCTIONED** for their conduct described herein pursuant to any and all applicable sanctioning power vested in this Court including, without limitation, Fed. R. Civ. P. 11(c), Fed. R. Civ. P. 16(f), 28 U.S.C. 1927, and/or the Court's inherent power.[4]

**IT IS FURTHER ORDERED** that on or before 10 days from this date the Parties shall meet and confer and jointly submit a Proposed Amended DCO providing for the current trial date, the reset *Markman* date and adjusting the other internal dates to provide a reasonably proposed accommodation to the schedule in this case. Such shall be fully subject to the Court's oversight and ultimate approval.

**IT IS FURTHER ORDERED** that all Parties shall appear before the Court for a Status Conference in this case at 1:30 pm on August 7, 2018. Lead and local counsel together with appropriate corporate representatives for each Party shall attend this Status Conference.

**So ORDERED and SIGNED this 19th day of July, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[4] A district court has the inherent authority to impose sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir.1990), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The court may also use that power to sanction conduct, *see Chambers*, 501 U.S. at 44, 111 S.Ct. 2123, if it is "in direct defiance of the sanctioning court," *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir.1993), or constitutes "disobedience to the orders of the Judiciary," *Chambers*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Inherent power, however, "may be exercised only if essential to preserve the authority of the court . . . ." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir.1996).