# EXHIBIT 1

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

|  |  |  |
|---|---|---|
| JUSTIN S. COHEN<br>DIRECT DIAL: 214.969.1211<br>EMAIL: justin.cohen@tklaw.com | ONE ARTS PLAZA<br>1722 ROUTH STREET, SUITE 1500<br>DALLAS, TX 75201<br>214.969.1700<br>FAX 214.969.1751<br>www.tklaw.com | AUSTIN<br>DALLAS<br>FORT WORTH<br>HOUSTON<br>LOS ANGELES<br>NEW YORK<br><br>ALGIERS<br>LONDON<br>MÉXICO CITY<br>MONTERREY |

July 16, 2018

Via E-mail

Charlie Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111

Re:   *SEVEN v. Google*, No. 2:17-cv-00442-JRG

Dear Charlie:

      I write in response to your July 3 letter. We appreciate Google's efforts to try and resolve this dispute without burdening the Court with another discovery dispute. However, your letter, and Google's continued selective production of source code, reaffirms the problem we discussed during our June 26 meet-and-confer and repeated in my letter dated June 27. Specifically, Google's highly selective piecemeal approach to source code production has been unworkable and is hindering SEVEN's ability to obtain the discovery to which it is entitled. As we explained, and as our months of back-and-forth on this issue show, the problem here, as exemplified by SEVEN's request for Cloud messaging device-side framework (GCM/FCM), is that Google (1) fails to produce documents sufficient to explain the different parts of the device-side software code, (2) claims that it doesn't understand SEVEN's request device-side GCM/FCM, (3) agrees to "produce what we reasonably believe to be all the source code for device-side GCM/FCM," (4) leaves it to SEVEN's source code experts to identify what is missing on a file-by-file basis, (5) produce only those requested files, and (6) repeat the cycle. This cycle has gone on for months and must end.

      What has been clear for months is that Google has undertaking a significant burden and gone to great lengths to select which source code it would make available to SEVEN for inspection based on its own internal review and relevance determination, without disclosing its selection criteria or providing SEVEN with the documents to identify the various software components or dependencies. I raised this identical issue with Sean Pak during our meet-and-confer in May. Sean was open to the possibility of proving SEVEN with the documents (i.e., the "menu") that would show the various software components such that SEVEN could better identify the sub-parts of the Accused Instrumentalities and work with Google to identify those modules that SEVEN believed were relevant. Unfortunately, Google never followed-through on that approach, instead opting to continue with its piecemeal source code production.

      ==The far more efficient approach would be to provide the entire source code for the Accused Devices and Instrumentalities (e.g., the entire device-side code for the Nexus and Pixel products) and the entire code for Google Play.== Samsung has produced the entire source code for its devices, and there is simply no reason that Google couldn't have done the same months ago.