# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 2:17-cv-00442-JRG<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |

## DEFENDANT GOOGLE LLC'S RESPONSE TO SEVEN'S MOTION TO COMPEL GOOGLE TO PRODUCE OUTSTANDING DISCOVERY

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**Preliminary Statement**

In SEVEN's latest Motion to Compel, SEVEN seeks information that Google repeatedly told SEVEN it does not maintain in the ordinary course of business, and irrelevant documents that SEVEN did not request until the eve of the close of fact discovery.  SEVEN is not entitled to information that Google does not maintain in the ordinary course of business.  Similarly, the Court should not accept SEVEN's last-minute request for more documents, particularly where, as here, the issues were already addressed in connection with SEVEN's earlier Motion to Compel.  SEVEN's latest Motion should be denied.

**Statement of Relevant Facts**

**I.     GOOGLE PROVIDED A COMPLETE RESPONSE TO INTERROGATORY 2.**

Interrogatory No. 2 seeks information regarding financial information for the accused devices.  Google already provided complete information regarding unit sales on a device-level basis, broken out by geography and quarter; SEVEN does not contend otherwise.

With respect to revenues and costs, Google provided all of the information it maintains in the ordinary course of business.  As Google repeatedly explained to SEVEN, including in its supplemental interrogatory response (which SEVEN did not attach to its Motion), ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. A.)

Instead, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Richardson

Decl. ¶ 5.)  For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓  (*Id.*) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  (Ex. A.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇ (Richardson Decl. ¶ 6.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇

## II.   **GOOGLE PRODUCED DETAILED USAGE METRICS INFORMATION.**

SEVEN previously moved to compel Google to produce "financial and damages-related documents" in response to 70 discovery requests. (Dkt. 159.) After weeks of extensive meeting and conferring, the parties resolved 65 of SEVEN's 70 requests. (Dkt. 184.) Google produced sales, revenue, and profit and loss information relating to the accused products, usage information for the accused products, information regarding the importance of the accused functionalities, and information regarding valuations associated with the accused functionalities. (Dkt. 190 at 7.) For three months SEVEN did not complain about that production. Then, on August 30—the day before the close of fact discovery—SEVEN sent Google six new document requests. Despite Google having given SEVEN the previously agreed usage data, the new requests seek documents relating to "average or typical" users' usage of Google Play, and the impact of increased battery life on such usage. SEVEN also seeks for the first time documents about Google's mobile ad pricing policies.

SEVEN admits that some of its new requests relate to requests that the parties resolved in connection with SEVEN's prior motion.[1] For example, when the parties met and conferred about usage metrics, SEVEN agreed that the metrics it initially requested were the full scope of what it would request. Google memorialized this in writing on May 11, 2018:

> We reviewed these requests with you on the phone, and you confirmed that SEVEN's requests ***clearly articulate the full extent of usage data that SEVEN is***

---

[1]   SEVEN previously moved to compel documents responsive to RFPs 118, 148, 150, 172, 177, 178. The parties resolved RFPs 118, 148, 150, 177 and 178 in the meet and confer process, and SEVEN withdrew its motion as to those requests before the hearing. (Dkt. 184.) SEVEN withdrew its motion with respect to RFP 172 after the hearing. (Dkt. 190.)

*interested in*. Thus, we intend to collect the usage information called for in those requests or – if it does not exist in the exact form SEVEN has requested – the usage information that is closest to it.

(5/11/18 L. Cooper Letter) (emphasis added). SEVEN did not dispute this. In accordance with this agreement, Google produced the usage data SEVEN requested or the usage data closest to it.[2] Google also already produced documents █████████████ ███████████ And, Google produced various ███████████

**Argument**

I.  **GOOGLE PRODUCED ALL RESPONSIVE INFORMATION THAT IT MAINTAINS IN THE ORDINARY COURSE OF BUSINESS WITH RESPECT TO INTERROGATORY NO. 2, AND THERE IS NOTHING LEFT TO COMPEL.**

Google provided the responsive information that it maintains in the ordinary course of business with respect to Interrogatory No. 2. *Supra* at I. This is all that is required. *See* Fed. R. Civ. P. 34(b)(2)(E)(1) (party only has to produce documents "as they are kept in the usual course of business"); *Net Navigation Systems, LLC v. Cisco Systems, Inc*., 2013 WL 12156380, at *2 (E.D. Tex. 2013) ("[a] party is not required to prepare new documents solely for their production in litigation"). In *Net Navigation*, the court denied a motion to compel an interrogatory response asking for cost information on a per-product basis because the defendant represented that "it does not track cost data on a product level, and instead tracks cost data on a product family level or business entity level." *Id*., at *2. This Court should reach the same result.

