**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case No. 2:17-cv-442-JRG<br>Lead Case<br><br>**JURY TRIAL DEMANDED** |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No. 2:17-cv-441-JRG<br>Consolidated Case |

**SAMSUNG'S OPPOSITION TO SEVEN'S MOTION TO STRIKE OPINIONS OF DR. MICHAEL CALOYANNIDES REGARDING JUICEDEFENDER ON ANDROID AND GREENPOWER ON ANDROID SYSTEMS**

# TABLE OF CONTENTS

I. Dr. Caloyannides' Ample Invalidity Analysis Undermines SEVEN's Complaint that His Opinions Are Somehow Conclusory ........ 5

A. Dr. Caloyannides Explained the Basis for His Obviousness Opinions, the Weight of Which Should Be Considered by the Factfinder ........ 5

B. No Motivation to Modify Is Required When an Element Is Expressly or Inherently Disclosed ........ 7

II. SEVEN Articulates No Proper Justification for Striking Dr. Caloyannides' Opinions that GreenPower Is Prior Art ........ 9

III. Conclusion ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*,
885 F.3d 794 (5th Cir. 2018) ....... 8

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ....... 8

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
800 F.3d 1375 (Fed. Cir. 2015) ....... 11

*Graham v. John Deere Co. of Kansas City*,
383 U.S. 1 (1966) ....... 9

*Innogenetics, N.V. v. Abbott Labs.*,
512 F.3d 1363 (Fed. Cir. 2008) ....... 10

*In re Kotzab*,
217 F.3d 1365 (Fed. Cir. 2000) ....... 9

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007) ....... 9

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
587 F.3d 1324 (Fed. Cir. 2009) ....... 7

*PowerOasis, Inc. v. T-Mobile USA, Inc.*,
522 F.3d 1299 (Fed. Cir. 2008) ....... 11

*Rosenfeld v. Oceana Cruises, Inc.*,
654 F.3d 1190 (11th Cir. 2011) ....... 8

*Syntex (U.S.A.) LLC v. Apotex, Inc.*,
407 F.3d 1371 (Fed. Cir. 2005) ....... 11

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC*,
No. 4:15-CV-766, 2017 WL 3283324 (E.D. Tex. Aug. 2, 2017) ....... 10

This Court should deny SEVEN's motion to strike[1] Dr. Caloyannides' invalidity opinions as to the JuiceDefender on Android (hereinafter, "JuiceDefender") and GreenPower on Android (hereinafter, "GreenPower") prior art systems. As a preliminary matter, SEVEN does not articulate any conventional justification for striking Dr. Caloyannides' opinions. For example, SEVEN does not allege that his invalidity opinions were not properly disclosed in discovery. Instead, SEVEN attacks—without support—his opinions as "unreliable" or "legally baseless."

***First***, SEVEN's contention that Dr. Caloyannides "does not explain how or why a person of ordinary skill in the art ["POSITA"] would have been motivated to modify" these references is simply incorrect. Mot. at 4. Dr. Caloyannides provided detailed, element-by-element analysis as to how each of the '019, '129, and '816 patents are invalid as obvious over JuiceDefender and how the '129 patent is also invalid over GreenPower. Dr. Caloyannides further explained how and why a POSITA would have modified JuiceDefender or GreenPower to reach certain claim elements under certain proposed constructions. SEVEN is free to present its criticisms to the jury, but they are more appropriately considered an objection going to the weight of the evidence rather than its admissibility.

***Second***, SEVEN contends that "[n]o evidence supports Dr. Caloyannides's [sic] contention that GreenPower is prior art." Mot. at 6. In so doing, SEVEN ignores that Mr. Gael Pouzerate, the inventor of GreenPower, testified as to GreenPower's public availability as of the

---

[1] SEVEN's original filing both moved the Court to strike Dr. Caloyannides' opinions and moved the Court for partial summary judgment with respect to these prior art systems. *See* D344. The clerk of the Court had this document refiled as D368 to reflect that this filing included separate motions with separate deadlines. Samsung will respond to SEVEN's motion for partial summary judgment at the appropriate time.

