**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>             Defendant. | CIVIL ACTION NO. 2:17-CV-442-JRG<br>LEAD CASE<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |
| v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,<br><br>             Defendants. | CIVIL ACTION NO. 2:17-CV-441-JRG<br>CONSOLIDATED CASE |

**SEVEN'S REPLY TO DEFENDANTS' RESPONSE [405]
TO SEVEN'S MOTION TO STRIKE DEFENDANTS' UNDISCLOSED INVALIDITY
THEORIES, PRIOR-ART SYSTEMS, AND OBVIOUSNESS COMBINATIONS [343]**

In offering opinions related to GreenPower and JuiceDefender, Defendants' experts rely on evidence of different versions of software installed on different operating systems that were available at different times. But they treat that evidence as though it describes singular prior-art systems. This is improper and warrants exclusion because different versions of software released at different times are not the same. Defendants' failure to define and rely on specific versions of allegedly prior-art GreenPower and JuiceDefender software systems leaves unclear the content and effective date of that art, and hinders rather than helps the finder of fact. Defendants' failure to identify specific versions of GreenPower and JuiceDefender also frustrates this Court's Order Focusing Patent Claims and Prior Art (ECF No. 292).

**A.  Defendants' experts' opinions on GreenPower and JuiceDefender should be excluded.**

"The purpose of [expert] reports is to avoid the disclosure of sketchy and vague expert information." *Sierra Club, Lone Start Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). The proponents of expert testimony bear the burden of establishing that the expert testimony is reliable, that it is based on sufficient facts and data, and that it will help the trier of fact determine a fact in issue. *U.S. v. Fullwood*, 342 F.3d 409, 412 (Fed. Cir. 2003). Defendants' experts improperly treat multiple distinct but ill-defined GreenPower and JuiceDefender systems as single systems. The failure to identify any specific version of GreenPower or JuiceDefender that allegedly invalidates the claims of a patent-in-suit renders their opinions "sketchy and vague," at best. Those opinions should therefore be excluded under Rule 702 as unhelpful and unreliable.

**1.  Defendants' experts improperly treat many references as a single reference.**

Different works by different authors or subsets of authors at different times are different

references. *See Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1351–52 (Fed. Cir. 2008). Defendants, through their experts, present the GreenPower and JuiceDefender systems as single references, each consisting of software of unspecified version and release number installed on an unspecified device running an unspecified operating system. Defendants' experts fail to identify a single version of software, running on a single version of Android, running on a particular device, as being the GreenPower or JuiceDefender system that allegedly invalidates SEVEN's claims. Instead, they rely on evidence concerning admittedly distinct versions and editions of GreenPower, JuiceDefender, and the Android operating systems on which they ran. Resp. at 5–6.

Rather than dispute these points, Defendants argue there is no requirement to specifically identify the systems they allege constitute invalidating prior art, ignoring P.R. 3-3 and citing no authority for this remarkable position. Resp. at 3; *see* P.R. 3-3(a) (requiring disclosure of "[t]he identity of *each item* of prior art that allegedly anticipates each asserted claim or renders it obvious." (emphasis added)). Defendants were required to identify a prior-art system that actually existed and teaches the claim limitations. No prior-art system could have had multiple operating systems or multiple versions of JuiceDefender or GreenPower *at the same time*. Accordingly, experts who rely on evidence from multiple operating systems or multiple versions of application software to satisfy a claim are offering opinions about a "system" that never existed and, in fact, never could have existed. Any testimony on such an imaginary prior-art "system" is necessarily unreliable and should not be admitted.

**2. Defendants' experts do not define or opine on a singular JuiceDefender system.**

Neither Dr. Turnbull nor Dr. Caloyannides bases his invalidity opinions on a specific

version of JuiceDefender installed on a specific device with a specific operating system.[1] Instead, both experts rely on a mishmash of documents describing different features of different versions and releases of JuiceDefender software at different times.[2] Indeed, Dr. Turnbull admitted that he did not consider JuiceDefender as it existed at any particular point in time or rely on any individual version of the software.[3] And he likewise failed to consider different versions of Android, treating all versions as though they were a single version.[4]

Defendants fault SEVEN for addressing only Dr. Turnbull in detail in its opening brief and not addressing Dr. Caloyannides beyond a footnote. But it is Defendants' burden to establish the admissibility of Dr. Caloyannides's testimony, and his treatment of JuiceDefender suffers from the same flaws as Dr. Turnbull's. Dr. Caloyannides even cites the same documents describing the same versions of JuiceDefender in the same order in his charts.[5] Accordingly, the opinions of both Dr. Turnbull and Dr. Caloyannides fail to define and address a singular system and should be excluded.

Further, as shown in SEVEN's motion and not contested by Defendants, Drs. Turnbull and Caloyannides improperly rely on different JuiceDefender systems to satisfy different elements of the same claims. *See* Mot. at 5–6 (providing examples Dr. Turnbull's treatment of Claim 17 and 29 of the '129 Patent).

