**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 2:17-cv-00442-JRG<br><br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S OPPOSITION TO SEVEN'S MOTION
TO STRIKE OPINIONS OF GOOGLE'S EXPERT, DR. KEVIN JEFFAY,
RELATED TO NON-INFRINGING ALTERNATIVES OR, IN THE
ALTERNATIVE, FOR LEAVE TO SERVE EXPERT REBUTTALS**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT ........................................................................................................................6

I.    DR. JEFFAY'S OPINIONS ON NON-INFRINGING ALTERNATIVES WERE TIMELY. ..................................................................................................................6

II.   DR. JEFFAY'S OPINIONS ON NON-INFRINGING ALTERNATIVES ARE RELIABLE AND WELL-SUPPORTED. ...............................................................9

III.  SEVEN'S ALTERNATIVE REQUEST FOR LEAVE TO FILE EXPERT REBUTTAL REPORTS SHOULD BE DENIED. ............................................11

CONCLUSION....................................................................................................................13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Comms.*,
 694 F.3d 1312 (Fed. Cir. 2012) .................................................................................... 11

*ART+COM Innovationpool GmbH v. Google Inc.*,
 155 F. Supp. 3d 489 (D. Del. 2016) .............................................................................. 10

*Aylus Networks, Inc. v. Apple Inc.*,
 Case No. 13-cv-04700-EMC, 2015 WL 6667460 (N.D. Cal. Nov. 2, 2015) ............................ 8

*Better Mouse Company, LLC v. SteelSeries Aps*,
 Case No. 2:14-cv-198-RSP, 2016 WL 7665908 (E.D. Tex. Jan. 7, 2016) ............................... 7

*Delaware Display Grp. LLC v. VIZIO, Inc.*,
 No. CV 13-2112-RGA, 2017 WL 784988 (D. Del. Mar. 1, 2017) ........................................ 11

*Droplets, Inc. v. Overstock.com, Inc.*,
 Case No. 2:11-CV-401-JRG-RSP, 2015 WL 11120799 (E.D. Tex. Jan. 9, 2015) ................... 7

*Genband US LLC v. Metaswitch Networks Corp.*,
 No. 2:14-CV-33-JRG-RSP, 2016 WL 122969 (E.D. Tex. Jan. 9, 2016) ................................. 7

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
 No. 06-CV-348-CE, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ........................................... 8

*Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*,
 2017 WL 4819207 (E.D. Tex. Oct. 25, 2017) ...................................................................... 12

*Poly-Am., L.P. v. Stego Indus., L.L.C.*,
 No. 3:08-CV-2224-G, 2011 WL 1583913 (N.D. Tex. Apr. 26, 2011) ................................... 13

*Smart Skins LLC v. Microsoft Corp.*,
 No. C15-544-MJP, 2016 WL 4148091 (W.D. Wash. July 1, 2016) .................................. 8, 9

*TV Interactive Data Corp. v. Sony Corp.*,
 929 F. Supp. 2d 1006 (N.D. Cal. 2013) ............................................................................... 9

*United States v. Adam Bros. Farming*,
 No. CV-00-7409-CAS, 2005 WL 5957827 (C.D. Cal. Jan. 25, 2005) .................................. 11

*Vehicle IP, LLC v. AT & T Mobility LLC*,
 227 F. Supp. 3d 319 (D. Del. 2016) ...................................................................................... 7

*Viasat, Inc. v. Space Sys./loral, Inc.*,
 No. 3:12-CV-00260-H(WVG), 2014 WL 11813867 (S.D. Cal. Jan. 31, 2014) ...................... 7

*Young v. Brand Scaffold Servs., LLC*,
 No. 1:07-CV-917, 2009 WL 4674050 (E.D. Tex. Feb. 24, 2009) ........................................ 13

**Rules and Regulations**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ................................................................................................. 8
Fed. R. Civ. P. 30(b)(6) ............................................................................................ 3, 7, 8, 10

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## INTRODUCTION

SEVEN's Motion to Strike the opinions of Google expert Dr. Kevin Jeffay regarding non-infringing alternatives is a thinly-veiled attempt by SEVEN to remedy the failure of its own experts to address non-infringing alternatives in their reports. SEVEN's strategy should not be condoned. Dr. Jeffay's opinions regarding non-infringing alternatives were both timely and well-supported. SEVEN's Motion should be denied.

