IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § | CIVIL ACTION NO. 2:17-CV-00442-JRG |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are the motions *in limine* ("MIL") by Plaintiff SEVEN Networks, LLC ("SEVEN"), (Dkt. No. 518), and Defendant Google, LLC ("Google"), (Dkt. No. 514). The Parties further filed Joint Stipulated Motions *in Limine*. (Dkt. Nos. 513, 575.) The Court held a two-day Pretrial Conference in the above-captioned matter on December 12, 2018 and December 18, 2018. (Dkt. Nos. 577, 585.) This Order summarizes and memorializes the Court's rulings on the aforementioned motions as announced into the record. It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court.

### AGREED MOTIONS *IN LIMINE*

The following motions are **GRANTED-BY-AGREEMENT OF THE PARTIES**:

Agreed MIL No. 1: Neither party will reference in front of the jury at trial the fact that any expert's opinions were excluded as the result of a motion to strike.

Agreed MIL No. 2: Neither party will reference in front of the jury at trial Google's challenges to venue in the Eastern District of Texas before this Court or the Federal Circuit.

1

Agreed MIL No. 3: Neither party will reference in front of the jury at trial the settlement negotiations between SEVEN on the one hand, and Samsung, Google, or ZTE on the other hand.

Agreed MIL No. 4: Neither party will reference in front of the jury at trial rejected claim constructions. This agreement does not apply to terms for which the Court did not adopt either party's proposed constructions, but instead, introduced a new construction.

Agreed MIL No. 5: Neither party will reference in front of the jury at trial any alleged discovery violations by the other party.

Agreed MIL No. 6: Neither party will reference in front of the jury at trial products previously accused of infringement (i.e. Google Play), dropped patents, and/or dropped claims.

Agreed MIL No. 7: SEVEN will not argue it is entitled to damages based on lost profits.

Agreed MIL No. 8: SEVEN will not reference in front of the jury at trial any allegations that Google was made aware of the asserted patents through RPX.

Agreed MIL No. 9: SEVEN will not reference in front of the jury at trial the Google Patents website (patents.google.com) or the existence of the Asserted Patents on the Google Patents website (patents.google.com).

## PLAINTIFF SEVEN'S OPPOSED MOTIONS *IN LIMINE*

SEVEN MIL No. 1: Google should not be permitted to present argument or testimony to suggest that any claim is indefinite or to raise claim-construction issues that were not raised during the claim construction process.

This motion *in limine* is **DENIED**. (Dkt. No. 582 at 52:6–19.)

SEVEN MIL No. 2: Google should not be permitted to mention reasonable-royalty opinions in any other litigation, including, without limitation, *SEVEN Networks, LLC v. Samsung*

*Elecs. Am., Inc*., No. 2:17-CV-441-JRG (E.D. Tex.) or *SEVEN Networks, LLC v. ZTE (USA) Inc*., No. 3:17-CV-1495 (N.D. Tex).

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party shall be permitted to reference the opinions or testimony of its experts that were offered in other litigations, including, without limitation, *SEVEN Networks, LLC v. Samsung Elecs. Am., Inc*., No. 2:17-CV-441-JRG (E.D. Tex.) or *SEVEN Networks, LLC v. ZTE (USA) Inc*., No. 3:17-CV-1495 (N.D. Tex), without first approaching the bench and seeking leave of the Court. (Dkt. No. 582 at 19:24–22:22.)

SEVEN MIL No. 3: Google should not be permitted to present prior-art references that do not predate the asserted patents.

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 582 at 52:20–53:4.)

SEVEN MIL No. 4: Google should be permitted to present evidence regarding discussions and negotiations related to acquiring SEVEN that did not culminate in acquisition.

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 582 at 54:1–15.)

SEVEN MIL No. 5: Google should not be permitted to present evidence that SEVEN or the inventors of the Asserted Patents had a duty to conduct a patentability search or to look for prior art before filing patent applications.

This motion *in limine* is **GRANTED**. Google may approach the bench and seek leave of the Court if it intends to elicit testimony regarding whether SEVEN conducted patentability searches or looked for prior art before filing patent applications. (Dkt. No. 582 at 56:4:–17.)

SEVEN MIL No. 6: Google should not be permitted to present evidence of non-infringing alternatives through lay witnesses, including, without limitation, Dianne Hackborn and Chris Sadler.