---

[2] Google produced documents sufficient to show, among other things: ███████ ████████████████ (GOOG-SEVEN-TX-00068674); ███████████ ███████████████ (GOOG-SEVEN-TX-00068674); ███████████ ██████████████████████ (GOOG-SEVEN-TX-00068673); ███████ █████████████████ (GOOG-SEVEN-TX-00068673); ███████ ██████████████████████ (GOOG-SEVEN-TX-00098797); ███████ █████████████████████████ (GOOG-SEVEN-TX-00142179); █████████████████████ (GOOG-SEVEN-TX-00068672); (GOOG-SEVEN-TX-00068672); ████████████ █████████████████████████ (GOOG-SEVEN-TX-00068671).

Although SEVEN speculates that Google "likely" maintains revenue and cost information by device, SEVEN does not cite any evidence that Google does so. The testimony of Google's 30(b)(6) witness, Yuki Richardson, does not support this conclusion. SEVEN asked Mrs. Richardson ███████████████████████████████████████████

███████████████████████████████████████████

█████ (Mot. at 2.) She clarified that ███████████████████████

████████████████████ *Id.* In the cited testimony, SEVEN did not ask Mrs. Richardson whether Google maintains device-level revenue and cost information. Later, SEVEN asked her if Google can isolate device-level revenue ███████. Mrs. Richardson said that Google

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████ (Richardson 101:25-102:10).) SEVEN did not include that testimony in its Motion.

SEVEN's Motion alleges that Google "has the information necessary to answer the Interrogatory," but has "refused on the basis that the requested information . . . is not kept in one system where a simple report can be run." (Mot. at 2-3.) This is false. Google investigated whether it can ███████████████████████████████████████ and concluded that it cannot. (Richardson Dec. ¶ 5.) The Court should deny SEVEN's Motion.

### III. GOOGLE SHOULD NOT BE REQUIRED TO PRODUCE MORE DOCUMENTS.

#### A. Google Already Produced Usage Information.

Google already provided usage data to SEVEN, and the Court should deny SEVEN's late request for more. Initially, the Court should deny SEVEN's Motion because there is nothing further to produce. Despite the lateness of SEVEN's requests, Google investigated whether there are responsive documents, but SEVEN moved to compel before Google could complete its

investigation.[3]  Google has since completed its investigation and informed SEVEN that Google ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Google's investigation is not inconsistent with the deposition testimony.  SEVEN did not even ask any witness if Google has "profiles" of "average" or "typical" users, or analyses of a hypothetical "average" or "typical" user's average amount of device use or downloads per day.[4]

Further, even if this requested usage data existed, this is a new request that goes beyond the scope of usage data that the parties already agreed that Google would produce.  SEVEN agreed that its earlier document requests "clearly articulate the full extent of usage data that SEVEN is interested in."  (5/11/18 L. Cooper Letter.)  Google provided (among other metrics) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Thus, SEVEN already has information sufficient for it to calculate an average number of downloads per user.  The Court should not indulge SEVEN's attempt to reopen discovery with respect to usage data.

Additionally, SEVEN's request for "user profiles" should be denied because it is tardy, not relevant, and duplicative in light of the information Google already produced.  This is a new request propounded for the first time the day before the end of fact discovery.  This information was not sought in any of SEVEN's prior requests, and tellingly, SEVEN does not quote its prior requests.  It is not proper to demand new documents at the discovery deadline.  Second, the

---

[3] Google advised SEVEN that due to the Labor Day weekend and witnesses' vacation schedules, Google could not complete its investigation before SEVEN's motion deadline.
[4] SEVEN points to testimony from Alistair Pott, in which he referred to ████████████ ████████████████████████████████████████████████████████████████████████████████

requested documents are not relevant. During the parties' meet and confer, SEVEN explained that it wants profiles Google creates of hypothetical users or user groups. The asserted claims do not cover developing or analyzing "user profiles." SEVEN does not claim otherwise.



Finally, Google already produced ▮▮▮▮▮ ▮▮▮▮▮ (Pott 235:18-21) ▮▮▮▮▮; (Henderson 110:2-18) ▮▮▮▮▮ ▮▮▮▮▮ (Pott 235:18-21.) ▮▮▮▮▮ That Google ▮▮▮▮▮ rather than the more abstract analysis SEVEN wants does not justify a motion to compel. SEVEN's Motion should be denied.