’129 patent’s priority date. SEVEN also completely disregards the reasonable conclusions drawn by Dr. Caloyannides from related GreenPower documents cited in his report. To the extent SEVEN disputes whether particular features of GreenPower predate the proper priority date of the ’129 patent, which is itself the subject of some dispute, these issues should be weighed and determined by the factfinder.

The Court should not strike Dr. Caloyannides’ opinions regarding these prior art systems. Instead, it is more appropriate for SEVEN to use cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof to challenge the sufficiency of this evidence.

## I. Dr. Caloyannides’ Ample Invalidity Analysis Undermines SEVEN’s Complaint that His Opinions Are Somehow Conclusory

Dr. Caloyannides provided detailed and thorough, element-by-element analysis as to how each limitation of the asserted claims is disclosed by—or at least rendered obvious over—the prior art JuiceDefender and GreenPower mobile applications when these applications are installed on a prior art Android device. *See* Caloyannides Opening Report Exs. 129-A, 129-B, 816-C, 019-A.

### A. Dr. Caloyannides Explained the Basis for His Obviousness Opinions, the Weight of Which Should Be Considered by the Factfinder

Dr. Caloyannides submitted his opening report before this Court issued its *Markman* order, so Dr. Caloyannides addressed each claim element under both parties’ competing constructions. In certain instances, Dr. Caloyannides explained how and why if the more narrow construction were adopted, JuiceDefender and GreenPower would at least render the disputed claim limitation obvious. For example, Dr. Caloyannides implicitly acknowledged that not all prior art Android devices included a “backlight” under Samsung’s proposed construction, which

would exclude AMOLED screens. To that end, Dr. Caloyannides explained that using a "non-emissive display" is "but one of a finite number of displays that could be used in a JuiceDefender on Android Device." Ex. A (Caloyannides Opening Report Exhibit 129-A) at 15. Thus, SEVEN's complaint that Dr. Caloyannides does not opine on "how or why a person [of ordinary] skill in the art would have been motivated to combine" the prior art "to achieve the claimed invention" is simply incorrect.

To mischaracterize Dr. Caloyannides' opinions as conclusory, SEVEN cherry-picks certain statements in Dr. Caloyannides' exhibits that acknowledge that certain of the described software elements in the asserted patents "amount to a finite quantity of design choices" and that other claim elements require little more than a POSITA's common sense to incorporate (such as exiting a power management mode "when the mobile device is plugged into an external power source"). A charging device has little need for a power savings mode. *See* Ex. A (Caloyannides Opening Report Exhibit 129-A) at 22; *see also Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2009) (demonstrating that district courts are not obligated to disregard "common sense" in obviousness analysis). Such statements are not the entirety of Dr. Caloyannides' opinions.

Dr. Caloyannides' decision to include background statements explaining the simplistic nature of SEVEN's purported invention, or that certain design choices would be within the realm of common sense, provides no basis for striking entire invalidity theories as SEVEN seeks to do. To the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 802 (5th Cir. 2018) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)). "[I]n most

cases, objections to the inadequacies of a[n opinion] are more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Rosenfeld v. Oceana Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011) (citations omitted).

### B. No Motivation to Modify Is Required When an Element Is Expressly or Inherently Disclosed

More often than not, Dr. Caloyannides relied on no modification of a reference to meet the asserted claim limitations. In most instances, Dr. Caloyannides explained how JuiceDefender and GreenPower each explicitly disclose the elements of the asserted claims. Even SEVEN's expert, Dr. Goodrich, implicitly recognized this approach. For example, Dr. Goodrich's rebuttal analysis as to the '129 patent's invalidity over JuiceDefender focuses on whether this reference anticipates claim 17 under Defendants' proposed construction of "block" and whether the additional limitations of dependent claims 29 and 30 are met. Ex. B (Goodrich Rebuttal Report) ¶¶ 605-608; 611-616; Ex. C (Goodrich Rebuttal Report Caloyannides Appendix) ¶¶ 90-93. The same is true for GreenPower. Ex. B (Goodrich Rebuttal Report) ¶¶ 618-621; 624-629; Ex. C (Goodrich Rebuttal Report Caloyannides Appendix) ¶ 94.