---

[1] Mot. **Ex. A**: Turnbull Rpt. ¶¶ 600–10, App'x 816-JuiceDefender on Android Device, App'x 019-JuiceDefender on Android Device, App'x 129-JuiceDefender on Android Device; Mot. **Ex. G**: Caloyannides Rpt. ¶¶ 91–94, Caloyannides Ex. 019-A, Caloyannides Ex. 129-A, and Caloyannides Ex. 816-C.
[2] *Id.*; *see also* **Ex. A**: Turnbull Rpt. ¶¶ 1329–63, 1847–85, and 2115–52.
[3] Mot. **Ex. C**: Turnbull Dep. at 128:19–25 and 225:4–14.
[4] Mot. **Ex. C**: Turnbull Dep. at 129:2–130:2.
[5] *E.g.*, *compare* Mot. **Ex. A**: Turnbull Rpt. at App'x 019-JuiceDefender on Android with Mot. **Ex. G**: Caloyannides Rpt. at Caloyannides Ex. 019-A.

### 3. Defendants' experts do not define or opine on a singular GreenPower system.

As with the JuiceDefender system, Defendants' experts' treatment of the GreenPower system improperly combines evidence from disparate versions of applications and operating systems and fails to identify a singular prior-art system that allegedly invalidates the claims. *See* Resp. at 6–9. Defendants fail to rebut SEVEN's showing, instead pointing to analysis that Dr. Turnbull performed concerning a single version of GreenPower source code. Resp. at 4–5. This argument misses the point—that Dr. Turnbull may have looked at software for a particular version of GreenPower does not remedy the fact that his opinions are based on multiple versions. No matter how detailed or reliable Dr. Turnbull's analysis of one specific version of GreenPower code may be, that analysis is combined with disclosures concerning other versions of GreenPower and multiple versions of Android, rendering his opinion based on that analysis unreliable.

### B. Defendants' experts' failure to offer opinions on specific prior-art systems warrants exclusion.

Defendants and their experts have therefore not presented a single system reference, but a multitude of poorly defined references. Not only does this violate the court's Order to narrow prior-art references to "no more than 6 references per patent," ECF No. 292 at 2, it also severely prejudices SEVEN by presenting innumerable distinct references as a single reference. Defendants argue that their experts' failure to specifically identify the systems they allege invalidate SEVEN's claims goes to weight rather than admissibility, but this is precisely the kind of "sketchy and vague" opinion that should be excluded. Allowing Defendants' experts to opine on multiple distinct versions of software as though they were a single reference distorts both what each reference teaches and when any particular feature entered the prior art.

Defendants wrongly suggest that SEVEN must show that Defendants' reliance on multiple

systems results in some prejudice. Defendants, for example, argue that SEVEN must prove Defendants' experts' opinions would have been different if they had, in fact, limited themselves to a single version of JuiceDefender or GreenPower or a single operating system. Resp. at 4. But it is Defendants' burden to show that their experts' testimony is admissible, not SEVEN's burden to prove that it is not. Defendants' experts opine on a system that did not exist and could not have existed, a simultaneous combination of many versions of many different software packages. Additionally, suggesting that SEVEN should have to prove that various features that Defendants' experts rely on are not present in every version of the relevant software package to dispute admissibility shows that their experts' opinions are not directed to a single reference. Accordingly, even if not unreliable under *Daubert*, these opinions should be struck for failure to comply with the Court's Focusing Order (ECF No. 292).

**C. Defendants no longer oppose SEVEN's motion as to §102(g), device inspections, and Dr. Rosing's Sylvester + Beyda combination.**

In response to SEVEN's motion: (i) Google has agreed not to rely on §102(g), and has withdrawn the challenged portions of Dr. Turnbull's report that rely on his purported inspection of alleged prior-art systems; and (ii) Samsung has agreed not to rely on the undisclosed combination of U.S. Pat. Nos. 6,631,469 and 6,470,358 against SEVEN's asserted '952 Patent. *See* Resp. at 7 and 8 n.3. This Court should therefore strike at least the following paragraphs from the experts' reports: Turnbull ¶¶ 585, 600, 611, and 838 (regarding §102(g)); Turnbull ¶¶ 599, 609, 628, and 614 (regarding device inspections); and Rosing ¶¶ 110–112 and Ex. 952–3.

Regarding all other issues, SEVEN stands on its original briefing.

Dated: November 13, 2018

Respectfully submitted,

*/s/ Max Ciccarelli*
**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Herbert J. Hammond**
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**J. Michael Heinlen**
  State Bar No. 24032287
  Michael.Heinlen@tklaw.com
**Adrienne E. Dominguez**
  State Bar No. 00793630
  Adrienne.Dominguez@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia E. Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Natalie M. Cooley**
  State Bar No. 24079912
  Natalie.Cooley@tklaw.com
**Matthew Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com

**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com

**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

- 7 -

## CERTIFICATE OF SERVICE

On November 13, 2018, the foregoing document and accompanying exhibits were electronically filed with the Clerk of the Court using CM/ECF, which served them to all counsel of record.

>*/s/ Max Ciccarelli*
>Max Ciccarelli