First, Dr. Jeffay's opinions regarding non-infringing alternatives were properly included in his rebuttal report, rebutting opinions from SEVEN's damages and technical experts that Google had no viable non-infringing alternatives. Indeed, SEVEN ***does not cite any authority*** from this District requiring the disclosure of opinions regarding the availability of non-infringing alternatives in a patent defendant's opening reports. In fact, courts ***routinely deny*** exactly the relief that SEVEN now seeks—especially where, as here, extensive evidence on non-infringing alternatives was produced during fact discovery.

Second, Dr. Jeffay's opinions are reliable and well-supported. Dr. Jeffay addressed Google's non-infringing alternatives in nearly 30 pages of meticulous analysis. He based his opinions on discussions with senior Google engineers, Google source code and technical documents, and his own education and experience. Any questions about the correctness of Dr. Jeffay's opinions should be deferred until cross-examination at trial—***not*** addressed under *Daubert*. SEVEN again ***fails to cite any authority*** in this District to the contrary.

Finally, SEVEN's alternative request for leave to serve an expert report on Google's non-infringing alternatives should also be denied. It is undisputed that Google disclosed its non-infringing alternatives during fact discovery. SEVEN does not challenge the timeliness or completeness of this disclosure. Yet, its experts failed to address Google's non-infringing

alternatives in their reports. SEVEN should not be afforded the opportunity, less than two months before trial, to correct its error.[1]

## BACKGROUND

### I. GOOGLE PROVIDED TIMELY EVIDENCE OF ITS NON-INFRINGING ALTERNATIVES.

Google provided SEVEN with extensive discovery regarding its non-infringing alternatives during fact discovery. This evidence included detailed disclosures of Google's alternative designs in interrogatory responses. On October 17, 2017, SEVEN served an interrogatory asking Google to "identify each acceptable non-infringing alternative to the Asserted Claims of the Patents-in-Suit." Ex. 1, 3[2]. On November 16, Google responded that acceptable non-infringing alternatives would include at least prior art cited in its invalidity contentions and described in SEVEN's asserted patents. Ex. 1, 51. On August 3, 2018, Google supplemented its response with a 21-page, patent-by-patent disclosure of non-infringing alternatives. Ex. 3, 71-92. The disclosed non-infringing alternatives included publicly-available prior art battery-saver applications such as GreenPower, Greenify, Juice Defender, and Deep Sleep Battery Saver, as well as engineering design-arounds for accused Google products, including modifications to the Android operating system's Doze, Power Saver, and App Standby features. *See* Ex. 3, 71-92. SEVEN never took issue with the sufficiency of Google's response to Common Interrogatory No. 4. Dr. Jeffay addressed the non-infringing alternatives disclosed therein in his rebuttal report. *See* Jeffay Ex. 1, ¶¶ 780-830.

---

[1] Google separately moved to exclude the testimony of SEVEN's damages expert, Mr. Napper, due to his failure to account for Google's non-infringing alternatives in his damages analysis. Dkt. 359 at 1, 11.

[2] "Ex." refers to exhibits appended to the Declaration of Andrea Roberts filed herewith.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

During fact discovery, SEVEN also sought 30(b)(6) testimony from Google regarding its non-infringing alternatives and Google's response to Common Interrogatory No. 4. Ex. 4, ¶¶ 151, 157. Google designated two senior software engineers to testify about these non-infringing alternatives. *See* Exs. 6, 7. Google designated Senior Staff Software Engineer Chris Sadler to testify on behalf of Google about certain of the non-infringing alternatives. Ex. 5, 182:2-184:1. SEVEN deposed Mr. Sadler and spent nearly two hours addressing this topic. Ex. 5, 182:2-255:13. Google also made available Distinguished Software Engineer Dianne Hackborn to testify about Google's non-infringing alternatives and Google's response to Common Interrogatory No. 4. Ex. 7. SEVEN's counsel chose not to ask her questions about these issues in her deposition. SEVEN never took the position that Mr. Sadler or Ms. Hackborn were unprepared to testify as 30(b)(6) witnesses on these issues.