This motion *in limine* is **GRANTED**. (Dkt. No. 582 at 71:13–72:17.)

SEVEN MIL No. 7: Google should not be permitted to make any references regarding matters reserved only for the Court's determination, e.g., inequitable conduct.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party will refer to, or argue, inequitable conduct before the jury, and neither party will introduce evidence solely relevant to inequitable conduct during the jury phase of the case. (Dkt. No. 575.)

SEVEN MIL No. 8: Google should not be permitted to make any comments, suggestions, or implications that filing patent applications or amending claims of a pending patent application is improper.

This motion *in limine* is **DENIED**. (Dkt. No. 582 at 61:24–62:3.)

SEVEN MIL No. 9: Google should be precluded from using argumentative royalty terms including, without limitation, "royalty stacking," "lock in," and "hold up."

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party will introduce evidence, argument, or testimony related to "royalty stacking," "lock in," or "hold up." For clarity, this agreement will not preclude Google from arguing (1) that the Patents-in-Suit are not entirely responsible for the ability of the Accused Products to preserve battery life; (2) that there are many other power-management technologies that extend battery life; (3) that the Android operating system in particular has made significant contributions to improving mobile devices' battery life that are unrelated to the patents-in-suit; and/or (4) Google has also made significant contributions to improving the battery life of mobile devices, as evidenced by its patented inventions in this area. Google will not introduce evidence, argument, or testimony that

it is paying for technologies related to the above categories or any other technologies related to those at issue in this lawsuit. (Dkt. No. 575.)

SEVEN MIL No. 10: Google should be precluded from making any reference to post-grant USPTO proceedings regarding any of the asserted patents.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that before either party references USPTO proceedings, the party will approach the bench and seek leave of Court. (Dkt. No. 582 at 18:17–19:22.)

SEVEN MIL No. 11: Google should be precluded from making any criticism of the performance, reliability, or credibility of the USPTO or the examiners who work at the USPTO, reference to any "backlog" at the USPTO, reference to issuance of "bad patents," or other similar evidence or comments.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that no glorifying or criticizing the performance, reliability, or credibility of the USPTO or the examiners that work at the USPTO shall be permitted by either party. This shall not limit making mere factual representations consistent with the video provided by the Federal Judicial Center entitled, "The Patent Process: An Overview for Jurors." (Dkt. No. 575.)

SEVEN MIL No. 12: Neither party should be permitted to make any reference to any expert's "win/loss" record, retention of any expert by counsel in other matters, how often juries agree with any expert in other matters, or any expert work in other matters.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party shall be permitted to reference the any expert's "win/loss" record, retention of any expert by counsel in other matters, how often juries agree with any expert in other matters, or any expert work in other matters including, without limitation, *SEVEN Networks, LLC v. Samsung*

*Elecs. Am., Inc.*, No. 2:17-CV-441-JRG (E.D. Tex.) or *SEVEN Networks, LLC v. ZTE (USA) Inc.*, No. 3:17-CV-1495 (N.D. Tex), without first approaching the bench and seeking leave of the Court. (Dkt. No. 582 at 19:24–22:22.)

## DEFENDANT GOOGLE'S OPPOSED MOTIONS *IN LIMINE*

Google MIL No. 1: SEVEN should be precluded from offering any testimony (including expert opinions), evidence, or argument regarding the total sales or revenues, total ad revenue, total unit sales, profits, size, advertising budget, or financial worth of Google, including Google's total and average revenues and profits from online transactions unrelated to the accused battery technologies in certain Nexus and Pixel products.

This motion *in limine* is **GRANTED**. (Dkt. No. 582 at 38:4–10.)

Google MIL No. 2: SEVEN should be precluded from asserting that Google's alleged infringement harmed SEVEN's business.

This motion *in limine* is **GRANTED**. If SEVEN believes that in order to tell its story to the jury it must go beyond the evidence that Google's products practice the claims of their patents and infringe those claims, then SEVEN may approach the bench and seek leave of the Court. (Dkt. No. 582 at 43:12–45:19.)[1]

Google MIL No. 3: SEVEN should be precluded from calling ten Marshall-based witnesses at trial who do not have any knowledge of facts relevant to the case.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will call Donna Maisel only if (i) Google presents an argument that would require Ms.