### B. Google Should Not Be Required to Produce Additional Information Regarding Effects of Extended Battery Life.

SEVEN next seeks documents sufficient to show the effects of extended battery life on the average number of active hours an "average" user spends on his/her mobile device, and the average number of downloads from the Google Play Store per day by an "average" user. These requests are tardy; SEVEN did not request them until August 30 and fails to show that the documents fall within prior requests. Further, these requests do not seek relevant information.

---

[5] *See e.g.*, GOOG-SEVEN-TX-00038649 ▮▮▮▮▮; GOOG-SEVEN-TX-00039322 ▮▮ HVUs); GOOG-SEVEN-TX-00045560 ▮▮ GOOG-SEVEN-TX-00048691 ▮▮▮▮▮; GOOG-SEVEN-TX-00052688 ▮▮▮▮▮; and GOOG-SEVEN-TX-00058188 ▮▮▮▮▮.
[6] *See e.g.* GOOG-SEVEN-TX-00038649 (showing ▮▮▮▮▮ ▮▮▮▮▮ GOOG-SEVEN-TX-00048691 ▮▮▮▮▮

The asserted claims do not cover active time on a device or downloads, and SEVEN does not claim otherwise.  Rather, SEVEN argues that its damages theory is that longer battery life increases active time on a device and downloads.  Google produced documents analyzing improvements to battery life in connection with the accused functionalities.  Google also investigated whether it has documents analyzing the impact of extended battery life on average active hours or downloads, and was unable to locate any.  SEVEN's Motion should be denied.

### C.  Google's Advertising Pricing Model Is Not Relevant.

Lastly, SEVEN asks for documents sufficient to show Google's mobile ads pricing model and policies.  This is also a new request; it was first raised on August 30.  SEVEN does not claim these documents are responsive to earlier requests.  Nor are they relevant; Google's mobile ads system is not at issue.  This Court denied SEVEN's prior motion to compel documents reflecting advertising revenue Google collects from users of the accused products, and revenue Google collects from user data collected from the accused products, because the requests were not limited to the accused functionalities.  (Dkt. 210.)  The Court should do the same here.

SEVEN claims this information is relevant because if Google charges for ad impressions, then increased usage caused by extended battery life increases revenue.  But, this tenuous theory does not justify the request.  The ad system is very complex; the vast majority of ads are not priced through a price list, but rather are priced through an auction process in which the actual amount that any particular advertiser pays for a particular ad is based on numerous factors, some of which are only known at the time of the auction.[7]  The burden of searching for documents "sufficient to show" the pricing of the ads system is not proportional to the needs of the case.  SEVEN's Motion should be denied.

---

[7]  Google's ad system is discussed on public webpages, such as: https://ads.google.com/home/pricing/.

| | |
|---|---|
| Dated: September 19, 2018 | Respectfully submitted, |

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Lance L. Yang
lanceyang@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on September 19, 2018, with a copy of this document via email.

                                        */s/ Miles D. Freeman*
                                         Miles D. Freeman

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and all supporting declarations and exhibits are being filed under seal pursuant to the Protective Order (Dkt. 88).

                                        */s/ Miles D. Freeman*
                                         Miles D. Freeman

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 2:16-cv-388<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF YUKI RICHARDSON

2



# EXHIBIT A



-16-



Dated: September 4, 2018                    Respectfully submitted,

*/s/ Sean S. Pak*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC,**<br><br>  **Plaintiff,**<br><br> v.<br><br>**GOOGLE LLC,**<br><br>  **Defendant.** | Civil Action No. 2:17-cv-00442-JRG<br><br>**LEAD CASE** |
| **SEVEN NETWORKS, LLC,**<br><br>  **Plaintiff,**<br><br> v.<br><br>**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**<br><br>  **Defendants.** | Civil Action No. 2:17-cv-441-JRG<br><br>**CONSOLIDATED CASE** |

## ORDER DENYING SEVEN'S MOTION TO COMPEL GOOGLE TO PRODUCE OUTSTANDING DISCOVERY

Pending before the Court is Plaintiff SEVEN Networks, LLC's Motion to Compel Google to Produce Outstanding Discovery. Having considered the motion and Defendant Google LLC's response, the Court hereby **DENIES** the Motion.