By repeatedly emphasizing the "single reference obviousness" nature of the JuiceDefender and Android systems, SEVEN argues that Samsung's expert was obligated to identify some suggestion to wholesale modify each reference in some way. To be sure, Dr. Caloyannides provided that analysis where a particular claim element under a particular construction was arguably not explicitly or inherently disclosed. But, SEVEN's argument that single reference obviousness requires "a showing of a suggestion or motivation to modify the teachings of that reference" is incomplete. *In re Kotzab*, 217 F.3d 1365 at 1370 (Fed. Cir. 2000). There is no need to modify a reference as to claim elements that are explicitly or inherently disclosed. *See Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966) ("Under s 103,

the scope and content of the prior art are to be determined; ***differences*** between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined.") (emphasis added). SEVEN offers no authority to the contrary.

SEVEN's only justification for striking Dr. Caloyaniddes' report is that the report is unreliable because it is incomplete (*i.e.*, because the report allegedly does not provide a detailed motivation to modify JuiceDefender or GreenPower). *See* Mot. at 4-6. As discussed above, this is factually incorrect. Nevertheless, even ***if*** Dr. Caloyannides had failed to provide a detailed explanation, it would be error for the Court to strike his opinions on that basis. First, controlling precedent teaches that "[i]n determining whether the subject matter of a patent claim is obvious, neither the particular motivation nor the avowed purpose of the patentee controls. What matters is the objective reach of the claim." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). Thus, no motivation to modify is required to demonstrate the invalidity of the asserted claims of the patents addressed by Dr. Caloyannides. Second, even if a "motivation to modify" were required, any question of the sufficiency of the supporting explanation would go to the weight of Samsung's invalidity evidence, not its admissibility.

SEVEN's cited authority is inapposite. As to *Innogenetics*, the Federal Circuit found no error in the district court's finding that an expert report was deficient for purposes of disclosure under Fed. R. Civ. Pro. 26 where the expert "merely list[ed] a number of prior art references and then conclude[d] with the stock phrase 'to one skilled in the art it would have been obvious to perform the genotyping method in [claims 1–9 & 12–13] of the '704 patent.'" *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). As to *Tech Pharmacy*, the expert report in that case "merely discusse[d] features of the asserted claims and concludes that 'in view

of the basic idea of using an automated packaging and dispensing machine in a remote facility, every element of the Asserted Claims would be obvious.'" *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-766, 2017 WL 3283324, at *2 (E.D. Tex. Aug. 2, 2017). According to the movant in that case, the stricken expert report did not "conduct an element-by-element comparison with the prior art." *Id.* Neither case applies here because Dr. Caloyannides provided an ***element-by-element analysis*** and reasoning, as needed and appropriate, as to how JuiceDefender and GreenPower disclose the elements of the asserted claims. This is in stark contrast to the cases cited by SEVEN.

## II. SEVEN Articulates No Proper Justification for Striking Dr. Caloyannides' Opinions that GreenPower Is Prior Art

SEVEN seeks to strike GreenPower because a purported lack of evidence that GreenPower is prior art renders Dr. Caloyannides' invalidity opinion as to GreenPower "legally baseless." Mot. at 8. However, SEVEN's motion is based on two flawed propositions.

***First***, SEVEN assumes that there is no evidence that the GreenPower reference predated July 26, 2010 simply because Dr. Caloyannides cited publications that came after that date. This does not demonstrate an absolute absence of evidence regarding GreenPower's availability before that date. The developer of GreenPower—Mr. Gael Pouzerette—testified that he released GreenPower to the Google Play market for download at least as early as June 2010. Ex. D (Pouzerate Dep. Tr.) at 19:14-24. Even SEVEN's expert Dr. Goodrich acknowledges that at least one version of GreenPower—version 1.2—qualifies as prior art. Ex. B (Goodrich Rebuttal Report) ¶ 88. Moreover, in some cases, publications issuing after a challenged patent's priority date, describing public uses that occurred before the priority date can provide competent evidence of the prior art status of the described prior use. *Syntex (U.S.A.) LLC v. Apotex, Inc.*,

407 F.3d 1371, 1379 (Fed. Cir. 2005). Thus, SEVEN's contention that "[n]o evidence supports" GreenPower's prior art status is simply incorrect. At best, SEVEN has disputed the weight of that evidence—which is an issue that should be submitted for the jury's consideration.

***Second***, SEVEN assumes that the GreenPower reference is automatically entitled to the July 26, 2010 claimed priority date. To the contrary, to benefit from this alleged priority date, the asserted '129 patent claims must find support in the earlier filed applications. *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1380 (Fed. Cir. 2015) (rejecting presumption that a patent is entitled to the benefit of the filing date of its provisional precursor because the PTO does not examine provisional applications as a matter of course; such a presumption is therefore not justified); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305-1306 (Fed. Cir. 2008) ("The district court therefore correctly placed the burden on PowerOasis to come forward with evidence to prove entitlement to claim priority to an earlier filing date."). Dr. Caloyannides cast doubt that the asserted '129 patent claims were in fact entitled to such priority. *See* Ex. E (Caloyannides Opening Report) ¶¶ 74-75 (noting that the asserted claims were wholly added years after the alleged priority date), 84-88. Even SEVEN recognizes in its infringement contentions that the asserted claims of the '129 Patent might only be entitled to a later priority date:

| | |
|---|---|
| ’129 | The Asserted Claims of the ’129 patent are entitled to a priority date of July 26, 2010.<br>Alternatively, to the extent it is determined that any Asserted Claim of the ’129 patent is not entitled to such a priority date, said Asserted Claim is entitled to a priority date of November 1, 2010.<br>Alternatively, to the extent it is determined that any Asserted Claim of the ’129 patent is not entitled to a November 1, 2010 priority date, said Asserted Claim is entitled to a priority date of November 22, 2010.<br>Alternatively, to the extent it is determined that any Asserted Claim of the ’129 patent is not entitled to a November 22, 2010 priority date, said Asserted Claim is entitled to a priority date of January 7, 2011.<br>Alternatively, to the extent it is determined that any Asserted Claim of the ’129 patent is not entitled to a January 7, 2011 priority date, said Asserted Claim is entitled to a priority date of July 22, 2011. |

Ex. F (SEVEN’s P.R. 3-1 & 3-2 Disclosures) at 8-10. To the extent the asserted claims are not entitled to the alleged July 26, 2010 priority date, many of the publications that Dr. Caloyannides cited demonstrate the existence of a GreenPower version that renders the asserted claims of the ’129 patent invalid. As such, there is a threshold dispute that impacts the weight the jury may ultimately give to Dr. Caloyannides’ invalidity opinions regarding the ’129 patent, but SEVEN ignores that dispute in arguing that these opinions should be deemed inadmissible at the outset.

## III. Conclusion

SEVEN’s criticisms of Dr. Caloyannides’ invalidity analysis go to the weight of his opinions, not their admissibility. If SEVEN believes Dr. Caloyannides’ obviousness analysis lacks credibility or that the GreenPower reference’s prior art status is not supported by the evidence, SEVEN is free to present these issues to the jury. SEVEN has not presented a case for why Dr. Caloyannides’ opinions should be struck, now, by the Court. For at least these reasons, the Court should deny SEVEN’s motion.

Dated: November 6, 2018

Respectfully submitted,

*/s/ Stephen A. Marshall*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Indranil Mukerji
MA Bar No. 644059
mukerji@fr.com
Stephen A. Marshall
DC Bar No. 1012870
smarshall@fr.com
Ralph Phillips
DC Bar no. 475571
rphillips@fr.com
Linhong Zhang *admitted via pro hac vice*
DE Bar 5083
lwzhang@fr.com
Cyrus Garmestani
CA Bar No. 320218
garmestani@fr.com
Laura C. Whitworth
VA Bar No. 91170
whitworth@fr.com
Sun Young Park
NY Bar No. 5412739
apark@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Noah C. Graubart
Georgia Bar No. 141862
graubart@fr.com
Thad Kodish
Georgia Bar No. 427603
tkodish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Chet Campbell *admitted pro hac vice*
MA Bar No. 668190
cycampbell@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 6, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Stephen A. Marshall*
Stephen A. Marshall