## II. SEVEN IGNORED THE DISCLOSED NON-INFRINGING ALTERNATIVES IN ITS OPENING EXPERT REPORTS.

The parties exchanged opening expert reports on September 14, 2018. SEVEN's experts ignored Google's disclosed non-infringing alternatives in their reports. SEVEN's damages expert, Brian Napper, purported to address non-infringing alternatives when addressing *Georgia-Pacific* Factor 9 ("The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results."). Ex. 8, 35-55. Despite Google's detailed interrogatory response, Mr. Napper stated █████████████████████████████

███████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

3

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███

Dr. Goodrich and Dr. Smith submitted reports opining that Google infringes the asserted patents. They too failed to address Google's non-infringing alternatives in their opening report. Dr. Smith provided the conclusory opinion that, ██████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████ Ex. 10, ¶ 33 (emphasis added). Again, according to his report, Dr. Smith did not even review Google's responses to Common Interrogatory No. 4. Ex. 10, ¶¶ 19-26. He did not cite these responses or Mr. Sadler's testimony in this discussion in his report. Ex. 10, ¶ 33. Likewise, Dr. Goodrich stated only: "I have been instructed that the defendant bears the burden of proving the availability of commercial acceptable noninfringing alternatives. Accordingly, I reserve the right to rebut any such disclosure." Ex. 11, ¶ 1015. Dr. Goodrich did not cite Google's interrogatory responses or Mr. Sadler's testimony in this discussion, even though he reviewed them. Ex. 11, ¶¶ 13-30.

### III. DR. JEFFAY OFFERS OPINIONS ON GOOGLE'S NON-INFRINGING ALTERNATIVES.

The parties exchanged rebuttal reports on October 5, 2018. Dr. Jeffay submitted a report regarding Google's non-infringement of the asserted patents, and also responded to Dr. Goodrich and Dr. Smith's opinions that there are not any non-infringing alternatives. Jeffay Ex. 1, ¶ 1, ¶¶ 780-830. Dr. Jeffay opined that "there are commercially acceptable, non-infringing alternatives to each of the asserted patents that would have been available at the time of the first alleged infringement," and described these alternatives in detail, on a patent-by-patent basis. Jeffay Ex. 1, ¶ 780. Dr. Jeffay concluded these alternatives would have been "straightforward," "easy," "feasible," "simple," "acceptable to users," and "provide the same or similar performance benefits" as SEVEN's claimed technologies. Jeffay Ex. 1, ¶¶ 786-92, 821-22, 824-26, 828. As a basis for his opinions, Dr. Jeffay relied on the information in Google's interrogatory responses, discussions with Mr. Sadler and Ms. Hackborn, and Google source code and internal technical documentation regarding the accused products. Jeffay Ex. 1, ¶¶ 13, 782-84, 791-92, 795-803, 814-17, Exhibit 2. Google's damages expert, Chris Bakewell, also considered Google's non-infringing alternatives in his rebuttal damages analysis. Bakewell Ex. 1, ¶¶ 75, 227-253.[3]

### IV. SEVEN DOES NOT CHALLENGE DR. JEFFAY'S QUALIFICATIONS

Kevin Jeffay has over 35 years of experience in computer networks, distributed systems, multimedia networking, and network performance. Jeffay Ex. 1, ¶ 5. He earned his PhD in Computer Science from the University of Washington and his Master of Science degree from the University of Toronto. Jeffay Ex. 1, ¶ 4. Dr. Jeffay has been the Chairman of the Department of Computer Science at the University of North Carolina at Chapel Hill ("UNC") since 2014. Jeffay

---

[3] SEVEN filed a Motion to Exclude Mr. Bakewell's opinions, but did not address his opinions on non-infringing alternatives therein. Dkt. 361.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Ex. 1, ¶ 3.  He has won numerous awards, including the Alumni Achievement Award from the University of Washington in June 2015, the Excellence in Teaching Award from UNC in May 2011, and the Gillian T. Cell Distinguished Professor in Computer Science Award from UNC in June 2008.  Jeffay Ex. 1, Exhibit 1.

Dr. Jeffay has authored or co-authored over 100 articles in peer-reviewed journals, conference proceedings, texts, and monographs in the aforementioned areas of computer science and others.  Jeffay Ex. 1, ¶ 8.  One major focus of his research has been improving the performance of data transfers on the Internet for distributed computer systems.  Jeffay Ex. 1, ¶ 5.  Dr. Jeffay is the named inventor of four patents related to computer networking and the delivery of services over networks.  Jeffay Ex. 1, ¶ 10.

## ARGUMENT

**I.      DR. JEFFAY'S OPINIONS ON NON-INFRINGING ALTERNATIVES WERE TIMELY.**

Google timely disclosed Dr. Jeffay's opinions regarding non-infringing alternatives to rebut the opinions of SEVEN's experts.  SEVEN's experts opined that Google has no viable non-infringing alternatives, and Mr. Napper concluded that the purported absence of alternatives has an "upward influence on damages."  Exs. 8 at 55, 10 at ¶ 33, 11 at ¶ 1015.  Dr. Jeffay properly rebutted these opinions in his rebuttal report.  He analyzed only the non-infringing alternatives disclosed in Google's interrogatory responses, and opined that they are viable, non-infringing alternatives.  Jeffay Ex. 1, ¶ 780.  Mr. Bakewell relied on these conclusions, in part, to arrive at a lump sum royalty that is far lower than Mr. Napper's royalty rate.  Bakewell Ex. 1, ¶¶ 227-253, 308-310.

Initially, it is undisputed that Google disclosed non-infringing alternatives during discovery.  Google provided a detailed response to Common Interrogatory No. 4 and designated

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

witnesses to testify on SEVEN's 30(b)(6) topics directed at non-infringing alternatives. *See* Exs. 2-3, 6-7. SEVEN does not claim and cannot claim that Google did not disclose this information regarding non-infringing alternatives during fact discovery. Similarly, it is undisputed that Google disclosed the specific non-infringing alternatives Dr. Jeffay included in his rebuttal report in its responses to Common Interrogatory No. 4. Exs. 2-3.

Instead, SEVEN's argument rests solely on the fact that Dr. Jeffay included his opinions regarding non-infringing alternatives in his rebuttal report, rather than offering an opening report. SEVEN's theory has no support in the case law. Where, as here, a defendant timely discloses its non-infringing alternatives during fact discovery, this Court uniformly permits rebuttal experts to address them. *See*, *e.g.*, *Better Mouse Company, LLC v. SteelSeries Aps*, Case No. 2:14-cv-198-RSP, 2016 WL 7665908 (E.D. Tex. Jan. 7, 2016) (denying motion to exclude non-infringing alternative opinions disclosed in rebuttal reports because defendant disclosed alternatives in interrogatory response and plaintiffs failed to demonstrate prejudice); *Droplets, Inc. v. Overstock.com, Inc.*, Case No. 2:11-CV-401-JRG-RSP, 2015 WL 11120799 at *4-5 (E.D. Tex. Jan. 9, 2015) (same); *Genband US LLC v. Metaswitch Networks Corp.,* No. 2:14-CV-33-JRG-RSP, 2016 WL 122969, at *3 (E.D. Tex. Jan. 9, 2016) (same); *see also Vehicle IP, LLC v. AT & T Mobility LLC*, 227 F. Supp. 3d 319, 325-26 (D. Del. 2016) (denying motion to strike non-infringing alternatives in rebuttal report because "the disclosure in the interrogatory response substantially reduced the level of surprise [plaintiffs] could have experienced upon receiving the [] Defendants' expert report, and [plaintiff] identifies no significant prejudice resulting from the late disclosures"). District courts also uniformly permit rebuttal reports to address non-infringing alternatives where, as here, a plaintiff fails to demonstrate any resulting prejudice. *See, e.g.*, *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 3:12-CV-00260-H(WVG), 2014 WL 11813867, at *1

(S.D. Cal. Jan. 31, 2014) (denying motion to strike rebuttal expert opinion on non-infringing alternatives because it "directly rebuts [plaintiff's] opinion on damages" and plaintiff deposed expert on alternatives well in advance of trial); *Aylus Networks, Inc. v. Apple Inc.*, Case No. 13-cv-04700-EMC, 2015 WL 6667460, at *3-4 (N.D. Cal. Nov. 2, 2015) (denying motion to strike defendant's expert report on design alternatives because defendant demonstrated that, even if untimely, the disclosure was harmless).  So, too, should SEVEN's motion be denied.

SEVEN does not cite any cases that support its assertion that Dr. Jeffay should have disclosed his opinions on non-infringing alternatives in an opening expert report.  SEVEN instead cites the general Federal Rule of Civil Procedure that rebuttal expert testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party."  Fed. R. Civ. P. 26(a)(2)(D)(ii)).  SEVEN ignores, however, that Dr. Jeffay's opinions plainly rebut SEVEN's expert opinions regarding the lack of evidence of non-infringing alternatives.

SEVEN also cites to *LaserDynamics, Inc. v. Quanta Computer, Inc.*, but that case is silent on the question of the ***timing*** of expert disclosures of alternatives.  There, the Court excluded expert opinions regarding non-infringing alternatives—not due to any timing considerations—but because the expert failed to opine on the feasibility of implementing the non-infringing alternative.  No. 06-CV-348-CE, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011).  Where this Court has considered the relief SEVEN seeks, it sided with defendants in Google's position.

SEVEN's citation to a single, two-page Western District of Washington case, *Smart Skins LLC v. Microsoft Corp.*, is also unpersuasive.  In *Smart Skins*, Microsoft failed to identify any non-infringing alternatives during fact discovery, either in response to plaintiff's interrogatory on the subject or in 30(b)(6) testimony.  No. C15-544-MJP, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016).  Instead, Microsoft first disclosed its design alternatives in its expert rebuttal reports.  *Id.*

at *1. In contrast, here, it is undisputed that Google disclosed in discovery the same non-infringing alternatives included in Dr. Jeffay's report, including through interrogatory responses and deposition testimony. The great weight of legal authority in similar circumstances confirms that SEVEN's Motion should be denied.

**II.     DR. JEFFAY'S OPINIONS ON NON-INFRINGING ALTERNATIVES ARE RELIABLE AND WELL-SUPPORTED.**

Dr. Jeffay's opinions, set forth in nearly thirty pages of meticulous analysis, are reliable and well-supported. In reaching his opinions, Dr. Jeffay reviewed Google's interrogatory responses, interviewed senior Android engineers (Mr. Sadler and Ms. Hackborn), and analyzed Google's source code and technical documentation for the accused products. Jeffay Ex. 1, ¶¶ 13, 780-830, Exhibit 2. Dr. Jeffay relied extensively on his interviews with Mr. Sadler and Ms. Hackborn, and explained in detail how each alternative would be implemented and how much engineering effort would be required. Jeffay Ex. 1, ¶¶ 780-830. Dr. Jeffay's report also included a detailed discussion of Google's source code and technical documents for all accused functionalities—*i.e.*, those that Dr. Jeffay opines Google could have designed differently to avoid alleged infringement. Jeffay Ex. 1, ¶¶ 780-830.

Dr. Jeffay's opinions are not "mere speculation or conclusory assertions," as SEVEN argues. Mot. at 3. First, contrary to SEVEN's arguments, the question of whether Google had non-infringing alternatives at the time of alleged infringement is a question of fact that should not be determined by way of a *Daubert* review. *See TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1026-27 (N.D. Cal. 2013) (denying motion to exclude expert opinions on non-infringing alternatives, stating that "[Defendant] bears the burden of showing that the substitute was 'available,'" which is "a fact issue for the jury to decide").

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

SEVEN's complaints about Dr. Jeffay's reliance on Mr. Sadler and Ms. Hackborn are equally unavailing. Mot. at 6. SEVEN argues that Dr. Jeffay "simply" "talked to a Google engineer." Mot. at 6. But, Dr. Jeffay interviewed *the same two engineers* that Google designated as its 30(b)(6) witnesses on non-infringing alternatives. Exs. 6-7. SEVEN had a full and fair opportunity to examine those same Google engineers about Google's non-infringing alternatives. At no point did SEVEN raise any concerns regarding either witness' preparedness for deposition.

SEVEN's argument that Dr. Jeffay did not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 510 (D. Del. 2016) (rejecting argument that "experts are required to implement a non-infringing alternative in order to rely on it"). Nor does SEVEN have any support for its similar complaint (Mot. at 6-7) that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

SEVEN's litany of concerns regarding Dr. Jeffay's opinions on non-infringing alternatives (Mot. at 5-7) go to the weight to be accorded his opinions at trial, not their admissibility. SEVEN's concerns range from accusing Dr. Jeffay of "follow[ing] the same formula" for each patent to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. at 5-7 (questioning ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ SEVEN's doubts as to the correctness Dr. Jeffay's ultimate conclusions are not bases for excluding his opinions under *Daubert*, but are rather properly addressed during cross-examination.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*ActiveVideo Networks, Inc. v. Verizon Comms.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012) ("[T]he factual assumptions and considerations underlying [expert's] conclusions ... ***go to the weight to be afforded to the testimony*** and not its admissibility.") (emphasis added); *United States v. Adam Bros. Farming*, No. CV-00-7409-CAS, 2005 WL 5957827, at *5 n.11 (C.D. Cal. Jan. 25, 2005) (underlying factual questions and "what specific data [the expert] relied on are, again, ***more proper subjects for cross-examination***") (emphasis added); *Delaware Display Grp. LLC v. VIZIO, Inc.*, No. CV 13-2112-RGA, 2017 WL 784988, at *6 (D. Del. Mar. 1, 2017) ("Plaintiffs argue that certain statements of Mr. Credelle and Dr. Serwin constitute *ipse dixit* testimony. They are not *ipse dixit* testimony because they are based on Mr. Credelle's experience and adequate facts. ***Cross-examination is more suitable*** for Plaintiffs' concerns.") (emphasis added). Dr. Jeffay's opinions should not be excluded.

### III. SEVEN'S ALTERNATIVE REQUEST FOR LEAVE TO FILE EXPERT REBUTTAL REPORTS SHOULD BE DENIED.

SEVEN's request in the alternative for leave to file expert rebuttal reports on non-infringing alternatives should be denied. Mot. at 8. It is undisputed that Google provided information about the same non-infringing alternatives discussed in Dr. Jeffay's report during discovery. SEVEN never raised any question about the timing or sufficiency of Google's disclosure of information about non-infringing alternatives during the fact discovery period. SEVEN's experts nevertheless either disregarded this evidence in their reports or were never provided with it. SEVEN should not be afforded the opportunity to reopen expert discovery now to correct its oversight.

SEVEN does not present a compelling argument for why it should be permitted leave to submit new expert reports. SEVEN ignores this District's standard for seeking leave to submit a late expert reports. *Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*, 2017 WL 4819207,

*1 (E.D. Tex. Oct. 25, 2017). When a party seeks to submit a late expert report, courts in this District apply a standard that weighs "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Id.* (internal citations removed). SEVEN does not even mention this standard, let alone show that the four factors weigh in SEVEN's favor. They do not.

First, SEVEN does not claim that the supplemental reports are important. Nor can it. If SEVEN considered this issue to be important, its experts would have addressed it in their opening reports. They did not. This illustrates the lack of importance that SEVEN places on non-infringing alternatives.

Second, Google will be prejudiced if SEVEN is permitted to serve new expert reports addressing non-infringing alternatives. There are only eight weeks left before the January 7, 2019 trial date. Dkt. 337. If SEVEN is permitted to serve supplemental expert reports regarding non-infringing alternatives, then Google's experts should have the opportunity to respond to them. Google would also need to depose SEVEN's experts again regarding their supplemental reports. This would have to occur in a short period of time, when the parties are otherwise busy with pretrial disclosures, summary judgment briefing, and briefing on *Daubert* motions and motions to strike. Requiring Google to do this because *SEVEN's* experts ignored the evidence Google provided during fact discovery is prejudicial to Google. *See Poly-Am., L.P. v. Stego Indus., L.L.C.*, No. 3:08-CV-2224-G, 2011 WL 1583913, at *3 (N.D. Tex. Apr. 26, 2011) ("[A]llowing Poly's untimely evidence would prejudice Stego by requiring it to respond… with short notice and on the eve of trial."); *Young v. Brand Scaffold Servs., LLC*, No. 1:07-CV-917, 2009 WL 4674050, at *3

(E.D. Tex. Feb. 24, 2009) ("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of the exclusion of testimony.").

Third, there is no availability for a continuance to cure the prejudice to Google. This Court made clear that the trial date is "written in stone" and will not move. *See* Ex. 12, 5:13-18. Trial is set for January 7, 2019, and will go forward on that date. Dkt. 337.

Finally, SEVEN provides ***no explanation*** for its experts' failure to address non-infringing alternatives in their opening reports. It is undisputed that Google disclosed its non-infringing alternatives during fact discovery, and SEVEN had ample opportunity to examine Google witnesses about them. SEVEN cannot credibly claim that it did not know Google contends there are viable, non-infringing alternatives. Nor can SEVEN credibly claim that it did not know it was required to address this issue in opening reports given the clear authority discussed above.

Based on the above, even if SEVEN had addressed the standard for permitting an additional expert report, with trial in less than eight weeks away, SEVEN's alternative request for leave to submit supplemental expert reports should be denied.

## CONCLUSION

For at least the reasons described above, SEVEN's Motion should be denied.

Dated: November 7, 2018

Respectfully submitted,

*/s/ Charles K. Verhoeven*
Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Sean S. Pak
seanpak@quinnemanuel.com
Brian E. Mack
brianmack@quinnemanuel.com
Jonathan Tse
jonathantse@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Patrick D. Curran
patrickcurran@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

Lance L. Yang
lanceyang@quinnemanuel.com
Miles D. Freeman
milesfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on November 7, 2018.  I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on November 7, 2018.

*/s/ Andrea Pallios Roberts*
Andrea Pallios Roberts

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order (Dkt. 88).

*/s/ Andrea Pallios Roberts*
Andrea Pallios Roberts