---

[1] The parties proposed that they work together to reach an agreement on this particular motion *in limine* and approach the Court once such agreement has been made. Until such agreement has been made by the parties, the aforementioned ruling on Google MIL No. 2 shall stand. (Dkt. No. 582 at 46:1–21.)

6

Maisal's testimony; (ii) SEVEN notifies Google that it intends to call Ms. Maisel as a witness; and (iii) the parties approach the bench to seek leave before SEVEN calls Ms. Maisel as a witness. In addition, the parties agree that SEVEN will call one of two SEVEN employees, either Fontagne Paxton or Christian Sandlin, and SEVEN will notify Google when it determines which of these two witnesses it intends to call at trial. (Dkt. No. 582 at 15:15–18:11.)

Google MIL No. 4: SEVEN should be precluded from introducing evidence or argument that it practices or practiced its own patents.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will not argue or present evidence that it practices or has practiced the asserted patents. SEVEN can assert that it practices or practiced other SEVEN patents, and Google can assert that it practices or practiced other Google patents. (Dkt. No. 575.)

Google MIL No. 5: SEVEN should be precluded from arguing that GreenPower and JuiceDefender do not disclose every limitation of claims 17, 21, and 27 of the '129 patent.

This motion *in limine* is **DENIED**. (Dkt. No. 582 at 79:8–9.)

Google MIL No. 6: SEVEN should be precluded from mentioning its suits asserting patent infringement by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., Case No. 2:17-cv-441-JRG (E.D. Tex. May 17, 2017) or by ZTE (USA) Inc. and ZTE Corporation, Case No. 2:17-cv-440-JRG (E.D. Tex. May 17, 2017).

This motion *in limine* was **WITHDRAWN**. (Dkt. No. 582 at 46:23–47:6.)

Google MIL No. 7: Google, Samsung, and ZTE have entered into a joint defense agreement in light of the present SEVEN litigation. Discussion of that agreement or any cooperation between these parties in connection with the SEVEN litigation should be precluded.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party shall be permitted to reference the joint defense agreement between Google, Samsung, and ZTE in connection with this matter unless the party first approaches the bench and seeks leave of the Court. (Dkt. No. 582 at 24:2–10.)

Google MIL No. 8: SEVEN should be precluded from offering evidence or argument regarding Android products that are not offered by Google and not accused in this case, including any suggestion that these products may infringe or that Google is liable for these products.

This motion *in limine* is **GRANTED-AS-AGREED**. (Dkt. No. 582 at 79:12–19.)

Google MIL No. 9: SEVEN should be precluded from referencing other legal proceedings against Google as well as irrelevant and prejudicial media reports about Google.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will not reference other legal proceedings against Google and irrelevant and prejudicial media reports about Google. Google will not reference other legal proceedings against SEVEN and irrelevant and prejudicial media reports about SEVEN. (Dkt. No. 575.)

Google MIL No. 10: SEVEN should be precluded from arguing that its irrelevant achievements are evidence of non-obviousness of the asserted patents.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will not introduce its awards or past achievements as evidence of non-obviousness. Both parties will be permitted to generally talk about their reputation, awards, and achievements. (Dkt. No. 575.)

Google MIL No. 11: SEVEN should be precluded from offering evidence or argument regarding an alleged conception date before the priority date of the asserted patents.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will not argue a conception date earlier than the earliest filing date of the asserted patents. However, SEVEN will be permitted to tell its inventors story, including the fact that the inventors may have had the idea before the earliest filing date. (Dkt. No. 582 at 22:23–23:20.)

<u>Google MIL No. 12</u>: The parties should be precluded from making any reference to an expert's other affiliations with a party or law firm representing one of the parties on matters not relating to the asserted patents.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that neither party shall be permitted to reference an expert's other affiliations with a party or law firm representing one of the parties on matters not relating to the asserted patents without first approaching the bench and seeking leave of the Court. (Dkt. No. 582 at 19:24–22:22.)

<u>Google MIL No. 13</u>: The Court should preclude any arguments or evidence that SEVEN's past damages are more than $21.6M, the maximum damages figure provided by its damages expert Mr. Napper.

This motion *in limine* is **GRANTED-AS-AGREED**. In particular, the parties agree that SEVEN will not argue that Mr. Napper's two damages figures are additive or that SEVEN's past damages exceed $21.6 million. (Dkt. No. 575.)

**So ORDERED and SIGNED this 17th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE